# EXHIBIT A

EDTECH
LAW CENTER

JULIE LIDDELL
737.351.5855 | julie.liddell@edtech.law

*via FedEx*
Curriculum Associates, LLC
c/o Geoff Baker, Associate General Counsel
153 Rangeway Road
North Billerica, MA 01862

Pursuant to Mass. Gen. Laws ch. 93A section 9(3), Nicki Reisberg, on behalf of herself and her minor children L.R. and T.R., presents the following written demand for relief for Curriculum Associates's violations of the Massachusetts Consumer Protection Act ("MCPA"). This letter describes the unfair and deceptive acts and practices upon which Ms. Reisberg relied and the injuries they suffered.

## I. Factual Background

### A. Curriculum Associates has amassed vast troves of student data through its K-12-marketed products, which it uses for commercial purposes.

Curriculum Associates generates, collects, and otherwise obtains personal information belonging to, from, and about tens of millions of school-aged children in the U.S. Among those children are Ms. Reisberg's children, who were required to use Curriculum Associates's products at school. Although Curriculum Associates does not disclose a complete list of the data it generates and takes from children, there is reason to believe they collect at the least the following:

a. **Student information**
    i. student first and last name;
    ii. date of birth;
    iii. gender;
    iv. ethnicity or race;
    v. student identification number;
    vi. student school or class enrollment;
    vii. student grade level;
    viii. teacher name;
    ix. English language learner status, and;
    x. eligibility for free- or reduced-price lunch.
b. **Activity metrics**
    i. How often students access Curriculum Associates' products
    ii. How long students use Curriculum Associates' products
    iii. Navigation patterns, or the way in which students navigate through Curriculum Associates' products
    iv. Records of how students interact with interface elements within Curriculum Associates' products

    v. Information about when and how long students' sessions last
  c. **Content interaction**
    i. The specific pages or screens a student visits
    ii. The types of content a student consumes
    iii. The searches performed by a student
    iv. Files downloaded or uploaded by a student
  d. **Student assessment data**
    i. Students' raw scores on assessments
    ii. Students' scaled scores on assessments
    iii. Percentile ranks showing how a student's performance compares to others'
    iv. Performance level indicating a student's mastery of the assessed content or skills
    v. Subscores for individual subjects or skills
    vi. Item-level data about how a student responded to individual items
    vii. Longitudinal assessment data showing student growth over time
    viii. Accommodations provided to the student during the assessment
    ix. Date, time, and location the student performed the assessment
    x. Data-generative "insights" or purported predictions regarding student progress, performance, and proficiency
  e. **Device and usage data**
    i. Child User Data: IP address, device identifier, device type,
    ii. Device Information: Unique device identifiers, browser type/settings, operating system
    iii. Location Information: IP address, geolocation information
    iv. Third-Party Data: Data collected by platforms students access through Curriculum Associates products

  Curriculum Associates uses this student data for a variety of commercial purposes, including, but not limited to, developing, improving, disseminating, and maintaining its products; generating purported "insights" about a child's interests and aptitudes; and sharing that data and data-derived products with third parties for profit. Curriculum Associates and third parties use student data, including that of Ms. Reisberg's children, to build highly detailed and intimately personal dossiers of children, including their preferences, behaviors, and aptitudes, which they use to generate myriad purported predictions about a child's life and market to decision-makers, including schools.

  **B. Ms. Reisberg did not consent to Curriculum Associates's collection and use of her children's personal information.**

  Ms. Reisberg did not provide effective consent to Curriculum Associates's collection and use of her children's personal information for any purpose, let alone commercial purposes. Curriculum Associates never notified Ms. Reisberg that her children were using Curriculum Associates products. Ms. Reisberg was never provided terms regarding Curriculum Associates's data practices, such as what of their personal information that Curriculum Associates is collecting, how it is used, who else can access and has accessed it, or the risks of harm those practices pose to Ms. Reisberg and her children. Further, Ms. Reisberg's children's use of Curriculum Associates's products was not optional, nor were

2

they provided adequate consideration in exchange for their valuable personal information.

Curriculum Associates refused to provide Ms. Reisberg and her children information relating to or arising from collection or use of their data, Furthermore, as of the date of this filing, Ms. Reisberg and her children's school has been unable to provide Ms. Reisberg and her children any such information. Thus, Ms. Reisberg and her children did not consent to Curriculum Associates's data practices or any other terms in Curriculum Associates's contracts of adhesion. Any purported consent was not informed, was not provided by a person with proper authority, was not voluntary, was not supported by adequate consideration, and was not commensurate with Curriculum Associates's level of surveillance and profiteering.

### C. Curriculum Associates denied Ms. Reisberg and her children access to, review of, and control over their data.

Ms. Reisberg requested access to the data Curriculum Associates had collected from her children. Curriculum Associates refused to provide them access to their own data, instead advising that "[p]arents or legal guardians of students should contact their students' schools to request student data." However, Ms. Reisberg's school was unable to provide her access that that data.

On information and belief, Curriculum Associates has a policy of denying parents access to the data it collects about children and instead advising parents to request access through their school administrators. On information and belief, schools do not have access to or control over all of the data that Curriculum Associates collects from and about students. Curriculum Associates may not absolve itself of its duty to provide parents access to their children's data by unilaterally purporting to shift that duty to schools.

### D. Curriculum Associates makes false and misleading statements about its data practices on which it intends the public, school personnel, and parents to rely.

Curriculum Associates makes false and misleading statements about its data practices and its commitment to privacy, as illustrated in their Privacy Statement:[1]

Home / Support / Privacy

# Curriculum Associates' Commitment to Privacy

Last Modified: January 1, 2023

Curriculum Associates takes the protection of data and information, particularly student data, very seriously. As part of its commitment to

Curriculum Associates repeatedly and falsely states that it "takes the protection of data and information, particularly student data, very seriously."[2] Curriculum Associates does not respect users'

---

[1] https://www.curriculumassociates.com/support/privacy
[2] https://www.curriculumassociates.com/support/privacy;

3

privacy, as evidenced by its invasive and surreptitious data practices described herein.

Curriculum Associates falsely states that it "handles customer data in a manner consistent with applicable laws and regulations, including, without limitation, the Federal Family Educational Rights and Privacy Act (FERPA) . . . ."[3] In its "i-Ready® Platform Data Handling and Privacy Statement," it states that it receives personal information "under the 'school official' exception under FREPA.[4] But Curriculum Associates does obtain and use student data as contemplated by the school-official exception of FERPA. For example:

    a. schools do not control the maintenance and use of the personal information Curriculum Associates collects from children and their parents, including education records;

    b. Curriculum Associates does not only receive students' and parents' personal information from schools: it collects such information directly from students and their parents;

    c. Curriculum Associates does not merely collect users' personal information; it generates such information;

    d. Curriculum Associates generates and collects personal information in excess of student education records as defined by FERPA;

    e. Curriculum Associates generates, collects, and uses data in excess of legitimate educational interests as contemplated by FERPA; and

    f. Curriculum Associates rediscloses personal information to a host of third parties without prior parental consent.

COPPA requires that Curriculum Associates obtain parental consent before it collects a child's personal information. Curriculum Associates misleadingly states that, "[b]ecause i-Ready is only used in the context of school-directed learning, schools are not required to obtain parental consent under COPPA to provide us with this data . . . ."[5] While it is true that COPPA does not require that *schools* obtain parental consent before a company may take children's personal information—as COPPA does not govern schools—COPPA also does not absolve a company of its duty to obtain parental consent solely because it markets its products to schools. Indeed, the COPPA statute and its implementing regulations are silent as to schools.

---

https://www.curriculumassociates.com/support/privacy-and-policies/i-ready-data-handling-privacy
[3] https://www.curriculumassociates.com/support/privacy-and-policies/i-ready-data-handling-privacy
[4] https://www.curriculumassociates.com/support/privacy-and-policies/i-ready-data-handling-privacy
[5] https://www.curriculumassociates.com/support/privacy-and-policies/i-ready-data-handling-privacy

Furthermore, Curriculum Associates falsely states that it "handles customer data in a manner consistent with applicable laws and regulations, including, without limitation . . . other state student data privacy protection laws."[6] In fact, Curriculum Associates handles students' personal information in a manner that violates numerous provisions of COPPA. For example, with respect to children under 13:

   a. Curriculum Associates fails provide parents complete, understandable notice of its data practices;

   b. Curriculum Associates fails to obtain parental consent before taking and using children's personal information;

   c. Curriculum Associates falsely advises schools that they are authorized to consent to Curriculum Associates's taking of children's personal information in lieu of parents under COPPA;

   d. Curriculum Associates collects more personal information from children than is necessary for children to participate in school activities facilitated by Curriculum Associates;

   e. Curriculum Associates retains children's personal information for longer than is necessary to fulfill the stated purposed for which the information was collected; and

   f. Curriculum Associates fails to provide parents access to the personal information it has collected from their children.

Curriculum Associates falsely states that schools own all student data that Curriculum Associates obtains.[7] Schools do not own student data that Curriculum Associates generates and takes from and about students; students own student data, which schools have a limited right to access for educational purposes.

Curriculum Associates falsely states that it "collects and uses 'de-identified student data" and that "there is no reasonable basis to believe that the information can be used to identify individual students."[8] Student data obtained by Curriculum Associates may be and is used to identify individual students.

Curriculum Associates falsely states that it "will not require a School or Child to disclose more information than is reasonably necessary to use our Services."[9] Curriculum Associates obtains far more information than is reasonably necessary to provide children and schools education services, including

---

[6] https://www.curriculumassociates.com/support/privacy-and-policies/i-ready-data-handling-privacy
[7] https://www.curriculumassociates.com/support/privacy-and-policies/i-ready-data-handling-privacy
[8] https://www.curriculumassociates.com/support/privacy-and-policies/i-ready-data-handling-privacy
[9] https://www.Curriculum Associates.com/policies/coppa-privacy

data obtained to develop and market the products of Curriculum Associates and myriad third parties.

Curriculum Associates falsely states that it adheres to the Student Privacy Pledge.[10] The Privacy Pledge contains a number of privacy commitments, including:

a. "We will not collect, maintain, use or share Student PII beyond that needed for authorized educational/school purposes, or as authorized by the parent/student."

b. "We will not sell student PII."

c. "We will not use or disclose student information collected through an educational/school service (whether personal information or otherwise) for behavioral targeting of advertisements to students."

d. "We will not build a personal profile of a student other than for supporting authorized educational/school purposes or as authorized by the parent/student."

e. "We will disclose clearly in contracts or privacy policies, including in a manner easy for institutions and parents to find and understand, what types of Student PII we collect, if any, and the purposes for which the information we maintain is used or shared with third parties."

f. "We will support access to and correction of Student PII by the student or their authorized parent[.]"

g. "We will incorporate privacy and security when developing or improving our educational products, tools, and services and comply with applicable laws."[11]

Curriculum Associates does not adhere to these commitments as described herein.

Curriculum Associates intends that the public—including school personnel and parents—rely on these statements in determining whether and how to use its products. Parents rely on these statements directly and/or indirectly through their school administrators, who rely on these misrepresentations in deciding to utilize Curriculum Associates's products. If school personnel had not been deceived as to Curriculum Associates's data practices, they would not have subjected students to those practices. Schools' use of Curriculum Associates's products thus permits an inference that they relied on Curriculum Associates's material, false representations about Curriculum Associates's data practices.

Further, these false and misleading statements were likely to mislead and deceive the public and harm the public interest. The public has an interest in preventing children from Curriculum Associates's exploitative data practices, especially while attending school and engaging in school

---

[10] https://www.curriculumassociates.com/support/privacy-and-policies/i-ready-data-handling-privacy

[11] Student Privacy Pledge, K-12 School Service Provider Pledge to Safeguard Student Privacy 2020, https://studentprivacypledge.org/privacy-pledge-2-0/.

6

activities, such as completing assignments.

## II. Ms. Reisberg and her children's Legal Claim Under the MCPA

Among the stated purposes of the MCPA is to declare unlawful "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Mass. Gen. Laws ch. 93A § 2.

At all times relevant to the events described here, Curriculum Associates was a "person who engages in any trade or commerce" as those terms are defined under Mass. Gen. Laws ch. 93A. Curriculum Associates violated the MCPA by engaging in and by deceptive, untrue, or misleading advertising. In violation of the MCPA, Curriculum Associates's conduct cited herein is ongoing and includes, but is not limited to, statements made by Curriculum Associates in its information privacy and confidentiality practices.

By engaging in the acts and practices described herein, Curriculum Associates violated Ms. Reisberg's children's privacy by exploiting their personal data in ways that Ms. Reisberg could not have anticipated. Ms. Reisberg's children's interests were also violated through Curriculum Associates's deceptive acts.

As a result, Ms. Reisberg's children have suffered injury-in-fact and have lost money and/or property as described herein. Such loss includes, but is not limited to, the insertion of tracking technologies on their electronic devices, the invasion of personal privacy, and lost value of their personally identifiable information and other data.

### A. Curriculum Associates's conduct is unlawful.

Curriculum Associates's business acts and practices are unlawful in that they violate or constitute:

- Children's Online Privacy Protection Act, 15 U.S.C. § 6502 (COPPA);
- Electronic Communications Privacy Act, 18 U.S.C. § 2511(1) (ECPA);
- common-law trespass to chattels;
- common-law conversion; and
- right to privacy.

Curriculum Associates's conduct violated the spirit and letter of these laws, which protect property, economic and privacy interests, and prohibit misleading and deceptive practices, including the unauthorized disclosure and collection of private communications and personal information.

7

### B. Curriculum Associates's conduct is unfair and unconscionable.

Massachusetts has a strong public policy of protecting consumers' privacy interests. Curriculum Associates's conduct is unfair because it violated this public policy by, among other things, surreptitiously collecting Ms. Reisberg's children's personal information, accessing, and copying Ms. Reisberg's children's private data, disclosing and transferring that data to third-party affiliates, and storing and using that data for its own commercial purposes, all without Ms. Reisberg's consent.

Curriculum Associates's also violated the interests protected by COPPA, ECPA, Massachusetts Right to Privacy Law (Mass. Gen. Laws, ch. 214 § 1B), and Massachusetts's common law protections against conversion and trespass to chattels.

Curriculum Associates's business acts and practices are unconscionable because they cause harm and injury in fact to Ms. Reisberg and her children, and for which Curriculum Associates has no justification other than to increase, beyond what Curriculum Associates would have otherwise realized, the value of its information assets through the acquisition of users' personal information through its development and sale of data-derivative products, and through its granting access to personal information by its third-party affiliates for commercial purposes.

Curriculum Associates collected, used, and disclosed Ms. Reisberg's children's personal information without their knowledge and consent. Ms. Reisberg and her children could not have anticipated this degree of intrusion into their privacy. Curriculum Associates's conduct is immoral, unethical, oppressive, unscrupulous, and substantially injurious to Ms. Reisberg and her children.

Curriculum Associates's conduct lacks reasonable and legitimate justification in that Curriculum Associates has benefited from such conduct and practice while Ms. Reisberg and her children have been misled as to the nature and integrity of Curriculum Associates's services. They have suffered material disadvantage regarding their interests in the privacy and confidentiality of their personal information.

Curriculum Associates's conduct offends public policy in Massachusetts as embodied in the state constitutional right of privacy and Massachusetts's statutes, including the Massachusetts Right to Privacy Law (Mass. Gen. Laws, ch. 214 § 1B).

### C. Curriculum Associates's conduct is deceptive.

Curriculum Associates's acts and practices are deceptive within the meaning of the MCPA, because they mislead Ms. Reisberg and her children concerning the collection and use of their data and personally identifiable information, as described in detail herein.

Ms. Reisberg and her children have suffered injury in fact, including the loss of money and/or property, as a result of Curriculum Associates's unfair, unlawful, and/or fraudulent practices. Ms. Reisberg's children's private and personally identifiable data has tangible value as demonstrated by its use by Curriculum Associates in their profitable suite of data-derivative products. Ms. Reisberg's children have suffered harm in the form of diminution of the value of their private and personally identifiable data and content and loss of their property right to control the dissemination and use of their personal information and communications.

8

Curriculum Associates further misappropriated Ms. Reisberg's children's property by collecting, storing, and using personal information from Curriculum Associates's "i-Ready" products, including data-derived products it used and sold to third parties for commercial purposes and gain.

### D. Ms. Reisberg's children were harmed by Curriculum Associates's collection and use of their data.

Curriculum Associates's data practices harmed Ms. Reisberg's children in a number of material if often opaque ways. Because Curriculum Associates refuses to disclose information critical to a meaningful understanding its data practices, discovery through legal action is necessary to fully understand and identify the nature and details of these harms. At minimum, Curriculum Associates harmed Ms. Reisberg's children by: invading their privacy; diminishing the value of their data; denying them access to their own data; denying them control over their own data; using their data to build intimate digital dossiers about them, and by using and disclosing those dossiers to untold third parties for untold purposes.

Curriculum Associates also harmed Ms. Reisberg's children by subjecting them to unfair, deceptive practices that have prevented them from understanding the full extent of how they may have been harmed by those practices. And Curriculum Associates further harmed Ms. Reisberg's children by failing to compensate them for their property or labor, which it has used to fuel its highly lucrative business. Ms. Reisberg is not fully aware of how her children have been harmed by Curriculum Associates's nonconsensual data practice because Curriculum Associates has denied them access to the information necessary to determine the full extent of those harms.

Ms. Reisberg's children's private and personally identifiable data was taken and exploited without effective consent. Accordingly, Ms. Reisberg's children are entitled to disgorgement of Curriculum Associates's profits that were generated from their private and personally identifiable data without effective consent.

Ms. Reisberg and her children demand all compensation allowed under the law for Curriculum Associates's unfair and deceptive business practices and the harms they caused as described in this letter and as may be further developed in contemplated legal action. Ms. Reisberg and her children seek all monetary and non-monetary relief allowed by law, including disgorgement and restitution of all profits and benefits stemming from Curriculum Associates's unconscionable and deceptive business practices; declaratory relief; reasonable attorneys' fees and costs under Mass. Gen. Laws Ann. ch. 93A; injunctive relief; and other appropriate equitable relief.

Regards,

/s/ Julie U. Liddell, Esq.