## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| M.C. 1 and M.C. 2, by and through their legal guardian NICOLE REISBERG, and M.C. 3 and M.C. 4, by and through their legal guardian LILA BYOCK, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>CURRICULUM ASSOCIATES, LLC,<br><br>    Defendant. | Civ. No. 1:25-cv-13942-FDS |

## AFFIDAVIT OF MATTHEW D. BROWN IN SUPPORT OF DEFENDANT CURRICULUM ASSOCIATES, LLC'S MOTION FOR PROTECTIVE ORDER

I, Matthew D. Brown, declare as follows:

1.    I am a partner at the law firm of Cooley LLP and counsel of record for Defendant Curriculum Associates, LLC ("Curriculum Associates") in the above-captioned action. I am licensed to practice law in the state of California and have been admitted *pro hac vice* to practice before this Court. I submit this affidavit in support of Curriculum Associates' Motion for a Protective Order. This affidavit is based on my personal knowledge, and if called as a witness to testify to its contents, I could and would completely testify thereto.

2.    On May 21, 2026, my colleague, Stephanie Schuyler, emailed Plaintiffs' counsel informing them that Curriculum Associates receives data deletion requests in the ordinary course of business and asked whether Plaintiffs agreed that Curriculum Associates could continue to comply with those requests during the pendency of the litigation. Plaintiffs' counsel responded by asking whether the requests originated from parents, schools, or school districts. When Ms.

1

Schuyler asked why the source of the request was relevant, Plaintiffs' counsel appeared to take the position that Curriculum Associates could only comply with deletion requests originating from a parent but could not comply with deletion requests originating from a school or school district.

3.      On June 18, 2026, after Curriculum Associates had received deletion requests from two customers, Ms. Schuyler emailed Plaintiffs' counsel to request a meet-and-confer.

4.      On June 22, 2026, the Parties participated in a videoconference that lasted approximately 40 minutes.  Naomi Miyeko Harralson May, Stephanie Schuyler, Kelton N. Sahagian, and I attended the meet-and-confer on behalf of Curriculum Associates.  Karen Dahlberg O'Connell and Julie Liddell attended on behalf of Plaintiffs.

5.      During the June 22, 2026 conference, I advised Plaintiffs' counsel of the deletion requests and explained that state laws require Curriculum Associates to delete data upon requests from schools and school districts and asked Plaintiffs' counsel to confirm that they did not object to Curriculum Associates honoring the requests during the pendency of this litigation.  Plaintiffs' counsel appeared to take the position that their interpretation of Curriculum Associates' duty to preserve information in this case trumps those state laws.

6.      As to deletion requests from parents, Plaintiffs' counsel initially reiterated their position that Curriculum Associates could comply with those.  Plaintiffs' counsel then reversed course, asserting that Curriculum Associates could not comply with parental deletion requests unless it first informed the parent of this litigation and the potential implications of data deletion on the merits of Plaintiffs' case.  Plaintiffs' counsel further insisted that they should have input into the substance of any such communication to parents.

7.      With respect to deletion requests originating from schools or school districts, Plaintiffs' counsel initially proposed a compromise: Curriculum Associates could delete data

2

subject to a school or school district deletion request, provided it retained deletion logs detailing the categories of data collected, the number of students affected, and the length of the retention period. When we sought clarification as to what information would be sufficient for such logs, Plaintiffs' counsel abandoned that compromise. They instead took the position that, before complying with any school or school district deletion request, Curriculum Associates must first notify Plaintiffs of each request and provide them with the specific categories of data currently retained for the relevant school or school district and the number of students affected, so that Plaintiffs could evaluate whether compliance with the request would be appropriate.

8.      In a subsequent email, Plaintiffs' counsel clarified that their proposed compromise would require Curriculum Associates to identify, for each request, the specific categories of data subject to the request; the volume of data; the time period each category of data was collected; and whether each category of data was transferred, sold, or otherwise disclosed to a third party and, if so, the identity of the third-party recipient.

9.      At no point did Plaintiffs' counsel identify a single field, record, or piece of student-specific information that would be necessary to their case, and did not explain how retaining the individual records of every student subject to a deletion request would be proportionate to the needs of this litigation.

10.     Plaintiffs' counsel stated that, even if the Parties were to reach a mutually agreeable solution, Curriculum Associates must nevertheless obtain guidance from this Court. Plaintiffs' counsel also stated that the Parties were at an impasse.

I declare under penalty of perjury that the foregoing is true and correct. Executed on July 7, 2026 in San Francisco, California.

/s/ Matthew D. Brown
Matthew D. Brown

3

**<u>CERTIFICATE OF SERVICE</u>**

I, Matthew D. Brown, hereby certify that on this 7th day of July 2026, the foregoing document, filed through the ECF system, will be sent electronically to the registered participants on the Notice of Electronic Filing, and paper copies will be sent to any non-registered participants.

*/s/ Matthew D. Brown*
Matthew D. Brown

4