# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

M.C. 1 and M.C. 2, by and through their
legal guardian NICOLE REISBERG, and
M.C. 3 and M.C. 4, by and through their
legal guardian LILA BYOCK,
individually and on behalf of all others
similarly situated,

        Plaintiffs,

v.

CURRICULUM ASSOCIATES, LLC,

        Defendant.

Civ. No. 1:25-cv-13942-FDS

### DEFENDANT CURRICULUM ASSOCIATES, LLC'S
### MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PROTECTIVE ORDER

**TABLE OF CONTENTS**

I.     INTRODUCTION......................................................................................................... 1

II.    FACTUAL BACKGROUND..................................................................................... 1

       A.     Curriculum Associates Has Contractual and State-Law Obligations to Delete
              Student Data Upon Request............................................................................. 1

       B.     Plaintiffs Proposed Then Abandoned a Deletion Log. ..................................... 3

III.   LEGAL STANDARDS ............................................................................................. 4

IV.    ARGUMENT.............................................................................................................. 4

       A.     The Records at Issue Are Cumulative, and Preservation Is Disproportionate
              to the Needs of This Case................................................................................ 4

       B.     A Deletion Log Preserves All Probative Information and Poses a
              Proportional Burden........................................................................................ 6

       C.     A Protective Order Would Spare a Needless Breach of Contractual and
              State-Imposed Deletion Obligations................................................................ 7

V.     CONCLUSION ......................................................................................................... 7

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Gardner v. Cape Cod Healthcare, Inc.*,
   344 F.R.D. 127 (D. Mass. 2023)........................................................................................4

*Greenberg v. PATHS Program Holding, LLC (MA)*,
   2023 WL 3868318 (D. Mass. June 7, 2023) ......................................................................7

*Rimkus Consulting Group, Inc. v. Cammarata*,
   688 F. Supp. 2d 598 (S.D. Tex. 2010) ..............................................................................4

*Zubulake v. UBS Warburg LLC*,
   220 F.R.D. 212 (S.D.N.Y. 2003) ......................................................................................4

**Statutes**

Ariz. Rev. Stat. § 15-1043(D)(2)(e)..........................................................................................2

Cal. Educ. Code § 49073.1(b)(7)(A) .........................................................................................2

Colo. Rev. Stat. § 22-16-110(2)................................................................................................2

Conn. Gen. Stat. § 10-234cc .....................................................................................................2

Del. Code Ann. tit. 14, § 8104A(2)............................................................................................2

N.Y. Comp. Codes R. & Regs. tit. 8, § 121.6(a)(7)...................................................................2

Tex. Educ. Code § 32.156..........................................................................................................2

Utah Code Ann. § 53E-9-309 ....................................................................................................2

**Other Authorities**

Fed. R. Civ. P. 26.............................................................................................................. *passim*

The Sedona Conference, *The Sedona Conference Commentary on Proportionality*
   *in Electronic Discovery*, 18 Sedona Conf. J. 141 (2017)..................................................5

## I.    INTRODUCTION

Defendant Curriculum Associates, LLC ("Curriculum Associates") respectfully moves for a limited protective order confirming that it may continue to honor requests from schools and school districts to delete student data pursuant to its state law and contractual obligations, provided that it maintains a log documenting the categories of data deleted, the number of students affected, and the applicable retention period.  The claims in this case do not turn on data related to any individual student.  Under Plaintiffs' theory, the case turns on whether Curriculum Associates obtained valid consent to collect defined categories of student data—and what it did with data within those categories.  A deletion log captures precisely that information.

Retaining the underlying individual records would add nothing of value to what the log provides.  And it would force Curriculum Associates to breach deletion obligations imposed by state law and contract—to preserve records that would not advance any claim or defense.  Accordingly, the Court should enter the proposed protective order.

## II.    FACTUAL BACKGROUND

### A.  Curriculum Associates Has Contractual and State-Law Obligations to Delete Student Data Upon Request.

Curriculum Associates contracts with schools and school districts to provide its educational software and services.  Compl. ¶ 43.  Those contracts require the deletion of student data upon request from the school, and in some instances automatically upon the expiration of the contract.  *See, e.g.*, Affidavit of Demetrios Lazarikos ("Lazarikos Aff."), Ex. A at Ex. G (New York) § 10; Ex. C at § 20(j).  These contractual provisions are often mandatory under applicable state law.  In fact, numerous states require educational technology providers like Curriculum Associates to return or delete student data upon a school's request and/or upon completion of a contract, even absent an express contractual provision requiring it to do so.

For example, Utah's student privacy law requires that such contracts include provisions that "govern the deletion of the student data received by the third-party contractor" upon "request of the" school; and further mandates the return or deletion of "all personally identifiable student data under the control of the" school "[a]t the completion of a contract[.]"  Utah Code Ann. § 53E-9-309(2)(c),(5).  New York law similarly requires that such contracts "describe whether, how and when data will be returned to the [school], . . . at the [school's] option and direction, deleted or destroyed by the third-party contractor when the contract is terminated or expires." N.Y. Comp. Codes R. & Regs. tit. 8, § 121.6(a)(7).[1]

In May 2026, Curriculum Associates received deletion requests from Wilson Elementary School in New York and Wayne County School District in Utah.  Lazarikos Aff. ¶¶ 4–5.  The relevant contracts *require* Curriculum Associates to delete student data subject to such a request within a defined period.  *Id*., Ex. A at Ex. G (New York) § 10; Ex. C at § 20(j).

---

[1] Many states have enacted similar laws.  *See, e.g.,* Cal. Educ. Code § 49073.1(b)(7)(A) (contracts must require "[a] certification that a pupil's records shall not be retained or available to the third party upon completion of the terms of the contract" and include "a description of how that certification will be enforced"); Colo. Rev. Stat. § 22-16-110(2) (requiring edtech providers to "destroy [student data] as soon as practicable after the date" a school "requests destruction of a student's [] personally identifiable information"); Conn. Gen. Stat. § 10-234cc (requiring edtech providers to "delete any student information, student records or student-generated content within a reasonable amount of time if a student, parent or legal guardian of a student or local or regional board of education who has the right to control such student information requests the deletion of such student information, student records or student-generated content"); Del. Code Ann. tit. 14, § 8104A(2) (requiring edtech providers to "delete a student's data within a reasonable timeframe not to exceed 45 calendar days if a school district or school requests deletion of data under the control of the school district or school"); Ariz. Rev. Stat. § 15-1043(D)(2)(e) (contracts between schools and edtech providers must "[r]equire the organization to destroy all personally identifiable information when the information is no longer needed for the purposes for which the disclosure was conducted and to specify the time period in which the information must be destroyed"); Tex. Educ. Code § 32.156 (requiring edtech providers to delete "student's covered information under the control of the school district and maintained by the" edtech provider "not later than the 60th day after" "a school district requests deletion").

**B. Plaintiffs Proposed Then Abandoned a Deletion Log.**

During a meet-and-confer videoconference[2], Curriculum Associates advised Plaintiffs of the deletion requests and explained that its contracts and applicable state laws require it to delete data upon receipt of such requests. Affidavit of Matthew D. Brown ("Brown Aff.") ¶ 5. Curriculum Associates requested confirmation that Plaintiffs did not object to its honoring the requests during the pendency of this litigation. *Id.*

Plaintiffs initially proposed to permit Curriculum Associates to delete data subject to a school deletion request, provided it retained deletion logs detailing the categories of deleted data, the number of students affected, and the length of the retention period. *Id.* ¶ 7. When Curriculum Associates sought clarification as to what information would be sufficient for such logs, Plaintiffs then withdrew that proposal and instead asked that Curriculum Associates notify them of *each* incoming deletion request and the source of the request (*e.g.*, a parent, school, or school district), identify the categories and volume of data implicated, and await Plaintiffs' decision—*request by request*—as to whether the deletion could proceed. *Id.* Plaintiffs further maintained that, even if the Parties reached an agreement in principle as to Curriculum Associates' handling of deletion requests, Curriculum Associates would still need to obtain this Court's approval. *Id.* ¶ 10.

At no point did Plaintiffs identify a single field, record, or piece of student-specific information—as opposed to the category collected—that would be necessary to their case, let alone explain how retaining the individual records of every student subject to a deletion request would be proportionate to the needs of this litigation. *Id.* ¶ 9. Plaintiffs stated during the meet-and-confer

---

[2] Matthew D. Brown, Naomi Miyeko Harralson May, Stephanie Schuyler, and Kelton N. Sahagian attended the meet-and-confer on behalf of Curriculum Associates; and Karen Dahlberg O'Connell and Julie Liddell attended on behalf of Plaintiffs. *Id.* ¶ 4. The conference lasted approximately 40 minutes. *Id.*

that the Parties were at an impasse with regard to this issue.  *Id*. ¶ 10.

### III.    LEGAL STANDARDS

To protect against unreasonable discovery and preservation demands, the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c)(1).  Discovery reaches only what is "*relevant* to any party's claim or defense and *proportional* to the needs of the case."  Fed. R. Civ. P. 26(b)(1) (emphasis added).  Rule 26(b)(2)(C) directs courts to limit discovery that is "unreasonably cumulative or duplicative," that "can be obtained from some other source that is more convenient, less burdensome, or less expensive," or that otherwise falls outside Rule 26(b)(1).  Fed. R. Civ. P. 26(b)(2)(C)(i), (iii).  When that showing is made, good cause exists under Rule 26(c) to enter a protective order.  *See Gardner v. Cape Cod Healthcare, Inc.*, 344 F.R.D. 127, 132 (D. Mass. 2023).

These limits also govern document preservation.  A party need not "preserve every shred of paper, every e-mail or electronic document, and every back-up tape," because such a rule "would cripple large corporations."  *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 217 (S.D.N.Y. 2003).  Preservation requirements instead depend on what is "*reasonable*," which in turn depends on whether what was done was "*proportional*."  *Rimkus Consulting Grp., Inc. v. Cammarata*, 688 F. Supp. 2d 598, 613 (S.D. Tex. 2010) (emphasis in original).

### IV.    ARGUMENT

#### A.    The Records at Issue Are Cumulative, and Preservation Is Disproportionate to the Needs of This Case.

The records Plaintiffs would have Curriculum Associates retain are cumulative of information the company has already preserved, and Rule 26 does not require their preservation. That is so for two key reasons.

*First*, the issues in this litigation do not turn on data of any individual student. The gravamen of the Complaint is the contention that Curriculum Associates collected and used certain categories of student data without valid consent, which Plaintiffs contend can only be obtained from parents, not from schools or school districts. The "question at the heart of this case," according to Plaintiffs, is whether Curriculum Associates "obtain[ed] effective consent before taking, using, and disclosing" student information. Compl. ¶ 10. The answer to that question has nothing to do with the particular data of any individual student, and Plaintiffs' assertion to the contrary is antithetical to the notion that their claims can, or should be, litigated on a class basis. Indeed, the relevant evidence is what categories of data were collected under which contracts, and what Curriculum Associates did with data in those categories—*not* the granular records of a particular student.[3]

*Second*, Curriculum Associates' proposed deletion log will enable Plaintiffs to identify precisely what types of records have been deleted. Retaining the records themselves would therefore be cumulative and unnecessary. Rule 26(b)(2)(C)(i) requires that the preservation obligation be limited accordingly. *See* The Sedona Conference, *Commentary on Proportionality in Electronic Discovery*, 18 Sedona Conf. J. 141, 150 (2017) (Principle No. 1) (information of little value or that is not unique need not be preserved).

Because the underlying student records add nothing to the questions this case presents, requiring Curriculum Associates to violate state law and breach its contracts to preserve such information plainly "outweighs [the] likely benefit" of the discovery. Fed. R. Civ. P. 26(b)(1).

---

[3] For example, Plaintiffs have not—and cannot—articulate any meaningful difference between obtaining discovery that shows Curriculum Associates received particular categories of demographic information for 15 students at a school, and obtaining the underlying demographic records for those identifiable students. The former establishes the fact of collection; the latter goes no further on the merits of Plaintiffs' case.

There is therefore good cause to limit Curriculum Associates' preservation obligations where customers have exercised their legal or contractual rights to request the deletion of student data.

      **B.     A Deletion Log Preserves All Probative Information and Poses a Proportional Burden.**

Curriculum Associates proposes to maintain a log that preserves relevant evidence about the *categories* of information schools and school districts request to have deleted.  For each processed deletion request, the log would record: (1) the specific categories of data collected; (2) the number of students whose data is subject to deletion; (3) the time period over which Curriculum Associates retained the data; and (4) the identity of the school or school district making the deletion request and the date thereof.  A log of this kind is sufficient to satisfy any proportional discovery need, and is precisely the "less burdensome" alternative that Rule 26 favors.  Fed. R. Civ. P. 26(b)(2)(C)(i).

Plaintiffs themselves initially recognized as much when they proposed exactly this solution.  But Plaintiffs quickly reversed course, instead demanding a request-by-request review process with veto authority over each deletion.  That arrangement would impose recurring costs as requests accumulate.  Under Curriculum Associates' proposal, the company logs the relevant categorical information for each deletion request and proceeds with deletion of the data.  Plaintiffs' counterproposal would require Curriculum Associates to halt each deletion, submit the request to Plaintiffs for review, await a case-by-case determination, and then seek this Court's approval before acting on any request to which Plaintiffs object, thus converting the procedure into an adversarial pre-clearance process for every incoming request, and risk pushing deletions past the statutory deadlines that state law imposes.[4]

---

[4] Plaintiffs also demanded that Curriculum Associates identify, for each request, the specific categories of data subject to the request; the volume of data; the time period each category of data was collected; and whether each category of data was transferred, sold, or otherwise disclosed to

Plaintiffs have also declined to articulate what criteria would govern their review, or what would distinguish a record that must be preserved from one that may be deleted. A review process whose criteria its own proponent cannot articulate is not a proportional condition.

### C. A Protective Order Would Spare a Needless Breach of Contractual and State-Imposed Deletion Obligations.

State law requires Curriculum Associates to return or delete certain student data on request. Curriculum Associates' contracts with its customers impose parallel requirements. *See* Section II(A), s*upra*. To preserve the records Plaintiffs demand, Curriculum Associates would be required to disregard those commitments to retain records that would not advance any claim or defense in this litigation. Rule 26 does not require preserving information whose cost is not justified by any corresponding benefit. Fed. R. Civ. P. 26(b)(1). That is especially true here, where a log would preserve everything of probative value while permitting Curriculum Associates to honor its deletion obligations.

## V. CONCLUSION

Because Plaintiffs' demand that Curriculum Associates preserve the individual records of every student subject to a deletion request is disproportionate to the needs of this litigation and would require the company to breach its contractual and state law obligations, Curriculum Associates requests that the Court order that it is not required to preserve such data, provided that it retain a deletion log identifying (1) the specific categories of data collected by Curriculum Associates subject to the deletion request; (2) the number of students whose data is subject to the

---

a third party and, if so, the identity of the third-party recipient. Brown Aff. ¶ 8. As to the latter, the proposal would require Curriculum Associates to create records that do not exist. The data that is deleted pursuant to a deletion request does not itself contain information regarding whether it was shared with any third party. *See Greenberg v. PATHS Program Holding, LLC (MA)*, 2023 WL 3868318, at *3 (D. Mass. June 7, 2023) (preservation obligations do not include the obligation to "create, or cause to be prepared, new documents solely for their production").

deletion request; (3) the time period over which Curriculum Associates retained that data; and (4) the identity of the school or school district making the deletion request and the date thereof.

For the foregoing reasons, Curriculum Associates respectfully requests that the Court grant the present Motion.

Respectfully submitted,
Curriculum Associates, LLC
By its attorneys,

COOLEY LLP

Dated: July 7, 2026                    */s/ Matthew D. Brown*
Matthew D. Brown
brownmd@cooley.com
(Admitted *Pro Hac Vice*)
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

Naomi Miyeko Harralson May
nmay@cooley.com
(Admitted *Pro Hac Vice*)
10265 Science Center Drive
San Diego, CA  92121-1117
Telephone: (858) 550-6000
Facsimile: (858) 550-6420

Stephanie J. Schuyler
sschuyler@cooley.com
(Admitted *Pro Hac Vice*)
Erika P. Brigantti Abraham
(Admitted *Pro Hac Vice*)
ebriganttiabraham@cooley.com
55 Hudson Yards
New York, NY  10001-2157
Telephone: (212) 479-6000
Facsimile: (212) 479-6275

Celene C. Chen
celene.chen@cooley.com
500 Boylston Street
Boston, MA  02116-3736
Telephone: (617) 937-2300
Facsimile: (617) 937-2400

## <u>LOCAL RULE 37.1 CERTIFICATION</u>

I, Matthew D. Brown, hereby certify that counsel for the moving party met and conferred both telephonically and by email with counsel for Plaintiffs, that Plaintiffs confirmed that motion practice was required, and that all other provisions of Local Rule 37.1 have been complied with.

*/s/ Matthew D. Brown*
Matthew D. Brown

9

## <u>CERTIFICATE OF SERVICE</u>

I, Matthew D. Brown, hereby certify that on this 7th day of July 2026, the foregoing document, filed through the ECF system, will be sent electronically to the registered participants on the Notice of Electronic Filing, and paper copies will be sent to any non-registered participants.

*/s/ Matthew D. Brown*
Matthew D. Brown
