**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| |
|---|
| M.C. 1 and M.C. 2, by and through their legal guardian NICOLE REISBERG, and M.C. 3 and M.C. 4, by and through their legal guardian LILA BYOCK, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>CURRICULUM ASSOCIATES, LLC,<br><br>      Defendant. |

Civ. No. 1:25-cv-13942-FDS

**AFFIDAVIT OF MATTHEW D. BROWN IN SUPPORT OF DEFENDANT
CURRICULUM ASSOCIATES, LLC'S MOTION TO STAY DISCOVERY**

I, Matthew D. Brown, declare as follows:

1.      I am a partner at the law firm of Cooley LLP and counsel of record for Defendant Curriculum Associates, LLC ("Curriculum Associates") in the above-captioned action. I am licensed to practice law in the state of California and have been admitted *pro hac vice* to practice before this Court. I submit this affidavit in support of Curriculum Associates' Motion to Stay Discovery. This affidavit is based on my personal knowledge, and if called as a witness to testify to its contents, I could and would completely testify thereto.

2.      On June 24, 2026, Plaintiffs served Curriculum Associates with 200 requests for production ("RFPs") and 14 interrogatories. A true and correct copy of Plaintiffs' First Set of Requests for Production of Documents Nos. 1-200 is attached hereto as **Exhibit A**; and a true and correct copy of Plaintiffs' First Set of Interrogatories Nos. 1-14 is attached hereto as **Exhibit B**.

1

3.    On July 2, 2026, my colleague, Kelton Sahagian, emailed Plaintiffs' counsel confirming receipt of the aforementioned discovery requests and informed them that Curriculum Associates intended to move to stay discovery pending resolution of its Motion to Dismiss Plaintiffs' Complaint (the "Motion to Dismiss").  Ms. Sahagian requested a meet-and-confer regarding the same.

4.    On July 7, 2026, the Parties participated in a videoconference that lasted approximately 20 minutes.  Naomi Miyeko Harralson May, Stephanie Schuyler, Kelton Sahagian, and I attended the meet-and-confer on behalf of Curriculum Associates.  Karen Dahlberg O'Connell and Andrew Liddell attended on behalf of Plaintiffs.

5.    During the videoconference, I explained Curriculum Associates' position that discovery should be stayed pending resolution of the Motion to Dismiss.  Specifically, I noted that the Motion to Dismiss is based on the four corners of the Complaint and, if granted, would dispose of the entire case; that no scheduling conference has been held and no Rule 16 order has been issued, making any discovery premature; and that requiring Curriculum Associates to respond to 200 RFPs and 14 interrogatories would be unduly burdensome and costly, particularly if those efforts are ultimately rendered unnecessary if the Motion to Dismiss is granted.  I also explained that a stay would not cause any delay or prejudice to Plaintiffs and would conserve both party and judicial resources, particularly if discovery disputes were to arise.

6.    In response, Plaintiffs stated that they would not agree to a blanket stay of discovery and, instead, proposed a tiered approach under which Curriculum Associates would respond to the discovery requests over a period of several months through December 4, 2026, with staggered deadlines for specific interrogatories and RFPs selected by Plaintiffs.  Specifically, Plaintiffs proposed that Curriculum Associates respond to the discovery requests as follows: (1) by August

2

7, 2026, Curriculum Associates would respond to Interrogatory Nos. 1 and 3, and RFP Nos. 43, 48, and 51; (2) by September 4, 2026, Curriculum Associates would respond to Interrogatory No. 5 and RFP Nos. 29, 31, 32, 33, and 34; (3) by October 2, 2026, Curriculum Associates would respond to RFP Nos. 35, 36, 41, 52, 62–65, 102, 103, 107, and 131–140; (4) by October 30, 2026, Curriculum Associates would respond to RFP Nos. 124–130 and 141–155; and (5) by December 4, 2026, Curriculum Associates would respond to all remaining Interrogatories and RFPs. Plaintiffs further proposed that, if the Court's ruling on the Motion to Dismiss were not to dismiss all causes of action, the proposal would expire, and responses to all outstanding discovery requests would be due forty-five (45) days after the Court's ruling.

7. The same day, Ms. O'Connell sent my colleagues and me an email articulating Plaintiffs' proposal in writing.

8. On July 10, 2026, my colleague, Stephanie Schuyler, responded to Ms. O'Connell explaining that Plaintiffs' tiered approach does not address Curriculum Associates' concern that some or all discovery could be mooted by a ruling on Curriculum Associates' pending Motion to Dismiss; and that Curriculum Associates could not agree to Plaintiffs' proposal and would need to file its motion to stay discovery.

9. Ms. Schuyler also requested an extension of Curriculum Associates' deadline to respond to the pending discovery requests until after the Court resolves this motion to stay. Plaintiffs agreed to the requested extension on July 13, 2026.

10. A true and correct copy of the email correspondence between counsel for the Parties is attached hereto as **Exhibit C.**

3

I declare under penalty of perjury that the foregoing is true and correct.  Executed on July 14, 2026 in San Francisco, California.

/s/ Matthew D. Brown
Matthew D. Brown

## CERTIFICATE OF SERVICE

I, Matthew D. Brown, hereby certify that on this 14th day of July 2026, the foregoing document, filed through the ECF system, will be sent electronically to the registered participants on the Notice of Electronic Filing, and paper copies will be sent to any non-registered participants.

*/s/ Matthew D. Brown*
Matthew D. Brown

# Exhibit A

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| M.C. 1 and M.C. 2, by and through their legal guardian NICOLE REISBERG, and M.C. 3 and M.C. 4, by and through their legal guardian LILA BYOCK, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>CURRICULUM ASSOCIATES, LLC,<br><br>        Defendant. | Civ. No. 1:25-cv-13942-FDS<br><br>**PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS NOS. 1–200** |

Pursuant to Rule 34 of the Federal Rules of Civil Procedure and Local Rules 26.1, 26.5, and 34.1, Plaintiffs M.C. 1 and M.C. 2, by and through their legal guardian Nicole Reisberg, and M.C. 3 and M.C. 4, by and through their legal guardian Lila Byock ("Plaintiffs") submit this First Set of Requests for Production of Documents ("Requests") to Defendant Curriculum Associates, LLC ("Defendant"). Plaintiffs request that Defendant serve written responses and produce the documents and things described in these Requests within thirty (30) days.

The documents and things requested are relevant to the subject matter of the above-captioned action, are reasonably calculated to lead to the discovery of admissible evidence, and are believed to be in Defendant's possession, custody, and/or control.

**DEFINITIONS**

The following definitions apply to each of the Requests set forth herein and are deemed to be incorporated in each of said Requests, whether or not the terms are capitalized:

1.      Communication. The term "Communication" means the transmittal of information (in

1

the form of facts, ideas, inquiries, or otherwise).

2.    Document. The term "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a). A draft or nonidentical copy is a separate document within the meaning of this term.

3.    Identify (With Respect to Persons). When referring to a person, "to Identify" means to give, to the extent known, the person's full name, present or last known address, and, when referring to a natural person, the present or last known place of employment. Once a person has been identified in accordance with this subsection, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

4.    Identify (With Respect to Documents). When referring to documents, "to Identify" means to give, to the extent known, the (A) type of document; (B) general subject matter; (C) date of the document; and (D) author(s), addressee(s), and recipient(s).

5.    Parties. The terms "Plaintiff" and "Defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

6.    Person. The term "Person" is defined as any natural person or any business, legal, or governmental entity or association.

7.    Concerning. The term "Concerning" means referring to, describing, evidencing, or constituting.

8.    State the Basis. When an interrogatory calls upon a party to "State the Basis" of or for

2

a particular claim, assertion, allegation, or contention, the party shall (A) identify each and every document (and, where pertinent, the section, article, or subsection thereof), which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory; (B) identify each and every communication which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory; (C) state separately the acts or omissions to act on the part of any person (identifying the acts or omissions to act by stating their nature, time, and place and identifying the persons involved) which form any part of the party's information regarding the alleged facts or legal conclusions referred to in the interrogatory; and (D) state separately any other fact which forms the basis of the party's information regarding the alleged facts or conclusions referred to in the interrogatory.

9.    And and Or. The terms "And" and "Or" mean and/or.

10.   All Documents. The term "All Documents" means every Document, whether an original or copy.

11.   Application Programming Interface/API. The term "Application Programming Interface" or "API" refers to a set of rules and specifications that allows different software programs to communicate and interact with each other, enabling them to share data, features, and functionality.

12.   Category/Categories of Data. The term "Category of Data" or "Categories of Data" refers to the smallest discrete data element or data field collected by you. For example, if you are asked to identify the Categories of Data you collect, a response that you collect "demographic information" is insufficiently specific, whereas a response that

3

you collect "demographic information, including name, date of birth, gender, home address, and all other Data elements you consider to be demographic information]" would be sufficiently specific.

13. Contract(s). The term "Contract(s)" shall be construed broadly to include any agreement that governs the terms of the relationship between two parties, including negotiated contracts, terms of use, terms of service, privacy policies, responsible use policies, clickwrap agreements, scrollwrap agreements, browsewrap agreements, joint venture agreements, licensing agreements, marketing agreements, and research and development agreements.

14. Data. The term "Data" means information collected, in any form and by any method, from Students by You or anyone with whom You Contract, partner, or otherwise work with to collect information about Students.

15. You and Your. The terms "You" and "Your" refer to Curriculum Associates, LLC, including any subsidiaries, affiliates, branches, divisions, predecessors, parent corporations, related corporate entities, controlling persons, controlled persons, officers, directors, employees, representatives, and/or agents (including attorneys, accountants, advisors and any other person acting or purporting to act on their behalf) of Curriculum Associates, LLC.

16. Investors. The term "Investors" means any person or entity from whom You seek investments in Your company, products, or services.

17. Key Performance Indicators. The term "Key Performance Indicators" refers to measurable values that demonstrate how effectively an organization is achieving its objectives.

18. Parent(s). The term "Parent(s)" means any parent or legal guardian of a Student who attends or attended a School or is or was enrolled in a School District that uses or used Defendant's Products or Services.

19. Products and/or Services. The terms "Products" and/or "Services" means any and all education technology platforms, applications, software, systems, programs, and related products and services developed, offered, licensed, sold, or otherwise provided by Defendant for use in K-12 educational settings, including but not limited to the i-Ready Diagnostic and Diagnostic Reports, the i-Ready Standards Mastery and Standards Mastery Reports, and the i-Ready Personalized Instruction Products

20. School(s). The term "School(s)" means any pre-school, elementary school, middle school, junior high school, high school, trade school, or other institution, whether public or private in the United States, with whom You have contracted.

21. School District(s). The term "School District(s)" refers to the local administration agency or entity that administers Schools within a defined geographical area.

22. Student(s). The term "Student(s)" means any person who attends or attended a School or is or was enrolled in a School that uses or used Defendant's Products or Services.

23. Third-party Partner(s). The term "Third-party Partner(s)" means any person or entity that uses or has access to Data other than Schools, School Districts, or Students, or a person or entity to whom You are trying to sell Your Products and/or Services.

24. Tracking Technology/Technologies. The term "Tracking Technology" or "Tracking Technologies" means any technology used to collect, monitor, record, infer, or transmit information about a user or device, including but not limited to cookies, pixels, SDKs, APIs, tags, scripts, browser or device fingerprinting, session replay tools, or similar

5

technologies.

## INSTRUCTIONS

1.    If You believe that any Request is objectionable because the Request involves Documents that are substantively the same but producing all such Documents would be too voluminous—such as form Contracts—You may produce exemplars of such Documents, but You may do so only if: (1) the exemplars represent all substantively similar Documents, (2) You state in Your response that You are producing exemplar Documents and that no other Documents need to be produced because the production is representative of all other responsive Documents, and (3) You waive any right to use or rely upon undisclosed Documents that would otherwise be responsive to the Request.

2.    Unless otherwise stated, the applicable time period for these Requests shall begin on January 1, 2020 and continue through the present.

3.    The singular includes the plural, and vice versa. The masculine includes the feminine and neuter genders.

4.    Each Request seeks the production of all responsive Documents in their entirety, without abbreviation or redaction with all non-identical copies and drafts thereof, including any Document appended to, included therewith, incorporated by or referred to in the Document and all file folders in which any such Document is contained.

5.    Responsive Documents that comprise electronically stored information shall be produced in native file format to the extent that such native files are in a directly obtainable medium, and should include all reasonably accessible metadata, without any alterations. Documents that comprise electronically stored information that does not exist in a directly obtainable medium shall be translated into a reasonably usable form

6

that preserves all metadata, without any alterations, for such Documents.

6.    If any portion of any Document or thing called for in a Request is considered privileged or is otherwise not produced, but the Document or thing in its entirety is not privileged or otherwise subject to production, Defendant must include the Document or thing in its responses but may omit or delete any portions that are privileged so long as (a) the Document or thing clearly shows what portions have been omitted or deleted, and (b) You provide a summary or description of the subject matter of the omitted or deleted portions.

7.    With respect to any Document withheld on a claim of privilege, a statement shall be provided by the attorneys from the entity withholding such Document setting forth as to each Document:

    a.    the name of the author of the Document;

    b.    the name of the recipient of the Document;

    c.    the names of the person(s) to whom copies were sent;

    d.    the job title of every individual named in "c" above;

    e.    the date of the Document;

    f.    the date on which the Document was received by those in possession of the Document; and

    g.    the nature and subject matter of the Document.

8.    If it is maintained that any Document or thing that is requested has been destroyed, set forth the contents of the Document or thing, the date of such destruction, and the name(s) of the person(s) who participated in, authorized, or directed such destruction.

7

8.      If any of the Documents or things cannot be produced in full, produce to the extent possible, specifying the reason for the inability to produce the remainder.

9.      This Request is ongoing and continuous. If after producing Documents, You become aware of, generate, or acquire any additional Documents or things responsive to this Request, You are required to produce those additional Documents or things.

10.     Pursuant to Federal Rule of Civil Procedure 34(b)(2)(B) and (C), if you object to any Request herein or part thereof, You "must . . . state with specificity the grounds for objecting to the request" and "whether any responsive materials are being withheld on the basis of that objection."

## REQUESTS FOR PRODUCTION

### Contracts; Terms and Conditions

**REQUEST NO. 1:**

All CONTRACTS between YOU and SCHOOLS or SCHOOL DISTRICTS CONCERNING the collection of DATA.

**RESPONSE:**


**REQUEST NO. 2:**

All CONTRACTS between YOU and SCHOOLS or SCHOOL DISTRICTS CONCERNING the use of DATA.

**RESPONSE:**


**REQUEST NO. 3:**

All CONTRACTS between YOU and SCHOOLS or SCHOOL DISTRICTS

8

CONCERNING the storage of DATA.

**RESPONSE:**

**REQUEST NO. 4:**

To the extent you contend they exist, all CONTRACTS with PARENTS CONCERNING the collection of DATA.

**RESPONSE:**

**REQUEST NO. 5:**

To the extent you contend they exist, all CONTRACTS with PARENTS CONCERNING the use of DATA.

**RESPONSE:**

**REQUEST NO. 6:**

To the extent you contend they exist, all CONTRACTS with PARENTS CONCERNING the storage of DATA.

**RESPONSE:**

**REQUEST NO. 7:**

To the extent you contend they exist, all CONTRACTS with STUDENTS CONCERNING the collection of DATA.

**RESPONSE:**

9

**REQUEST NO. 8:**

To the extent you contend they exist, all CONTRACTS with STUDENTS CONCERNING the use of DATA.

**RESPONSE:**

**REQUEST NO. 9:**

To the extent you contend they exist, all CONTRACTS with STUDENTS CONCERNING the storage of DATA.

**RESPONSE:**

**REQUEST NO. 10:**

All CONTRACTS between YOU and SCHOOLS or SCHOOL DISTRICTS CONCERNING the security or privacy of DATA, excluding any CONTRACTS previously produced.

**RESPONSE:**

**REQUEST NO. 11:**

All security and privacy CONTRACTS between YOU and any other party CONCERNING DATA.

**RESPONSE:**

**REQUEST NO. 12:**

All licensing or marketing CONTRACTS between YOU and any other PERSON

10

CONCERNING DATA.

**RESPONSE:**

**REQUEST NO. 13:**

All joint venture CONTRACTS between YOU and any other PERSON CONCERNING

DATA.

**RESPONSE:**

**REQUEST NO. 14:**

All research and development CONTRACTS between YOU and any other PERSON

CONCERNING DATA.

**RESPONSE:**

**REQUEST NO. 15:**

All CONTRACTS with any PERSON with whom you have a DATA-sharing agreement.

**RESPONSE:**

**REQUEST NO. 16:**

To the extent not already produced, all CONTRACTS that permit any PERSON to use,

access, or transmit DATA.

**RESPONSE:**

**REQUEST NO. 17:**

All CONTRACTS governing the sale, licensing, or use of DATA to or by any PERSON, regardless of the form, whether it is aggregated or disaggregated, or anonymized or purportedly anonymized.

**RESPONSE:**

**Disclosures**

**REQUEST NO. 18:**

All disclosures made by YOU to SCHOOLS or SCHOOL DISTRICTS CONCERNING the collection, use, or storage of DATA.

**RESPONSE:**

**REQUEST NO. 19:**

All disclosures made by YOU to PARENTS CONCERNING the collection, use, or storage of DATA.

**RESPONSE:**

**REQUEST NO. 20:**

All disclosures made by YOU to STUDENTS CONCERNING the collection, use, or storage of DATA.

**RESPONSE:**

12

**REQUEST NO. 21:**

All disclosures made by YOU to THIRD-PARTY PARTNERS CONCERNING the collection, use, or storage of DATA.

**RESPONSE:**

**REQUEST NO. 22:**

All disclosures by YOU to INVESTORS CONCERNING the collection, use, or storage of DATA.

**RESPONSE:**

**REQUEST NO. 23:**

All DOCUMENTS CONCERNING the collection, use, or storage of DATA provided to STUDENTS or PARENTS at PLAINTIFFS' SCHOOLS or SCHOOL DISTRICTS, including those prepared by or on behalf of YOU and provided to STUDENTS or PARENTS by PLAINTIFFS' SCHOOLS or SCHOOL DISTRICTS.

**RESPONSE:**

**REQUEST NO. 24:**

All DOCUMENTS, including all COMMUNICATIONS, CONCERNING YOUR efforts to ensure STUDENTS or PARENTS are informed about what DATA is collected by YOU.

**RESPONSE:**

13

**REQUEST NO. 25:**

All DOCUMENTS, including all COMMUNICATIONS, CONCERNING YOUR efforts to ensure STUDENTS or PARENTS are informed about how YOU use DATA collected by YOU.

**RESPONSE:**

**REQUEST NO. 26:**

All DOCUMENTS, including all COMMUNICATIONS, CONCERNING YOUR efforts to ensure STUDENTS or PARENTS are informed about how YOU store their DATA.

**RESPONSE:**

**Collection**

**REQUEST NO. 27:**

All DOCUMENTS CONCERNING the collection of DATA for commercial purposes.

**RESPONSE:**

**REQUEST NO. 28:**

To the extent not already produced, all DOCUMENTS CONCERNING the collection, use, and storage of DATA collected from STUDENTS in PLAINTIFFS' SCHOOLS and SCHOOL DISTRICTS.

**RESPONSE:**

14

**REQUEST NO. 29:**

DOCUMENTS sufficient to show what DATA is collected by YOU from STUDENTS at SCHOOLS or SCHOOL DISTRICTS that use YOUR PRODUCTS and/or SERVICES.

**RESPONSE:**


**Use**

**REQUEST NO. 30:**

All DOCUMENTS CONCERNING the use of DATA collected from STUDENTS at PLAINTIFFS' SCHOOLS and SCHOOL DISTRICTS.

**RESPONSE:**


**REQUEST NO. 31:**

DOCUMENTS sufficient to show how YOU use each CATEGORY OF DATA identified in response to Interrogatory No. 3.

**RESPONSE:**


**REQUEST NO. 32:**

DOCUMENTS sufficient to show who has access to DATA collected by YOU, including any THIRD-PARTY PARTNERS.

**RESPONSE:**

15

**REQUEST NO. 33:**

DOCUMENTS sufficient to show how DATA is combined, aggregated, or processed by YOU.

**RESPONSE:**

**REQUEST NO. 34:**

All DOCUMENTS CONCERNING the sale of DATA by YOU to any PERSON, and whether that DATA is aggregated, disaggregated, anonymized, or manipulated in any way.

**RESPONSE:**

**REQUEST NO. 35:**

All DOCUMENTS identifying, discussing, or explaining the educational purposes for which YOU collect each CATEGORY OF DATA.

**RESPONSE:**

**REQUEST NO. 36:**

DOCUMENTS sufficient to show both how and by whom an "educational purpose" is defined.

**RESPONSE:**

16

**REQUEST NO. 37:**

DOCUMENTS sufficient to show how YOU or any PERSON YOU hire or work with anonymizes or de-identifies DATA.

**RESPONSE:**

**REQUEST NO. 38:**

DOCUMENTS sufficient to show how DATA is used to support any artificial intelligence tools, machine learning tools, or large language models.

**RESPONSE:**

**REQUEST NO. 39:**

All DOCUMENTS CONCERNING how YOU intend to use DATA in YOUR PRODUCTS and/or SERVICES.

**RESPONSE:**

**REQUEST NO. 40:**

All DOCUMENTS CONCERNING how YOU intend to use DATA in future PRODUCTS and/or SERVICES.

**RESPONSE:**

17

**REQUEST NO. 41:**

All DOCUMENTS, including all COMMUNICATIONS, CONCERNING how YOU use DATA to generate revenues.

**RESPONSE:**

**REQUEST NO. 42:**

All DOCUMENTS CONCERNING how YOU intend to use DATA to increase revenues.

**RESPONSE:**

**Storage**

**REQUEST NO. 43:**

DOCUMENTS sufficient to show how DATA is stored after it is collected.

**RESPONSE:**

**REQUEST NO. 44:**

DOCUMENTS sufficient to show how YOU protect DATA from a DATA breach or from access by unauthorized individuals, corporations, entities, government actors, or any other party who seeks unauthorized access to DATA.

**RESPONSE:**

18

**REQUEST NO. 45:**

DOCUMENTS sufficient to show how YOU notify those affected by a DATA breach where DATA stored by YOU is accessed by unauthorized third parties.

**RESPONSE:**

**REQUEST NO. 46:**

DOCUMENTS sufficient to show how DATA is "controlled" by SCHOOLS or SCHOOL DISTRICTS after it is collected.

**RESPONSE:**

**REQUEST NO. 47:**

All DOCUMENTS CONCERNING any metrics or data showing that YOUR data practices comply with any CONTRACTS CONCERNING how YOU handle DATA.

**RESPONSE:**

**Preservation/Deletion**

**REQUEST NO. 48:**

DOCUMENTS sufficient to show the process for DATA deletion.

**RESPONSE:**

19

**REQUEST NO. 49:**

DOCUMENTS sufficient to show how YOU determine which DATA should be deleted or preserved.

**RESPONSE:**

**REQUEST NO. 50:**

DOCUMENTS sufficient to show how YOU verify that DATA is deleted.

**RESPONSE:**

**REQUEST NO. 51:**

DOCUMENTS sufficient to show which DATA has been deleted by YOU.

**RESPONSE:**

**Consent**

**REQUEST NO. 52:**

All DOCUMENTS that YOU believe demonstrate that anyone consented to YOUR collection, use, or storage of DATA.

**RESPONSE:**

**REQUEST NO. 53:**

All DOCUMENTS that YOU believe demonstrate that anyone consented to YOUR collection, use, or storage of DATA for commercial purposes.

**RESPONSE:**

20

**REQUEST NO. 54:**

All DOCUMENTS that show how SCHOOLS or SCHOOL DISTRICTS may oversee or control YOUR data practices to ensure that they comply with any purported CONTRACTS between YOU and SCHOOLS.

**RESPONSE:**

**REQUEST NO. 55:**

All DOCUMENTS that show how YOU may oversee or control SCHOOLS' or SCHOOL DISTRICTS' data practices to ensure that they comply with any purported CONTRACTS between YOU and SCHOOLS or SCHOOL DISTRICTS.

**RESPONSE:**

**REQUEST NO. 56:**

To the extent not already produced, all DOCUMENTS related to YOU obtaining consent to collect, use, or store DATA from PLAINTIFFS.

**RESPONSE:**

**REQUEST NO. 57:**

To the extent not already produced, all presentations made to SCHOOLS or SCHOOL DISTRICTS, including PARENTS and STUDENTS, CONCERNING consent to collect, use, or store DATA.

**RESPONSE:**

21

**REQUEST NO. 58:**

All COMMUNICATIONS between YOU and PARENTS CONCERNING consent to collect, use, or store DATA.

**RESPONSE:**

**REQUEST NO. 59:**

All COMMUNICATIONS between you and STUDENTS CONCERNING consent to collect, use, or store DATA.

**RESPONSE:**

**REQUEST NO. 60:**

All COMMUNICATIONS between YOU and THIRD-PARTY PARTNERS CONCERNING consent to collect, use, or store DATA.

**RESPONSE:**

**REQUEST NO. 61:**

All COMMUNICATIONS between YOU and INVESTORS CONCERNING consent to collect, use, or store DATA.

**RESPONSE:**

22

**Technical**

**REQUEST NO. 62:**

For each PRODUCT and/or SERVICE identified in response to Interrogatory No. 1, produce DOCUMENTS sufficient to identify any APPLICATION PROGRAMMING INTERFACE used in connection with each PRODUCT and/or SERVICE.

**RESPONSE:**

**REQUEST NO. 63:**

For each PRODUCT and/or SERVICE identified in response to Interrogatory No. 1, produce all DOCUMENTS CONCERNING KEY PERFORMANCE INDICATORS.

**RESPONSE:**

**REQUEST NO. 64:**

For each PRODUCT and/or SERVICE identified in response to Interrogatory No. 1, produce all DOCUMENTS CONCERNING how DATA is received or transmitted to THIRD-PARTY PARTNERS.

**RESPONSE:**

**REQUEST NO. 65:**

For each PRODUCT and/or SERVICE identified in response to Interrogatory No. 1, produce all technical manuals and instructions books.

**RESPONSE:**

23

**Communications**

**REQUEST NO. 66:**

All   COMMUNICATIONS   between   YOU   and   STUDENTS   CONCERNING   the collection, use, and storage of DATA for commercial purposes.

**RESPONSE:**

**REQUEST NO. 67:**

All COMMUNICATIONS between YOU and PARENTS CONCERNING the collection, use, and storage or DATA for commercial purposes.

**RESPONSE:**

**REQUEST NO. 68:**

All COMMUNICATIONS between YOU and YOUR INVESTORS CONCERNING the collection, use, and storage of DATA.

**RESPONSE:**

**REQUEST NO. 69:**

All   COMMUNICATIONS   between   YOU   and   THIRD-PARTY   PARTNERS CONCERNING the collection, use, and storage of DATA.

**RESPONSE:**

24

**REQUEST NO. 70:**

All internal COMMUNICATIONS CONCERNING the monetization of DATA by YOU.

**RESPONSE:**

**REQUEST NO. 71:**

Other than COMMUNICATIONS with YOUR attorneys, all DOCUMENTS, including COMMUNICATIONS, CONCERNING consent from PARENTS to collect DATA.

**RESPONSE:**

**REQUEST NO. 72:**

Other than COMMUNICATIONS with YOUR attorneys, all DOCUMENTS, including COMMUNICATIONS, CONCERNING consent from PARENTS to use DATA.

**RESPONSE:**

**REQUEST NO. 73:**

Other than COMMUNICATIONS with YOUR attorneys, all DOCUMENTS, including COMMUNICATIONS, CONCERNING consent from PARENTS to store DATA.

**RESPONSE:**

**REQUEST NO. 74:**

Other than COMMUNICATIONS with YOUR attorneys, all DOCUMENTS, including COMMUNICATIONS, CONCERNING consent from PARENTS to disclose DATA to any third party, including THIRD PARTY PARTNERS.

**RESPONSE:**

**REQUEST NO. 75:**

All COMMUNICATIONS CONCERNING the use of DATA for commercial purposes.

**RESPONSE:**

**REQUEST NO. 76:**

All COMMUNICATIONS between YOU and INVESTORS CONCERNING the monetization of DATA.

**RESPONSE:**

**REQUEST NO. 77:**

All COMMUNICATIONS between YOU and THIRD-PARTY PARTNERS CONCERNING the monetization of DATA.

**RESPONSE:**

**REQUEST NO. 78:**

All COMMUNICATIONS CONCERNING the monetization of DATA between YOU and any other entity or PERSON.

**RESPONSE:**

**Marketing Materials**

**REQUEST NO. 79:**

All marketing materials CONCERNING the collection, use, or storage of DATA.

**RESPONSE:**

**REQUEST NO. 80:**

To the extent not already produced, all marketing materials CONCERNING the collection, use, or storage of DATA shared with INVESTORS.

**RESPONSE:**

**REQUEST NO. 81:**

To the extent not already produced, all marketing materials CONCERNING the collection, use, or storage of DATA shared with SCHOOLS or SCHOOL DISTRICTS.

**RESPONSE:**

27

**REQUEST NO. 82:**

To the extent not already produced, all marketing materials CONCERNING the collection, use, or storage of DATA shared with any PERSON.

**RESPONSE:**

**REQUEST NO. 83:**

All advertisements or other marketing materials created, distributed, or otherwise used by YOU CONCERNING each PRODUCT and/or SERVICE YOU identified in response to Interrogatory No. 1.

**RESPONSE:**

**REQUEST NO. 84:**

All advertisements or other marketing materials created, distributed, or otherwise used by YOU CONCERNING PRODUCTS and/or SERVICES provided by YOU.

**RESPONSE:**

**REQUEST NO. 85:**

All advertisements or other marketing materials created, distributed, or otherwise used by YOU CONCERNING YOUR artificial intelligence PRODUCTS and/or SERVICES.

**RESPONSE:**

28

**REQUEST NO. 86:**

All advertisements or other marketing materials created, distributed, or otherwise used by YOU CONCERNING any future PRODUCTS and/or SERVICES that may use DATA.

**RESPONSE:**


**Investments and Acquisition**

**REQUEST NO. 87:**

All pitch materials prepared in connection with the announced 2017 Berkshire Partners LLC investment in YOU, including but not limited to pitch decks, one-pagers, prospectuses, and placemats.

**RESPONSE:**


**REQUEST NO. 88:**

All pitch materials prepared in connection with the announced 2019 Permira investment in YOU, including but not limited to pitch decks, one-pagers, prospectuses, and placemats.

**RESPONSE:**


**REQUEST NO. 89:**

All pitch materials prepared in connection with the announced 2022 Hellman & Friedman investment in YOU, including but not limited to pitch decks, one-pagers, prospectuses, and placemats.

**RESPONSE:**


29

**REQUEST NO. 90:**

All pitch materials prepared in connection with any proposed investment in YOU, including but not limited to pitch decks, one-pagers, prospectuses, and placemats.

**RESPONSE:**

**REQUEST NO. 91:**

All DOCUMENTS from the data room provided to or prepared by YOU in connection with the announced 2017 acquisition of Motion Math by YOU.

**RESPONSE:**

**REQUEST NO. 92:**

All pitch materials prepared in connection with the announced 2017 acquisition of Motion Math by YOU, including but not limited to pitch decks, one-pagers, prospectuses, and placemats.

**RESPONSE:**

**REQUEST NO. 93:**

All DOCUMENTS from the data room provided to or prepared by YOU in connection with the announced 2021 acquisition of Ellevation by YOU.

**RESPONSE:**

30

**REQUEST NO. 94:**

All pitch materials prepared in connection with the announced 2021 acquisition of Ellevation by YOU, including but not limited to pitch decks, one-pagers, prospectuses, and placemats.

**RESPONSE:**

**REQUEST NO. 95:**

All DOCUMENTS from the data room provided to or prepared by YOU in connection with the announced 2021 acquisition of Mentoring Minds by YOU.

**RESPONSE:**

**REQUEST NO. 96:**

All pitch materials prepared in connection with the announced 2021 acquisition of Mentoring Minds by YOU, including but not limited to pitch decks, one-pagers, prospectuses, and placemats.

**RESPONSE:**

**REQUEST NO. 97:**

All DOCUMENTS from the data room provided to or prepared by YOU in connection with the announced 2023 acquisition of SoapBox Labs by YOU.

**RESPONSE:**

31

**REQUEST NO. 98:**

All pitch materials prepared in connection with the announced 2023 acquisition of SoapBox Labs by YOU, including but not limited to pitch decks, one-pagers, prospectuses, and placemats.

**RESPONSE:**

**REQUEST NO. 99:**

All DOCUMENTS from the data room provided to or prepared by YOU in connection with the announced 2025 acquisition of Stile Education by YOU.

**RESPONSE:**

**REQUEST NO. 100:**

All pitch materials prepared in connection with the announced 2025 acquisition of Stile Education by YOU, including but not limited to pitch decks, one-pagers, prospectuses, and placemats.

**RESPONSE:**

**REQUEST NO. 101:**

All DOCUMENTS CONCERNING COMMUNICATIONS with YOUR INVESTORS.

**RESPONSE:**

32

**Miscellaneous**

**REQUEST NO. 102:**

All DOCUMENTS disclosed by YOU in YOUR initial disclosures.

**RESPONSE:**

**REQUEST NO. 103:**

All DOCUMENTS in YOUR possession, custody, or control disclosed by PLAINTIFFS in PLAINTIFFS' initial disclosures.

**RESPONSE:**

**REQUEST NO. 104:**

Corporate organizational charts showing the corporate relationships among YOU and all parent companies, subsidiaries, affiliates, or related corporate entities.

**RESPONSE:**

**REQUEST NO. 105:**

DOCUMENTS sufficient to show the organizational structure of YOUR human resources, including personnel organization charts identifying YOUR executives and the individuals responsible for product development, sales, marketing, security, compliance, and relationships with THIRD-PARTY PARTNERS.

**RESPONSE:**

33

**REQUEST NO. 106:**

DOCUMENTS sufficient to IDENTIFY all SCHOOLS or SCHOOL DISTRICTS that use YOUR PRODUCTS and/or SERVICES.

**RESPONSE:**

**REQUEST NO. 107:**

DOCUMENTS sufficient to show YOUR qualification as a "school official" under the Family Educational Rights and Privacy Act (FERPA).

**RESPONSE:**

**REQUEST NO. 108:**

DOCUMENTS sufficient to show that YOU are under the direct control of each SCHOOL or SCHOOL DISTRICT with which YOU have a CONTRACT.

**RESPONSE:**

**REQUEST NO. 109:**

DOCUMENTS sufficient to identify YOUR commercial customers and THIRD-PARTY PARTNERS, not including SCHOOLS or SCHOOL DISTRICTS.

**RESPONSE:**

34

**REQUEST NO. 110:**

DOCUMENTS sufficient to identify the number of STUDENTS in each state from whom YOU collect DATA.

**RESPONSE:**

**REQUEST NO. 111:**

All DOCUMENTS CONCERNING complaints made by SCHOOLS or SCHOOL DISTRICTS CONCERNING DATA collection, use, or storage.

**RESPONSE:**

**REQUEST NO. 112:**

All COMMUNICATIONS with any PERSON, including shareholders and INVESTORS, CONCERNING risks of business impact or disruptions related to the collection, use, or storage of DATA.

**RESPONSE:**

**REQUEST NO. 113:**

All DOCUMENTS, including COMMUNICATIONS with PARENTS or STUDENTS, CONCERNING YOUR "State Data Privacy Law Addendum to Corporate Website Privacy Policy."

**RESPONSE:**

**REQUEST NO. 114:**

All DOCUMENTS, including COMMUNICATIONS with PARENTS or STUDENTS, CONCERNING YOUR claim to have a "worldwide, royalty-free, perpetual license" to use DATA.

**RESPONSE:**

**REQUEST NO. 115:**

All DOCUMENTS, including COMMUNICATIONS, CONCERNING any compensation YOU provided to any PERSON affiliated with any SCHOOL or SCHOOL DISTRICT.

**RESPONSE:**

**REQUEST NO. 116:**

All DOCUMENTS, including COMMUNICATIONS, CONCERNING YOUR decision to hire Marie Izquierdo.

**RESPONSE:**

**REQUEST NO. 117:**

All COMMUNICATIONS between Marie Izquierdo and any PERSON affiliated with any SCHOOL or SCHOOL DISTRICT.

**RESPONSE:**

**REQUEST NO. 118:**

All COMMUNICATIONS between Marie Izquierdo and any PERSON affiliated with any PLAINTIFFS' SCHOOLS or SCHOOL DISTRICTS.

**RESPONSE:**

**REQUEST NO. 119:**

All COMMUNICATIONS between YOU and Alberto Carvalho.

**RESPONSE:**

**REQUEST NO. 120:**

All DOCUMENTS, including COMMUNICATIONS, CONCERNING any compensation YOU provided to Marie Izquierdo.

**RESPONSE:**

**REQUEST NO. 121:**

All DOCUMENTS, including COMMUNICATIONS, CONCERNING a former Vice President of YOU seeking or gaining employment with the New York City public school system.

**RESPONSE:**

**REQUEST NO. 122:**

All DOCUMENTS, including COMMUNICATIONS, CONCERNING any efforts by YOU to recruit employees of SCHOOL DISTRICTS to work for YOU.

**RESPONSE:**

**REQUEST NO. 123:**

All DOCUMENTS, including COMMUNICATIONS, CONCERNING any assistance YOU provided to any of YOUR current or former officers or employees in connection with them pursuing employment in SCHOOL DISTRICTS.

**RESPONSE:**


**Specific Third Parties**

**REQUEST NO. 124:**

DOCUMENTS sufficient to show YOUR relationship with Google and its affiliates, including any CONTRACT to share DATA with Google or its affiliates.

**RESPONSE:**


**REQUEST NO. 125:**

DOCUMENTS sufficient to show YOUR relationship with Munetrix and its affiliates, including any CONTRACT to share DATA with Munetrix or its affiliates.

**RESPONSE:**


**REQUEST NO. 126:**

DOCUMENTS sufficient to show YOUR relationship with 6sense and its affiliates, including any CONTRACT to share DATA with 6sense or its affiliates.

**RESPONSE:**

**REQUEST NO. 127:**

DOCUMENTS sufficient to show YOUR relationship with Aeries and its affiliates, including any CONTRACT to share DATA with Aeries or its affiliates.

**RESPONSE:**


**REQUEST NO. 128:**

DOCUMENTS sufficient to show YOUR relationship with Clever and its affiliates, including any CONTRACT to share DATA with Clever or its affiliates.

**RESPONSE:**


**REQUEST NO. 129:**

DOCUMENTS sufficient to show YOUR relationship with Finalsite and its affiliates, including any CONTRACT to share DATA with Finalsite or its affiliates.

**RESPONSE:**


**REQUEST NO. 130:**

DOCUMENTS sufficient to show YOUR relationship with PowerSchool and its affiliates, including any CONTRACT to share DATA with PowerSchool or its affiliates.

**RESPONSE:**

**Damages**

**REQUEST NO. 131:**

All DOCUMENTS CONCERNING revenues derived by YOU from the collection, use, or retention of DATA.

**RESPONSE:**

**REQUEST NO. 132:**

All DOCUMENTS CONCERNING any value YOU attribute to DATA.

**RESPONSE:**

**REQUEST NO. 133:**

All DOCUMENTS CONCERNING any value YOU attribute to each CATEGORY OF DATA.

**RESPONSE:**

**REQUEST NO. 134:**

DOCUMENTS sufficient to show revenues derived from each PRODUCT and/or SERVICE YOU provide.

**RESPONSE:**

40

**REQUEST NO. 135:**

DOCUMENTS sufficient to show all profits YOU derived from collection, use, or retention of DATA.

**RESPONSE:**

**REQUEST NO. 136:**

DOCUMENTS sufficient to show all profits derived from each PRODUCT and/or SERVICE YOU provide.

**RESPONSE:**

**REQUEST NO. 137:**

DOCUMENTS sufficient to show compensation, and how compensation is calculated, for each PERSON disclosed by YOU in YOUR initial disclosures.

**RESPONSE:**

**REQUEST NO. 138:**

DOCUMENTS sufficient to show compensation, and how compensation is calculated, for each of YOUR officers and employees identified by Plaintiffs in Plaintiffs' initial disclosures.

**RESPONSE:**

**REQUEST NO. 139:**

All DOCUMENTS CONCERNING any insurance agreements YOU may have related to the PRODUCTS and/or SERVICES, including the insurance agreements.

**RESPONSE:**

**REQUEST NO. 140:**

All DOCUMENTS CONCERNING any insurance agreements YOU may have related to the DATA, including the insurance agreements and all COMMUNICATIONS with any insurance company regarding the value of the DATA.

**RESPONSE:**

**Tracking Technologies**

*For each Request in this section, produce DOCUMENTS separately for each TRACKING TECHNOLOGY, PRODUCT, SERVICE, and platform (including web, mobile, and application environments).*

**REQUEST NO. 141:**

DOCUMENTS sufficient to IDENTIFY all TRACKING TECHNOLOGIES embedded in or deployed through YOUR PRODUCTS and/or SERVICES, including but not limited to cookies, pixels, SDKs, APIs, tags, scripts, and browser or device fingerprinting technologies, and the specific PRODUCTS and/or SERVICES in which each is used.

**RESPONSE:**

**REQUEST NO. 142:**

DOCUMENTS sufficient to IDENTIFY the location and manner in which each TRACKING TECHNOLOGY is deployed, including whether the technology is executed on the client side (e.g., browser or device), server side, or through hybrid implementations.

**RESPONSE:**

**REQUEST NO. 143:**

DOCUMENTS sufficient to IDENTIFY each third party associated with any TRACKING TECHNOLOGY, including any entity that provides, receives DATA from, processes DATA through, or otherwise participates in the operation of the TRACKING TECHNOLOGY.

**RESPONSE:**

**REQUEST NO. 144:**

DOCUMENTS sufficient to IDENTIFY all CATEGORIES OF DATA collected, generated, inferred, or transmitted by each TRACKING TECHNOLOGY, including all parameters, fields, or event-level data transmitted.

**RESPONSE:**

43

**REQUEST NO. 145:**

DOCUMENTS sufficient to IDENTIFY all identifiers collected, assigned, or transmitted by each TRACKING TECHNOLOGY, including but not limited to persistent identifiers, device identifiers, cookies, user IDs, session IDs, IP addresses, and any identifiers used for cross-device tracking.

**RESPONSE:**

**REQUEST NO. 146:**

DOCUMENTS sufficient to show the specific events, triggers, or user interactions that cause each TRACKING TECHNOLOGY to collect or transmit DATA, including but not limited to page views, logins, lesson activity, assessment activity, keystrokes, clicks, scrolls, or time spent.

**RESPONSE:**

**REQUEST NO. 147:**

DOCUMENTS sufficient to show the contents of any DATA transmitted by or through any TRACKING TECHNOLOGY, including but not limited to:

    a) all request payloads, event payloads, or message bodies transmitted from a user's browser, device, or application;

    b) all parameter names, fields, keys, and values included in such transmissions;

    c) all event schemas, data dictionaries, or specifications describing the structure or format of such transmissions;

    d) all network logs, request logs, server logs, or other records CONCERNING actual transmissions of DATA;

44

e) all sample transmissions, including exemplar requests or responses, CONCERNING the actual DATA sent or received;

f) all DOCUMENTS sufficient to show the destination of each transmission, including any URLs, endpoints, APIs, or third-party domains to which DATA is sent; and

g) all DOCUMENTS sufficient to show the timing of such transmissions, including whether such DATA is transmitted contemporaneously with user activity.

Production shall include DOCUMENTS CONCERNING actual DATA transmitted in the ordinary course of business, and shall not be limited to summaries, descriptions, or policies. Production shall include DOCUMENTS CONCERNING transmissions in each environment in which each TRACKING TECHNOLOGY operates, including web browsers, mobile applications, and any embedded or integrated platforms.

**RESPONSE:**


**REQUEST NO. 148:**

DOCUMENTS sufficient to show how DATA collected by TRACKING TECHNOLOGIES is transmitted, including the destination of each transmission, the timing of transmission, and whether such transmission occurs contemporaneously with user activity.

**RESPONSE:**

45

**REQUEST NO. 149:**

DOCUMENTS sufficient to show whether any third party receives DATA directly from a user's device or browser, as opposed to receiving such DATA solely from YOU.

**RESPONSE:**

**REQUEST NO. 150:**

DOCUMENTS sufficient to show the purpose for which each TRACKING TECHNOLOGY is used, including but not limited to analytics, product improvement, personalization, advertising, marketing, profiling, or revenue generation.

**RESPONSE:**

**REQUEST NO. 151:**

DOCUMENTS sufficient to show how DATA collected through TRACKING TECHNOLOGIES is linked, combined, or associated with other DATA, including for purposes of creating user profiles or linking users across devices, sessions, or platforms.

**RESPONSE:**

**REQUEST NO. 152:**

DOCUMENTS sufficient to show whether—and to what extent—DATA collected through TRACKING TECHNOLOGIES is used to train, develop, test, evaluate, or improve any algorithms, models, or artificial intelligence systems, including but not limited to:

    a) the specific CATEGORIES OF DATA used for such purposes;

    b) the manner in which such DATA is used, including whether it is used as input

46

data, training data, validation data, testing data, or for feature engineering;

c) the specific algorithms, models, or systems that use such DATA;

d) whether such DATA is aggregated, de-identified, anonymized, or otherwise transformed prior to such use, and how;

e) whether such DATA is combined with DATA from other sources, including THIRD-PARTY PARTNERS;

f) the purposes for which such algorithms, models, or systems are used, including but not limited to personalization, prediction, profiling, or product development;

g) any DOCUMENTS sufficient to show whether such use of DATA varies by PRODUCT, SERVICE, user type, or time period; and

h) whether any DATA collected through TRACKING TECHNOLOGIES is retained for future use in training or improving algorithms, models, or artificial intelligence systems, even if not currently used for such purposes.

Production shall not be limited to high-level descriptions, and shall include technical documentation, model documentation, training specifications, or other materials CONCERNING the actual use of such DATA.

**RESPONSE:**

47

**REQUEST NO. 153:**

All DOCUMENTS, including technical documentation and code repositories, sufficient to show how TRACKING TECHNOLOGIES are implemented within your PRODUCTS AND/OR SERVICES, including SDK integrations, tag management systems, or third-party libraries.

**RESPONSE:**

**REQUEST NO. 154:**

All DOCUMENTS CONCERNING agreements governing the use, operation, or data collection practices of any TRACKING TECHNOLOGY, including agreements with THIRD-PARTY PARTNERS.

**RESPONSE:**

**REQUEST NO. 155:**

All DOCUMENTS, including internal analyses, audits, or testing, CONCERNING the functionality, accuracy, or data collection behavior of TRACKING TECHNOLOGIES.

**RESPONSE:**

**Efficacy and Minimum Use**

**REQUEST NO. 156:**

All studies CONCERNING the efficacy of YOUR PRODUCTS AND/OR SERVICES.

**RESPONSE:**

48

**REQUEST NO. 157:**

All studies CONCERNING the recommended duration of daily or weekly use of YOUR PRODUCTS AND/OR SERVICES by STUDENTS.

**RESPONSE:**

**REQUEST NO. 158:**

All studies CONCERNING the required minimum duration of daily or weekly use of YOUR PRODUCTS AND/OR SERVICES by STUDENTS.

**RESPONSE:**

**REQUEST NO. 159:**

All studies CONCERNING the security of YOUR PRODUCTS AND/OR SERVICES.

**RESPONSE:**

**REQUEST NO. 160:**

All studies CONCERNING the privacy of YOUR PRODUCTS AND/OR SERVICES.

**RESPONSE:**

**REQUEST NO. 161:**

All COMMUNICATIONS between YOU and SCHOOL DISTRICTS CONCERNING the duration of recommended daily or weekly use, in minutes or hours, of YOUR PRODUCTS AND/OR SERVICES by STUDENTS.

**RESPONSE:**

49

**REQUEST NO. 162:**

All COMMUNICATIONS between YOU and SCHOOL DISTRICTS CONCERNING the required minimum daily or weekly use, in minutes or hours, of YOUR PRODUCTS AND/OR SERVICES by STUDENTS.

**RESPONSE:**


**REQUEST NO. 163:**

All DOCUMENTS CONCERNING YOUR awareness that SCHOOLS or SCHOOL DISTRICTS punish STUDENTS for not completing a minimum number of minutes with YOUR PRODUCTS AND/OR SERVICES each day or week.

**RESPONSE:**


**REQUEST NO. 164:**

All DOCUMENTS CONCERNING YOUR awareness that SCHOOLS or SCHOOL DISTRICTS punish teachers for not completing a minimum number of minutes with YOUR PRODUCTS AND/OR SERVICES each day or week.

**RESPONSE:**


**Plaintiffs and Plaintiffs' School Districts**

**REQUEST NO. 165:**

All DATA in YOUR possession, custody, and control pertaining to each named PLAINTIFF.

**RESPONSE:**

50

**REQUEST NO. 166:**

All COMMUNICATIONS between YOU and PLAINTIFFS' SCHOOLS or SCHOOL DISTRICTS CONCERNING the duration of recommended daily or weekly use, in minutes or hours, of YOUR PRODUCTS AND/OR SERVICES by STUDENTS at those schools or school districts.

**RESPONSE:**

**REQUEST NO. 167:**

All COMMUNICATIONS between YOU and PLAINTIFFS' SCHOOLS or SCHOOL DISTRICTS CONCERNING the duration of required minimum daily or weekly use, in minutes or hours, of YOUR PRODUCTS AND/OR SERVICES by STUDENTS at those schools or school districts.

**RESPONSE:**

**REQUEST NO. 168:**

All DOCUMENTS CONCERNING any thing of value YOU provided to any board member, administrator, teacher, employee, or other official associated with PLAINTIFFS' SCHOOLS or SCHOOL DISTRICTS.

**RESPONSE:**

51

**Sponsorships and Industry Associations**

**REQUEST NO. 169:**

All DOCUMENTS CONCERNING all SCHOOLS or SCHOOL DISTRICTS that YOU sponsor.

**RESPONSE:**

**REQUEST NO. 170:**

All DOCUMENTS CONCERNING all conferences that YOU sponsor.

**RESPONSE:**

**REQUEST NO. 171:**

All DOCUMENTS CONCERNING all conferences that YOUR employees or other representatives attend.

**RESPONSE:**

**REQUEST NO. 172:**

All DOCUMENTS CONCERNING all trade shows that YOUR employees or other representatives attend.

**RESPONSE:**

**REQUEST NO. 173:**

All DOCUMENTS CONCERNING all industry groups of which YOU are a member.

**RESPONSE:**

**REQUEST NO. 174:**

All DOCUMENTS CONCERNING all education-related professional organizations that YOU sponsor.

**RESPONSE:**

**REQUEST NO. 175:**

All DOCUMENTS CONCERNING all academic research that YOU sponsor.

**RESPONSE:**

**REQUEST NO. 176:**

All DOCUMENTS CONCERNING all research grants that YOU award.

**RESPONSE:**

**Deletion and Access Requests**

**REQUEST NO. 177:**

All DOCUMENTS and COMMUNICATIONS CONCERNING any request from SCHOOLS to delete DATA.

**RESPONSE:**

**REQUEST NO. 178:**

All DOCUMENTS and COMMUNICATIONS CONCERNING any request from SCHOOL DISTRICTS to delete DATA.

**RESPONSE:**

53

**REQUEST NO. 179:**

All DOCUMENTS and COMMUNICATIONS CONCERNING any request from PARENTS to delete DATA.

**RESPONSE:**

**REQUEST NO. 180:**

All DOCUMENTS and COMMUNICATIONS CONCERNING any request from PARENTS to access DATA.

**RESPONSE:**

**Software & Information Industry Association**

**REQUEST NO. 181:**

All DOCUMENTS CONCERNING YOUR relationship with the Software & Information Industry Association (SIIA).

**RESPONSE:**

**REQUEST NO. 182:**

All DOCUMENTS and COMMUNICATIONS CONCERNING SIIA submitting an *amicus* brief in any pending litigation.

**RESPONSE:**

54

**REQUEST NO. 183:**

All DOCUMENTS and COMMUNICATIONS CONCERNING YOUR efforts to coordinate an *amicus* brief with SIIA in *Cherkin et al v. PowerSchool Holdings, Inc.*, 3:2024-cv-02706 (N.D. Cal.).

**RESPONSE:**

**REQUEST NO. 184:**

All DOCUMENTS and COMMUNICATIONS CONCERNING any *amicus* brief that SIIA filed or intended to file in *Cherkin et al v. PowerSchool Holdings, Inc.*, 3:2024-cv-02706 (N.D. Cal.).

**RESPONSE:**

**Defenses**

**REQUEST NO. 185:**

All DOCUMENTS CONCERNING YOUR basis for each defense YOU raise or intend to raise to PLAINTIFFS' claims.

**RESPONSE:**

**REQUEST NO. 186:**

All DOCUMENTS CONCERNING YOUR basis for each affirmative defense YOU raise or intend to raise to PLAINTIFFS' claims.

**RESPONSE:**

**Data Breaches**

**REQUEST NO. 187:**

All DOCUMENTS, including COMMUNICATIONS, CONCERNING any data breach impacting any education technology company, including YOU.

**RESPONSE:**

**REQUEST NO. 188:**

All DOCUMENTS, including COMMUNICATIONS, CONCERNING any data breach impacting any of YOUR THIRD-PARTY PARTNERS.

**RESPONSE:**

**REQUEST NO. 189:**

All DOCUMENTS, including COMMUNICATIONS, CONCERNING any threat of a data breach impacting any education technology company, including YOU.

**RESPONSE:**

**REQUEST NO. 190:**

All DOCUMENTS, including COMMUNICATIONS, CONCERNING any threat of a data breach impacting any of YOUR THIRD-PARTY PARTNERS.

**RESPONSE:**

**REQUEST NO. 191:**

All DOCUMENTS, including COMMUNICATIONS, CONCERNING any hackers or hacker organizations.

**RESPONSE:**

**REQUEST NO. 192:**

All DOCUMENTS, including COMMUNICATIONS, CONCERNING any risk of data breaches impacting YOU.

**RESPONSE:**

**REQUEST NO. 193:**

All DOCUMENTS, including COMMUNICATIONS, CONCERNING any risk of data breaches impacting any of YOUR THIRD-PARTY PARTNERS.

**RESPONSE:**

**Response to Plaintiffs' Claims**

**REQUEST NO. 194:**

All COMMUNICATIONS with any of YOUR THIRD-PARTY PARTNERS regarding PLAINTIFFS' Claims.

**RESPONSE:**

**REQUEST NO. 195:**

All COMMUNICATIONS with any SCHOOLS regarding PLAINTIFFS' Claims.

**RESPONSE:**

**REQUEST NO. 196:**

All COMMUNICATIONS with any SCHOOL DISTRICTS regarding PLAINTIFFS'

Claims.

**RESPONSE:**

**REQUEST NO. 197:**

All COMMUNICATIONS with any media outlet regarding PLAINTIFFS' Claims.

**RESPONSE:**

**REQUEST NO. 198:**

All DOCUMENTS and COMMUNICATIONS between You and Heller Communications

regarding PLAINTIFFS' Claims.

**RESPONSE:**

**REQUEST NO. 199:**

All DOCUMENTS and COMMUNICATIONS concerning Dr. Jared Cooney Horvath.

**RESPONSE:**

58

**REQUEST NO. 200:**

All DOCUMENTS and COMMUNICATIONS concerning John Allen Wooden.

**RESPONSE:**


Dated:  June 24, 2026                    By:

                                         */s/ Karen Dahlberg O'Connell*
                                         Karen Dahlberg O'Connell
                                         Mass. BBO No. 659969
                                         **ALMEIDA LAW GROUP LLC**
                                         157 Columbus Ave, 4th Floor
                                         New York NY 10023
                                         (347) 395-5666
                                         karen@almeidalawgroup.com

                                         Julie U. Liddell*
                                         W. Andrew Liddell*
                                         **EdTech Law Center PLLC**
                                         904 Rio Grande, Suite 100
                                         Austin, TX 78701
                                         Phone: (512) 200-8028
                                         julie.liddell@edtech.law
                                         andrew.liddell@edtech.law

                                         Andrew Ready Tate*
                                         **PEIFFER WOLF CARR**
                                         **KANE CONWAY & WISE LLP**
                                         235 Peachtree St. NE, Suite 400
                                         Atlanta, GA 30303
                                         (314) 669-3600
                                         atate@peifferwolf.com

                                         Lori G. Feldman*
                                         **Hecht Partners LLP**
                                         125 Park Avenue, 25th Floor
                                         New York, NY 10017
                                         Main Phone: (212) 851-6821
                                         LFeldman@hechtpartners.com
                                         e-servicecapg@hechtpartners.com


                                         * *pro hac vice* granted

59

**CERTIFICATE OF SERVICE**

I, Karen Dahlberg O'Connell, hereby certify that on this 24th day of June 2026, the

foregoing document will be sent via electronic mail to the following counsel:

Matthew D. Brown
Cooley LLP
3 Embarcadero Center
Ste 20th Floor
San Francisco, CA 94111
t: 415-693-2188
f: 415-693-2222
brownmd@cooley.com

Celene Chen
Cooley LLP
500 Boylston Street
Boston, MA 02116-3736
t: 617-937-1421
celene.chen@cooley.com

Erika Brigantti Abraham
Cooley LLP
55 Hudson Yards
Ste 43w/209
New York, NY 10001
t: 910-297-1739
ebriganttiabraham@cooley.com

Naomi M Harralson May
Cooley LLP
Education Practice Group
1299 Pennsylvania Ave NW
Suite 700
Washington, DC 20004
t: 202-776-2820
nmay@cooley.com

Stephanie Schuyler
Cooley LLP
55 Hudson Yards
New York, NY 10001
t: 212-479-6747
sschuyler@cooley.com

/s/ Karen Dahlberg O'Connell
Karen Dahlberg O'Connell

# Exhibit B

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| M.C. 1 and M.C. 2, by and through their legal guardian NICOLE REISBERG, and M.C. 3 and M.C. 4, by and through their legal guardian LILA BYOCK, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> CURRICULUM ASSOCIATES, LLC, <br><br> Defendant. | Civ. No. 1:25-cv-13942-FDS <br><br> **PLAINTIFFS' FIRST SET OF INTERROGATORIES NOS. 1–14** |

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and Local Rules 26.1, 26.5, and 33.1, Plaintiffs M.C. 1 and M.C. 2, by and through their legal guardian Nicole Reisberg, and M.C. 3 and M.C. 4, by and through their legal guardian Lila Byock ("Plaintiffs"), submit this First Set of Interrogatories ("Interrogatories") to Defendant Curriculum Associates, LLC ("Defendant"). Plaintiffs request that Defendant serve written responses and produce any documents in response to these Interrogatories within thirty (30) days.

The information sought by the Interrogatories is relevant to the subject matter of the above-captioned action, is reasonably calculated to lead to the discovery of admissible evidence, and is believed to be known by Defendant.

**DEFINITIONS**

The following definitions apply to each of the Interrogatories set forth herein and are deemed to be incorporated in each of said Interrogatories, whether or not the terms are capitalized:

1.    Communication. The term "Communication" means the transmittal of information (in

1

the form of facts, ideas, inquiries, or otherwise).

2.      Document. The term "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a). A draft or nonidentical copy is a separate document within the meaning of this term.

3.      Identify (With Respect to Persons). When referring to a person, "to Identify" means to give, to the extent known, the person's full name, present or last known address, and, when referring to a natural person, the present or last known place of employment. Once a person has been identified in accordance with this subsection, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

4.      Identify (With Respect to Documents). When referring to documents, "to Identify" means to give, to the extent known, the (A) type of document; (B) general subject matter; (C) date of the document; and (D) author(s), addressee(s), and recipient(s).

5.      Parties. The terms "Plaintiff" and "Defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

6.      Person. The term "Person" is defined as any natural person or any business, legal, or governmental entity or association.

7.      Concerning. The term "Concerning" means referring to, describing, evidencing, or constituting.

8.      State the Basis. When an interrogatory calls upon a party to "State the Basis" of or for

2

a particular claim, assertion, allegation, or contention, the party shall (A) identify each and every document (and, where pertinent, the section, article, or subsection thereof), which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory; (B) identify each and every communication which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory; (C) state separately the acts or omissions to act on the part of any person (identifying the acts or omissions to act by stating their nature, time, and place and identifying the persons involved) which form any part of the party's information regarding the alleged facts or legal conclusions referred to in the interrogatory; and (D) state separately any other fact which forms the basis of the party's information regarding the alleged facts or conclusions referred to in the interrogatory.

9.      And and Or. The terms "And" and "Or" mean and/or.

10.     All Documents. The term "All Documents" means every Document, whether an original or copy.

11.     Application Programming Interface. The term "Application Programming Interface" refers to a set of rules and specifications that allows different software programs to communicate and interact with each other, enabling them to share data, features, and functionality.

12.     Category/Categories of Data. The term "Category of Data" or "Categories of Data" refers to the smallest discrete data element or data field collected by you. For example, if you are asked to Identify the Categories of Data you collect, a response that you collect "demographic information" is insufficiently specific, whereas a response that

3

you collect "demographic information, including name, date of birth, gender, home address, and all other Data elements you consider to be demographic information]" would be sufficiently specific.

13. Contract(s). The term "Contract(s)" shall be construed broadly to include any agreement that governs the terms of the relationship between two parties, including negotiated contracts, terms of use, terms of service, end user agreements, privacy policies, responsible use policies, clickwrap agreements, scrollwrap agreements, browsewrap agreements, sign-in-wrap agreements, joint venture agreements, licensing agreements, marketing agreements, and research and development agreements.

14. Data. The term "Data" means information collected, in any form and by any method, from Students by You or anyone with whom You Contract, partner, or otherwise work with to collect information about Students.

15. You and Your. The terms "You" and "Your" refer to Curriculum Associates, LLC, including any subsidiaries, affiliates, branches, divisions, predecessors, parent corporations, related corporate entities, controlling persons, controlled persons, officers, directors, employees, representatives, and/or agents (including attorneys, accountants, advisors and any other person acting or purporting to act on their behalf) of Curriculum Associates, LLC.

16. Investors. The term "Investors" means any person or entity from whom You seek investments in Your company, products, or services.

17. Key Performance Indicators. The term "Key Performance Indicators" refers to measurable values that demonstrate how effectively an organization is achieving its objectives.

4

18. Parent(s). The term "Parent(s)" means any parent or legal guardian of a Student who attends or attended a School or is or was enrolled in a School District that uses or used Defendant's products or services.

19. Products and/or Services. The terms "Products" and/or "Services" means any and all education technology platforms, applications, software, systems, programs, and related products and services developed, offered, licensed, sold, or otherwise provided by Defendant for use in K-12 educational settings, including but not limited to the i-Ready Diagnostic and Diagnostic Reports, the i-Ready Standards Mastery and Standards Mastery Reports, and the i-Ready Personalized Instruction Products

20. School(s). The term "School(s)" means any pre-school, elementary school, middle school, junior high school, high school, trade school, or other institution, whether public or private in the United States, with whom You have contracted.

21. School District(s). The term "School District(s)" refers to the local administration agency or entity that administers Schools within a defined geographical area.

22. Student(s). The term "Student(s)" means any person who attends or attended a School or is or was enrolled in a School that uses or used Defendant's Products or Services.

23. Third-party Partner(s). The term "Third-party Partner(s)" means any person or entity that uses or has access to Data other than Schools, School Districts, or Students, or a person or entity to whom You are trying to sell Your Products and/or Services.

24. Tracking Technology. The term Tracking Technology means any technology used to collect, monitor, record, infer, or transmit information about a user or device, including but not limited to cookies, pixels, SDKs, APIs, tags, scripts, browser or device fingerprinting, session replay tools, or similar technologies.

5

**INSTRUCTIONS**

1.  Unless otherwise stated, the applicable time period for these Interrogatories shall begin on January 1, 2020 and continue through the present.

2.  The singular includes the plural, and vice versa. The masculine includes the feminine and neuter genders.

3.  Each Interrogatory is to be answered fully, and You must divulge all information that is in your possession or available to You, specifically including such information as to which You may provide facts only upon information and belief. Answers shall include, but not be limited to, information and Documents in the custody, control or possession of Your investigators, accountants, consultants, employees, attorneys or other agents. Where facts set forth in answers or portions thereof are supplied upon information and belief, rather than upon actual knowledge, the answer should so state and specifically describe or Identify the source or sources of such information and belief. If you cannot answer an Interrogatory in full, after exercising due diligence to secure the information requested, so state and answer to the fullest extent possible, specifying your inability to answer the remainder and stating whatever information or knowledge you have Concerning the unanswered portion.

4.  If You contend that the answer to any Interrogatory is privileged, in whole or in part, or otherwise object to any part of any Interrogatory, or that an identified Document may be withheld regardless of its relevance, state the reasons for such objection or grounds for exclusion, and Identify each Person having knowledge of the factual basis, if any, upon which the privilege or other ground is asserted.

5.  To the extent that You elect to produce Documents in response to any Interrogatory,

6

You must produce those Documents in their entirety, without abbreviation or redaction with all non-identical copies and drafts thereof, including any Document appended to, included therewith, incorporated by or referred to in the Document and all file folders in which any such Document is contained.

6. To the extent that You elect to produce Documents that comprise electronically stored information in response to any Interrogatory, electronically stored information shall be produced in native file format to the extent that such native files are in a directly obtainable medium, and should include all reasonably accessible metadata, without any alterations. Documents that comprise electronically stored information that does not exist in a directly obtainable medium shall be translated into a reasonably usable form that preserves all metadata, without any alterations, for such Documents.

7. You are under a continuing obligation to supplement your answers to these Interrogatories under the circumstances specified in Fed. R. Civ. P. 26(e). If after responding to the Interrogatories, You become aware of, generate, or acquire any additional information responsive to the Interrogatories, You are required to supplement Your responses to the Interrogatories.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Identify each of YOUR PRODUCTS and/or SERVICES that collects DATA, uses DATA, or discloses DATA to any third party, including but not limited to SCHOOLS, SCHOOL DISTRICTS, and THIRD-PARTY PARTNERS.

**RESPONSE:**

7

**INTERROGATORY NO. 2:**

For each PRODUCT and/or SERVICE identified in response to Interrogatory No.1, IDENTIFY each CONTRACT YOU contend governs the relationship between YOU and a user of that PRODUCT and/or SERVICE, including PARENTS, STUDENTS, SCHOOL DISTRICTS, and THIRD-PARTY PARTNERS.

**RESPONSE:**

**INTERROGATORY NO. 3:**

For each PRODUCT and/or SERVICE identified in response to Interrogatory No. 1 identify each CATEGORY OF DATA collected by each, and for each such CATEGORY OF DATA IDENTIFY:

a) each third party, including but not limited to SCHOOLS, SCHOOL DISTRICTS, or THIRD-PARTY PARTNERS, to whom that CATEGORY OF DATA is disclosed; and

b) how, when, and why YOU collect that CATEGORY OF DATA, including the specific user actions, events, or system processes that result in the collection of such DATA.

**RESPONSE:**

8

**INTERROGATORY NO. 4:**

To the extent YOU contend that consent is a defense or affirmative defense to PLAINTIFFS' claims, STATE THE BASIS for YOUR contention that YOU obtained consent to collect, use, or disclose DATA.

**RESPONSE:**

**INTERROGATORY NO. 5:**

IDENTIFY all ways in which YOU monetize DATA collected from STUDENTS who use YOUR PRODUCTS and/or SERVICES.

**RESPONSE:**

**INTERROGATORY NO. 6:**

IDENTIFY all individuals with knowledge of the facts responsive to these Interrogatories, and for each, state the subject(s) on which they have knowledge.

**RESPONSE:**

**INTERROGATORY NO. 7:**

IDENTIFY each TRACKING TECHNOLOGY that YOU use or have ever used in connection with any of YOUR PRODUCTS and/or SERVICES to collect, monitor, record, infer, or transmit DATA, or to identify or partially identify a user or device. For each TRACKING TECHNOLOGY so identified, IDENTIFY:

    a) the name of the TRACKING TECHNOLOGY and its provider;

    b) each PRODUCT, SERVICE, or website in which the TRACKING TECHNOLOGY

9

is or was deployed;

c) the dates during which the TRACKING TECHNOLOGY was used;

d) the CATEGORIES OF DATA collected, assigned, generated, inferred, or transmitted by the TRACKING TECHNOLOGY (including all identifiers such as persistent identifiers, device identifiers, user IDs, session IDs, or cookies);

e) the specific events, triggers, or user interactions that cause the TRACKING TECHNOLOGY to collect or transmit DATA;

f) whether DATA collected by the TRACKING TECHNOLOGY is or was transmitted to any THIRD-PARTY PARTNER, and if so, identify each such THIRD-PARTY PARTNER and describe the manner and timing of such transmission;

g) whether any THIRD-PARTY PARTNER receives DATA directly from a user's device or browser, as opposed to receiving such DATA solely from YOU;

h) the purpose(s) for which the TRACKING TECHNOLOGY is used, including but not limited to analytics, personalization, profiling, marketing, advertising, or revenue generation; and

i) whether DATA collected through the TRACKING TECHNOLOGY is linked, combined, or associated with other DATA to create profiles or to identify users across devices, sessions, or platforms.

**RESPONSE:**

**INTERROGATORY NO. 8:**

State whether YOUR DATA-collection practices, including metadata collection practices for STUDENTS using YOUR PRODUCTS and/or SERVICES, vary by SCHOOL or SCHOOL

10

DISTRICT, and if so, explain how those DATA-collection practices vary by SCHOOL or SCHOOL DISTRICT.

**RESPONSE:**

**INTERROGATORY NO. 9:**

IDENTIFY each third party, including but not limited to SCHOOLS, SCHOOL DISTRICTS, and THIRD-PARTY PARTNERS, with whom YOU share, disclose, or otherwise allow to use DATA, and for each third party so identified, IDENTIFY:

a) the CATEGORIES OF DATA that YOU share with that third party, and how such DATA is transmitted, including whether such DATA is transmitted directly from a user's device or through YOU; and

b) the purposes for which YOU share each CATEGORY OF DATA with that third party.

**RESPONSE:**

**INTERROGATORY NO. 10:**

Identify each entity YOU have acquired that has contributed to YOUR PRODUCTS and/or SERVICES, whether acquired by purchase, merger, or any other means, and for each entity so identified:

a) describe the assets that were acquired; and

b) describe how YOU integrated or otherwise made available any acquired product or service into YOUR PRODUCTS and/or SERVICES.

**RESPONSE:**

11

**INTERROGATORY NO. 11:**

IDENTIFY all methods through which YOU de-identify any DATA collected by YOUR PRODUCTS and/or SERVICES, including all steps and processes required to implement each method, and for all de-identified DATA, state whether YOU have a method by which YOU can re-identify DATA.

**RESPONSE:**

**INTERROGATORY NO. 12:**

For each PRODUCT and/or SERVICE identified in response to Interrogatory No. 1, describe in detail the flow of DATA from the point at which it is collected from a user or device through its storage, processing, use, and disclosure, including:

a) how DATA is initially collected (including whether from a browser, application, or device);

b) whether and how DATA is transmitted to YOU or any THIRD-PARTY PARTNER, including whether such transmission occurs directly from a user's device or through YOU;

c) where DATA is stored (including systems, databases, or cloud providers);

d) how DATA is processed, analyzed, or transformed; and

e) how DATA is ultimately used or disclosed.

**RESPONSE:**

12

**INTERROGATORY NO. 13:**

Identify all methods by which YOU associate DATA with a specific user, device, account, or household, including any use of identifiers, and for each such method:

a)  IDENTIFY the identifiers used;

b)  describe how such identifiers are assigned or collected;

c)  describe how such identifiers are used to link DATA across sessions, devices, or platforms; and

d)  IDENTIFY all DATA that is associated or linked using such identifiers.

**RESPONSE:**


**INTERROGATORY NO. 14:**

To the extent YOU contend that any DATA collected through YOUR PRODUCTS and/or SERVICES are "education records" under FERPA, STATE THE BASIS for YOUR contention that DATA collected through YOUR PRODUCTS and/or SERVICES are "education records" under FERPA.

**RESPONSE:**

13

Dated:  June 24, 2026

By:

/s/ Karen Dahlberg O'Connell
Karen Dahlberg O'Connell
Mass. BBO No. 659969
**ALMEIDA LAW GROUP LLC**
157 Columbus Ave, 4th Floor
New York NY 10023
(347) 395-5666
karen@almeidalawgroup.com

Julie U. Liddell*
W. Andrew Liddell*
**EdTech Law Center PLLC**
904 Rio Grande, Suite 100
Austin, TX 78701
Phone: (512) 200-8028
julie.liddell@edtech.law
andrew.liddell@edtech.law

Andrew Ready Tate*
**PEIFFER WOLF CARR**
**KANE CONWAY & WISE LLP**
235 Peachtree St. NE, Suite 400
Atlanta, GA 30303
(314) 669-3600
atate@peifferwolf.com

Lori G. Feldman*
**Hecht Partners LLP**
125 Park Avenue, 25th Floor
New York, NY 10017
Main Phone: (212) 851-6821
LFeldman@hechtpartners.com
e-servicecapg@hechtpartners.com

* *pro hac vice* granted

14

**CERTIFICATE OF SERVICE**

I, Karen Dahlberg O'Connell, hereby certify that on this 24th day of June 2026, the

foregoing document will be sent via electronic mail to the following counsel:

Matthew D. Brown
Cooley LLP
3 Embarcadero Center
Ste 20th Floor
San Francisco, CA 94111
t: 415-693-2188
f: 415-693-2222
brownmd@cooley.com

Celene Chen
Cooley LLP
500 Boylston Street
Boston, MA 02116-3736
t: 617-937-1421
celene.chen@cooley.com

Erika Brigantti Abraham
Cooley LLP
55 Hudson Yards
Ste 43w/209
New York, NY 10001
t: 910-297-1739
ebriganttiabraham@cooley.com

Naomi M Harralson May
Cooley LLP
Education Practice Group
1299 Pennsylvania Ave NW
Suite 700
Washington, DC 20004
t: 202-776-2820
nmay@cooley.com

Stephanie Schuyler
Cooley LLP
55 Hudson Yards
New York, NY 10001
t: 212-479-6747
sschuyler@cooley.com

/s/ Karen Dahlberg O'Connell
Karen Dahlberg O'Connell

15

# Exhibit C

| From: | Karen Dahlberg O'Connell <karen@almeidalawgroup.com> |
|---|---|
| Sent: | Monday, July 13, 2026 6:08 AM |
| To: | Schuyler, Stephanie J.; Basirico, Kelton N.; Brown, Matthew D. |
| Cc: | 'Julie Liddell'; May, Naomi; 'Andrew Liddell'; Garrett Syke |
| Subject: | RE: Reisberg et al. v. Curriculum Associates, LLC |

**CAUTION: This Message Is From an External Sender**
This message came from outside your organization.

Hi Stephanie,

Thanks for outlining your position below. Plaintiffs consent to a brief extension of Curriculum Associates' deadline to respond to the discovery requests until after the Court has resolved the forthcoming motion for a stay.

**Karen Dahlberg O'Connell**
Partner | Almeida Law Group
Direct: 347.395.5666
karen@almeidalawgroup.com
www.almeidalawgroup.com

From: Schuyler, Stephanie J. <sschuyler@cooley.com>
Sent: Saturday, July 11, 2026 6:45 AM
To: Karen Dahlberg O'Connell <karen@almeidalawgroup.com>; Basirico, Kelton N. <kbasirico@cooley.com>; Brown, Matthew D. <BROWNMD@cooley.com>
Cc: 'Julie Liddell' <julie.liddell@edtech.law>; May, Naomi <nmay@cooley.com>; 'Andrew Liddell' <andrew.liddell@edtech.law>
Subject: RE: Reisberg et al. v. Curriculum Associates, LLC

Karen,

Thank you for taking the time to speak to us earlier this week about our proposed motion to stay discovery, and for sending the below proposal. We appreciate your stated intent in sending the below proposal to decrease the immediate burden on our client.

Unfortunately, phasing response deadlines as Plaintiffs propose does nothing to decrease the burden on Curriculum Associates – all it does is kick the can down the road, extending that burden over time. It also does nothing to address our concern that some or all of the discovery could be mooted by the Court's decision on Curriculum Associates' pending motion to dismiss. As a result, we cannot agree to Plaintiffs' proposal and will move forward with filing our motion for a stay.

We would ask, however, that Plaintiffs consent to a brief extension of Curriculum Associates' deadline to respond to the discovery requests until after the Court has resolved our motion for a stay. Please advise whether Plaintiffs will consent to such an extension.

1

Best,
Stephanie

Stephanie Schuyler
Cooley LLP
55 Hudson Yards
New York, NY 10001-2157
+1 212 479 6747 office
+1 212 479 6275 fax
+1 978 852 4059 mobile
sschuyler@cooley.com
Pronouns: she, her, hers

**From:** Karen Dahlberg O'Connell <karen@almeidalawgroup.com>
**Sent:** Tuesday, July 7, 2026 10:06 PM
**To:** Basirico, Kelton N. <kbasirico@cooley.com>; Brown, Matthew D. <BROWNMD@cooley.com>
**Cc:** 'Julie Liddell' <julie.liddell@edtech.law>; May, Naomi <nmay@cooley.com>; Schuyler, Stephanie J. <sschuyler@cooley.com>; 'Andrew Liddell' <andrew.liddell@edtech.law>
**Subject:** RE: Reisberg et al. v. Curriculum Associates, LLC

Thanks for taking the time to meet and confer with us regarding your proposed motion to stay discovery.

As discussed, Plaintiffs are unwilling to agree to a blanket stay of discovery, but we will agree to a rolling discovery response schedule as set forth below subject to the following conditions:

>    (a) should the Court issue a ruling on the motion to dismiss the complaint that does not dismiss all causes of action, responses to all outstanding discovery requests will be due 45 days after the Court's ruling; and

>    (b) Defendant reserves the right to move to stay discovery at any point after another meet and confer (meaning Defendant can decide to move for a blanket stay after agreeing to the schedule below).

Plaintiffs' proposed schedule:
- By 8/7:
    - Interrogatory 1: Identify each of YOUR PRODUCTS and/or SERVICES that collects DATA, uses DATA, or discloses DATA to any third party, including but not limited to SCHOOLS, SCHOOL DISTRICTS, and THIRD-PARTY PARTNERS.
    - Interrogatory 3: For each PRODUCT and/or SERVICE identified in response to Interrogatory No. 1 identify each CATEGORY OF DATA collected by each, and for each such CATEGORY OF DATA IDENTIFY:
        - each third party, including but not limited to SCHOOLS, SCHOOL DISTRICTS, or THIRD-PARTY PARTNERS, to whom that CATEGORY OF DATA is disclosed; and
        - how, when, and why YOU collect that CATEGORY OF DATA, including the specific user actions, events, or system processes that result in the collection of such DATA.
    - RFP 43: DOCUMENTS sufficient to show how DATA is stored after it is collected.
    - RFP 48: DOCUMENTS sufficient to show the process for DATA deletion.
    - RFP 51: DOCUMENTS sufficient to show which DATA has been deleted by YOU.
- By 9/4:
    - Interrogatory 5: IDENTIFY all ways in which YOU monetize DATA collected from STUDENTS who use YOUR PRODUCTS and/or SERVICES.
    - RFP 29: DOCUMENTS sufficient to show what DATA is collected by YOU from STUDENTS at SCHOOLS or SCHOOL DISTRICTS that use YOUR PRODUCTS and/or SERVICES.

2

- o RFP 31: DOCUMENTS sufficient to show how YOU use each CATEGORY OF DATA identified in response to Interrogatory No. 3.
  - o RFP 32: DOCUMENTS sufficient to show who has access to DATA collected by YOU, including any THIRD-PARTY PARTNERS.
  - o RFP 33: DOCUMENTS sufficient to show how DATA is combined, aggregated, or processed by YOU.
  - o RFP 34: All DOCUMENTS CONCERNING the sale of DATA by YOU to any PERSON, and whether that DATA is aggregated, disaggregated, anonymized, or manipulated in any way.
- By 10/2:
  - o RFP 35: All DOCUMENTS identifying, discussing, or explaining the educational purposes for which YOU collect each CATEGORY OF DATA.
  - o RFP 36: DOCUMENTS sufficient to show both how and by whom an "educational purpose" is defined.
  - o RFP 41: All DOCUMENTS, including all COMMUNICATIONS, CONCERNING how YOU use DATA to generate revenues.
  - o RFP 52: All DOCUMENTS that YOU believe demonstrate that anyone consented to YOUR collection, use, or storage of DATA.
  - o RFPs 62-65: [Technical section]
  - o RFP 102: All DOCUMENTS disclosed by YOU in YOUR initial disclosures.
  - o RFP 103: All DOCUMENTS in YOUR possession, custody, or control disclosed by PLAINTIFFS in PLAINTIFFS' initial disclosures.
  - o RFP 107: DOCUMENTS sufficient to show YOUR qualification as a "school official" under the Family Educational Rights and Privacy Act (FERPA).
  - o RFPs 131-140 [Damages section]
- By 10/30:
  - o RFPs 124-130 [Specific Third Parties section]
  - o RFPs 141-155 [Tracking Technologies section]
- By 12/4:
  - o Remaining RFP and Interrogatory responses.

As I mentioned during the call, this is a proposed starting point. Please let us know if you would like to move some dates or discovery requests. We hope we can agree on a plan that works for both sides.

**Karen Dahlberg O'Connell**
Partner | Almeida Law Group
Direct: 347.395.5666
karen@almeidalawgroup.com
www.almeidalawgroup.com

---

**From:** Basirico, Kelton N. <kbasirico@cooley.com>
**Sent:** Tuesday, July 7, 2026 5:44 AM
**To:** Andrew Liddell <andrew.liddell@edtech.law>
**Cc:** Karen Dahlberg O'Connell <karen@almeidalawgroup.com>; Julie Liddell <julie.liddell@edtech.law>; Brown, Matthew D. <BROWNMD@cooley.com>; May, Naomi <nmay@cooley.com>; Schuyler, Stephanie J. <sschuyler@cooley.com>
**Subject:** RE: Reisberg et al. v. Curriculum Associates, LLC

Tomorrow at 6:30 pm PT works on our end.  I will circulate an updated invite.

3

Kelton Sahagian
Cooley LLP

+1 310 569 5206
kbasirico@cooley.com

---

**From:** Andrew Liddell <andrew.liddell@edtech.law>
**Sent:** Monday, July 6, 2026 1:32 PM
**To:** Basirico, Kelton N. <kbasirico@cooley.com>
**Cc:** Karen Dahlberg O'Connell <karen@almeidalawgroup.com>; Julie Liddell <julie.liddell@edtech.law>; Brown, Matthew D. <BROWNMD@cooley.com>; May, Naomi <nmay@cooley.com>; Schuyler, Stephanie J. <sschuyler@cooley.com>
**Subject:** Re: Reisberg et al. v. Curriculum Associates, LLC

I'm on a flight at that time and need to be there.

How's tomorrow look?

> On Jul 6, 2026, at 10:16 AM, Basirico, Kelton N. <kbasirico@cooley.com> wrote:
>
> Hi Karen,
>
> We are available today at 6:30 pm PT.  If that works for you, I'll circulate an invite.
>
> Best,
> Kelton
>
> Kelton Sahagian
> Cooley LLP
>
> +1 310 569 5206
> kbasirico@cooley.com

---

**From:** Karen Dahlberg O'Connell <karen@almeidalawgroup.com>
**Sent:** Monday, July 6, 2026 12:59 AM
**To:** Basirico, Kelton N. <kbasirico@cooley.com>; 'julie.liddell@edtech.law' <julie.liddell@edtech.law>; 'andrew.liddell@edtech.law' <andrew.liddell@edtech.law>
**Cc:** Brown, Matthew D. <BROWNMD@cooley.com>; May, Naomi <nmay@cooley.com>; Schuyler, Stephanie J. <sschuyler@cooley.com>
**Subject:** RE: Reisberg et al. v. Curriculum Associates, LLC

Hi Kelton,

I am currently traveling and am 15 hours ahead of CA time. Can we do our meet and confer on Monday 7/13 when I am back in NY?

If you are unwilling to wait until next week, can you make yourself available at or after 6:30 p.m. your time?

**Karen Dahlberg O'Connell**
Partner | Almeida Law Group

4

Direct: 347.395.5666
karen@almeidalawgroup.com
www.almeidalawgroup.com

---

**From:** Basirico, Kelton N. <kbasirico@cooley.com>
**Sent:** Friday, July 3, 2026 11:53 AM
**To:** Karen Dahlberg O'Connell <karen@almeidalawgroup.com>; julie.liddell@edtech.law; andrew.liddell@edtech.law
**Cc:** Brown, Matthew D. <BROWNMD@cooley.com>; May, Naomi <nmay@cooley.com>; Schuyler, Stephanie J. <sschuyler@cooley.com>
**Subject:** Reisberg et al. v. Curriculum Associates, LLC

Counsel,

We are in receipt of Plaintiffs' First Set of Interrogatories and First Set of Requests for Production. Given that Curriculum Associates' motion to dismiss is currently pending before the Court and may dispose of the case entirely, Curriculum Associates intends to move to stay discovery pending resolution of the motion.

Please let us know your availability on Monday (7/6) to meet and confer on this issue so that we can determine whether formal motion practice is necessary.

Best,
Kelton

Kelton Sahagian
Cooley LLP
350 S. Grand Avenue, Suite 3200
Los Angeles, CA 90071
+1 213 561 3250 office
+1 213 561 3244  fax
kbasirico@cooley.com

www.cooley.com

---

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

---

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

---

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.