## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

M.C. 1 and M.C. 2, by and through their
legal guardian NICOLE REISBERG, and
M.C. 3 and M.C. 4, by and through their
legal guardian LILA BYOCK,
individually and on behalf of all others
similarly situated,

       Plaintiffs,

v.

CURRICULUM ASSOCIATES, LLC,

       Defendant.

Civ. No. 1:25-cv-13942-FDS

## DEFENDANT CURRICULUM ASSOCIATES, LLC'S
## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STAY DISCOVERY

**TABLE OF CONTENTS**

I.    INTRODUCTION.................................................................................................... 1

II.   BACKGROUND ..................................................................................................... 1

III.  LEGAL STANDARDS ........................................................................................... 3

IV.   ARGUMENT ........................................................................................................... 3

      A.    Good Cause Exists to Stay Discovery................................................... 3

      B.    A Stay Would Be Reasonable in Duration and Non-Prejudicial..................... 4

V.    CONCLUSION ....................................................................................................... 4

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Aponte-Torres v. Univ. of Puerto Rico*,
  445 F.3d 50 (1st Cir. 2006) ................................................................................3

*Channing Bete Co., Inc. v. Greenberg*,
  2021 WL 4398510 (D. Mass. Sept. 27, 2021) ....................................................4

*Dicenzo v. Mass. Dep't of Corr.*,
  2016 WL 158505 (D. Mass. Jan. 13, 2016) ......................................................3, 4

*Hillside Plastics, Inc. v. Dominion & Grimm U.S.A., Inc.*,
  2018 WL 3727365 (D. Mass. Aug. 6, 2018) ........................................................3

*Kolley v. Adult Prot. Servs.*,
  725 F.3d 581 (6th Cir. 2013) ..............................................................................3

*Marquis v. F.D.I.C.*,
  965 F.2d 1148 (1st Cir. 1992) .............................................................................3

*Microfinancial, Inc. v. Premier Holidays Int'l, Inc.*,
  385 F.3d 72 (1st Cir. 2004) .................................................................................3

*Petrus v. Bowen*,
  833 F.2d 581 (5th Cir. 1987) ..............................................................................3

*Steward Health Care Sys. LLC v. Southcoast Health Sys., Inc.*,
  2016 WL 11004353 (D. Mass. June 15, 2016) ....................................................3

## I.    INTRODUCTION

Curriculum Associates respectfully moves to stay all discovery pending resolution of its fully briefed Motion to Dismiss (the "Motion").  If granted, the Motion will resolve this case in its entirety.  Although no initial scheduling conference has been held and no Rule 16 order has been entered, Plaintiffs have served 200 requests for production and 14 multi-part interrogatories. Requiring Curriculum Associates to respond to that volume of discovery before the Court has determined whether any claim survives would impose significant burden and expense that may prove entirely unnecessary.  Good cause exists to stay discovery: the Motion presents threshold, case-dispositive legal questions fit for resolution without discovery, a stay will not cause Plaintiffs undue delay or prejudice, and a stay will conserve both party and judicial resources.

## II.    BACKGROUND

Plaintiffs filed their Complaint against Curriculum Associates on December 22, 2025, asserting claims for violations of the Federal Wiretap Act, California Invasion of Privacy Act, Comprehensive Computer Data Access and Fraud Act, and Massachusetts Right to Privacy Act, and for unjust enrichment and negligence.  (ECF No. 1).  On February 27, 2026, Curriculum Associates moved to dismiss for lack of Article III standing under Fed. R. Civ. P. 12(b)(1) and for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  (ECF Nos. 37, 38).  Plaintiffs opposed the Motion on April 3, 2026 (ECF No. 39), and Curriculum Associates replied on April 28, 2026 (ECF No. 40).  The Motion is fully briefed and currently pending before the Court.

The Court has not conducted an initial scheduling conference or issued a Rule 16 order. Nonetheless, on June 24, 2026, Plaintiffs served Curriculum Associates with 14 multi-part interrogatories and 200 requests for production ("RFPs").  *See* Affidavit of Matthew D. Brown ("Brown Aff."), Exs. A, B.  The requests are sweeping.  They broadly seek "all information related

to," among other things, contracts, communications, disclosures, and technical records concerning Curriculum Associates' alleged collection, use, and storage of student data. They also demand materials with no connection to any claim in the case, including Curriculum Associates' communications with investors, acquisition-related pitch materials, information about trade shows and conferences, academic research and research grants, recruitment and procurement efforts, deletion requests, and communications about third parties unrelated to this litigation—for example, a blogger who has publicly criticized the company. *See, e.g.*, *id.*, Ex. A at RFP Nos. 90, 101, 172, 175, 200.

During a meet-and-confer videoconference on July 7, 2026[1], Curriculum Associates informed Plaintiffs of its intention to move to stay discovery pending resolution of its motion to dismiss and explained the basis for this motion (as discussed herein). *Id.* ¶ 4–5. Plaintiffs did not agree to stay discovery and, instead, proposed a tiered approach under which Curriculum Associates would respond to the pending discovery requests over a period of several months through December 4, 2026, with staggered deadlines for specific interrogatories and RFPs selected by Plaintiffs. *Id.* ¶ 6; *see also id.*, Ex. C. Plaintiffs further proposed that, if the Court's ruling on the Motion were not to dismiss all causes of action, the proposal would expire, and responses to *all* outstanding discovery requests would be due forty-five (45) days after the Court's ruling. *Id.*

Plaintiffs' proposal does not address the fundamental basis for this motion: that Curriculum Associates could be forced to incur significant time and expense responding to discovery—and that both party and judicial resources could be wasted resolving premature discovery disputes—

---

[1] Matthew D. Brown, Naomi Miyeko Harralson May, Stephanie Schuyler, and Kelton Sahagian attended the meet-and-confer on behalf of Curriculum Associates; and Karen Dahlberg O'Connell and Andrew Liddell attended on behalf of Plaintiffs. *Id.* ¶ 4. The conference lasted approximately 20 minutes. *Id.*

that would be rendered entirely unnecessary if the Court grants the Motion.

### III.   LEGAL STANDARDS

"[F]ederal courts possess the inherent power to stay proceedings for prudential reasons[,]" *Microfinancial, Inc. v. Premier Holidays Int'l, Inc.*, 385 F.3d 72, 77 (1st Cir. 2004), including "to stay discovery until preliminary questions that may dispose of the case are determined[,]" *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). *See also Hillside Plastics, Inc. v. Dominion & Grimm U.S.A., Inc.*, 2018 WL 3727365, at *2 (D. Mass. Aug. 6, 2018) ("A pending dispositive motion constitutes good cause for a stay of discovery."). A stay is appropriate where (1) good cause exists for its issuance and (2) the stay is reasonable in duration and supported by the balance of the equities. *Marquis v. F.D.I.C.,* 965 F.2d 1148, 1155 (1st Cir. 1992); *Dicenzo v. Mass. Dep't of Corr.*, 2016 WL 158505, at *1 (D. Mass. Jan. 13, 2016).

### IV.   ARGUMENT

#### A.   Good Cause Exists to Stay Discovery.

Curriculum Associates' Motion to Dismiss challenges every claim in the Complaint. If granted, it will resolve this case in its entirety, leaving no basis for any discovery. The Motion turns on standing and pleading sufficiency confined to the four corners of the Complaint that discovery will not inform. *See Aponte-Torres v. Univ. of Puerto Rico*, 445 F.3d 50, 59 (1st Cir. 2006) (affirming stay where discovery would be irrelevant to the Court's resolution of the dispositive motion). Courts routinely stay discovery in these circumstances. *See, e.g.*, *Dicenzo*, 2016 WL 158505, at *2 (citing *Kolley v. Adult Prot. Servs.*, 725 F.3d 581, 587 (6th Cir. 2013)) ("good cause exists to stay discovery pending the resolution of [] dispositive motions"); *Steward Health Care Sys. LLC v. Southcoast Health Sys., Inc.*, 2016 WL 11004353, at *2 (D. Mass. June 15, 2016) ("it makes little sense to force either side to go through expensive discovery where all, or part, of the case may be dismissed").

Requiring Curriculum Associates to respond to 200 RFPs and 14 interrogatories—many of which seek materials unrelated to any claim—while the Motion is pending would impose substantial and potentially unnecessary cost.  A stay would ensure that any discovery is properly tailored to the claims that survive, if any.

### B.    A Stay Would Be Reasonable in Duration and Non-Prejudicial.

The Motion to Dismiss is fully briefed.  No scheduling conference has been held.  No trial date has been set.  A stay would last only until the Court rules on the Motion—a modest and finite period that will not prejudice Plaintiffs.  *See Dicenzo*, 2016 WL 158505, at *2 (finding "relatively brief delay" in receipt of discovery reasonable where dispositive motions were pending); *see also Channing Bete Co., Inc. v. Greenberg*, 2021 WL 4398510, at *2–3 (D. Mass. Sept. 27, 2021) (same).  A stay also conserves judicial resources by avoiding premature discovery disputes over the scope of Plaintiffs' sweeping requests, which the Court would otherwise need to resolve before it is even known whether any claims survive.

### V.    CONCLUSION

For the foregoing reasons, Curriculum Associates respectfully requests that the Court stay all discovery pending resolution of the Motion to Dismiss and any subsequent motion to dismiss filed in the event the Court grants the Motion without prejudice.  Curriculum Associates further requests that the Court direct the Parties to submit a proposed discovery schedule within thirty (30) days of expiration of the stay.

|                          | Respectfully submitted,<br>Curriculum Associates, LLC<br>By its attorneys, |
|--------------------------|---|
|                          | COOLEY LLP |
| Dated: July 14, 2026     | */s/ Matthew D. Brown*_____<br>Matthew D. Brown<br>brownmd@cooley.com<br>(Admitted *Pro Hac Vice*) |

3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

Naomi Miyeko Harralson May
nmay@cooley.com
(Admitted *Pro Hac Vice*)
10265 Science Center Drive
San Diego, CA  92121-1117
Telephone: (858) 550-6000
Facsimile: (858) 550-6420

Stephanie J. Schuyler
sschuyler@cooley.com
(Admitted *Pro Hac Vice*)
Erika P. Brigantti Abraham
ebriganttiabraham@cooley.com
(Admitted *Pro Hac Vice*)
55 Hudson Yards
New York, NY  10001-2157
Telephone: (212) 479-6000
Facsimile: (212) 479-6275

Celene C. Chen
celene.chen@cooley.com
500 Boylston Street
Boston, MA  02116-3736
Telephone: (617) 937-2300
Facsimile: (617) 937-2400

5

## LOCAL RULE 37.1 CERTIFICATION

I, Matthew D. Brown, hereby certify that counsel for the moving party met and conferred via videoconference and by e-mail with counsel for Plaintiffs, that the Parties did not come to an agreement, and that all other provisions of Local Rule 37.1 have been complied with.

/s/ Matthew D. Brown
Matthew D. Brown

6

## CERTIFICATE OF SERVICE

I, Matthew D. Brown, hereby certify that on this 14th day of July 2026, the foregoing document, filed through the ECF system, will be sent electronically to the registered participants on the Notice of Electronic Filing, and paper copies will be sent to any non-registered participants.

/s/ Matthew D. Brown
Matthew D. Brown
