# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| M.C. 1 and M.C. 2, by and through their legal guardian NICOLE REISBERG, and M.C. 3 and M.C. 4, by and through their legal guardian LILA BYOCK, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CURRICULUM ASSOCIATES, LLC,<br><br>Defendant. | Civ. No. 1:25-cv-13942-FDS |

## PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER

**TABLE OF CONTENTS**

I.      INTRODUCTION ................................................................................................................1

II.     FACTUAL BACKGROUND ..............................................................................................2

        A.      Plaintiffs Propounded Discovery Requests, but Defendant Has Not Produced Any Documents in This Action..................................................................................2

        B.      Defendant Has Not Identified the Data it Seeks to Delete. ...................................2

III.    ARGUMENT .......................................................................................................................3

        A.      Curriculum Associates Has a Duty to Preserve the Data at Issue. ........................3

        B.      The Court Cannot Adequately Assess Whether Preservation is Proportionate to the Needs of This Case Because Curriculum Associates Has Failed to Identify the Data it Seeks to Delete. ...............................................................................................4

        C.      The ESI at Issue is Not Cumulative Because Curriculum Associates Has Not Produced Any Documents in This Case..................................................................5

        D.      Defendant's Proposed Deletion Log Would Not Capture the Sensitivity of the Data, How the Data Was Used, or Whether the Deleted Data Was Disclosed or Sold to a Third Party. ............................................................................................5

        E.      Parties Must Preserve Relevant ESI Even When Competing Laws Restrict Disclosure. ............................................................................................................6

        F.      Deletion of Data Collected From Children Under 13 Violates Parents' Rights Under COPPA. ......................................................................................................7

        G.      Plaintiffs Consent to a Limited Protected Order That Requires Preservation of Relevant Data........................................................................................................8

IV.     CONCLUSION ....................................................................................................................8

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AnywhereCommerce, Inc. v. Ingenico, Inc.*,
  2021 WL 2256273 (D. Mass. June 3, 2021)......................................................................7, 8

*Greenberg v. PATHS Program Holding, LLC (MA)*,
  2023 WL 3868318 (D. Mass. June 7, 2023)...........................................................................6

*Linnen v. A.H. Robins Co.*,
  1999 WL 462015 (Mass. Super. June 16, 1999)....................................................................4

*New Mexico ex rel. Balderas v. Tiny Lab Prods.*,
  457 F. Supp. 3d 1103 (D.N.M. 2020)....................................................................................7

*Photography By Frank Diaz LLC v. Friends of David Schweikert*,
  2023 WL 3078664 (D. Ariz. Apr. 25, 2023)..........................................................................5

*Postle v. SilkRoad Tech., Inc.*,
  2019 WL 692944 (D.N.H. Feb. 19, 2019)..............................................................................4

*Sec. & Exch. Comm'n v. Chen*,
  2016 WL 3598108 (C.D. Cal. Feb. 4, 2016)..........................................................................5

*Zubulake v. UBS Warburg LLC*,
  220 F.R.D. 212 (S.D.N.Y. 2003).......................................................................................3, 6

**Statutes**

15 U.S.C. § 6502.............................................................................................................3, 7

**Rules**

Federal Rules of Civil Procedure Rule 37....................................................................................4

**Regulations**

16 C.F.R. § 312.6.............................................................................................................3, 7

Plaintiffs M.C. 1 and M.C. 2, by and through their legal guardian Nicole Reisberg, and M.C. 3 and M.C. 4, by and through their legal guardian Lila Byock (collectively, "Plaintiffs"), hereby oppose Defendant Curriculum Associates, LLC's ("Curriculum Associates" or "Defendant") Motion for Protective Order (the "Motion") to permit it to destroy evidence that is relevant to this action (Dkt. No. 42).

## I.    INTRODUCTION

This case concerns whether Curriculum Associates unlawfully collected personal information and data from minors without first obtaining valid parental consent and how Curriculum Associates used that data, including whether it sold or disclosed the data to third parties. The harm to Plaintiffs and the millions of putative class members caused by Curriculum Associates' data practices turns on the nature and sensitivity of that data.

Curriculum Associates seeks Court approval to delete relevant data ***without, among other things, disclosing what data it proposes to delete, how that data was used, or whether that data was sold or disclosed to third parties***. In support of its Motion, Defendant argues that the unidentified data at issue is cumulative even though Curriculum Associates has yet to produce a single document (electronic or otherwise) in this litigation. Defendant also argues that state law and contractual obligations require deletion, but both its duty to preserve relevant data and its duty to provide parents control over the information of their children under the age of 13 pursuant to the Children's Online Privacy Protection Act ("COPPA") supersede state law and contract terms. Accordingly, the Court should deny Curriculum Associates' Motion.

## II.    FACTUAL BACKGROUND

### A. *Plaintiffs propounded discovery requests, but Defendant has not produced any documents in this action.*

Plaintiffs initiated this action on December 22, 2025 (Dkt. No. 1), and Curriculum Associates moved to dismiss the complaint on February 27, 2026 (Dkt. No. 37). The motion to dismiss was fully briefed and is now pending before the Court. Dkt. Nos. 38-40.

The parties conducted a Rule 26(f) conference on February 26, 2026, but agreed not to submit a Rule 26(f) report until after the Court scheduled a Rule 16 conference. Affidavit of Karen Dahlberg O'Connell in Support of Plaintiffs' Opposition to Defendant's Motion for Protective Order ("O'Connell Aff.") ¶ 2. Plaintiffs served their Automatic Disclosures on March 2, 2026, and served document requests and interrogatories on June 24, 2026. *Id.* ¶¶ 3-4. Defendant served its Automatic Disclosures on March 26, 2026, but has not propounded any discovery requests or produced any documents in this action. *Id.* ¶¶ 3, 5.

The Court recently granted Defendant's Motion to Stay Discovery pending the Court's decision on the motion to dismiss. Dkt. No. 46.

### B. *Defendant has not identified the data it seeks to delete.*

The parties met and conferred on June 22, 2026, to discuss Curriculum Associates' request to delete student data. O'Connell Aff. ¶ 7. During that meeting, Plaintiffs' counsel specifically asked defense counsel to identify the data related to certain school districts that it sought to delete, and defense counsel replied, "all of the data." *Id.* ¶ 8. Although Plaintiffs' counsel had initially explored consenting to a deletion plan that required Curriculum Associates to provide a detailed deletion log, Plaintiffs' counsel informed defense counsel that they could not agree to any deletion plan without knowing what Curriculum Associates sought to delete. *Id.* ¶ 10.

During the same conference, Plaintiffs' counsel asked defense counsel to identify which state laws required Curriculum Associates to delete the unidentified data at issue. *Id.* ¶ 9. Defense counsel failed to identify a single state law that required its client to delete data. *Id.* Plaintiffs' counsel also advised defense counsel of parents' rights under COPPA to access, review, and control the personal information of their children under the age of 13. *Id.* ¶ 11; 15 U.S.C. § 6502(b)(1)(B); 16 C.F.R. § 312.6.

Plaintiffs' counsel declared an impasse based on defense counsel's refusal to identify the data that Curriculum Associates sought to delete or any state law requiring deletion. O'Connell Aff. ¶ 12. After the meeting, Plaintiffs' counsel notified defense counsel that they believed that defense counsel failed to fulfill their obligation to meet and confer regarding the proposed deletion because defense counsel failed to identify the data to be deleted or provide any other relevant information as to how the data would not be relevant and essential to litigating Plaintiffs' claims, which all arise from and relate to student data. *Id.* ¶ 13. Plaintiffs' counsel also expressed their willingness to engage in a second meeting with the hopes that the parties would reach an agreement and Curriculum Associates could file an unopposed motion for permission to delete relevant data. *Id.* ¶¶ 13-14. Defense counsel claimed that they had satisfied their obligation to meet and confer in advance of filing the instant motion and rejected Plaintiffs' invitation for a second meeting. *Id.* ¶ 15.

## III.    ARGUMENT

### A.  *Curriculum Associates has a duty to preserve the data at issue.*

"Once a party reasonably anticipates litigation, it must suspend its routine document retention/destruction policy and put in place a litigation hold to ensure the preservation of relevant documents." *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 218 (S.D.N.Y. 2003).

Notably, Curriculum Associates does not claim that the electronically stored information ("ESI") that it seeks to delete is not relevant to this litigation. Dkt. No. 43. Instead, it seeks an exception from its duty to preserve relevant documents.[1]

### B. The Court cannot adequately assess whether preservation is proportionate to the needs of this case because Curriculum Associates has failed to identify the data it seeks to delete.

Curriculum Associates cryptically refers to the data that it seeks to delete as "student data" without any additional information. *Id.* Plaintiffs allege in the Complaint that student data may include students' names; contact information; identifying demographic information; assignment submissions; assessment process and scores; psychometric and outcome data; behavioral and interaction data; IP addresses; activity data, including messages sent, resources created, and files uploaded, among other things; and browser, usage, and device data. Dkt. No. 1 ¶¶ 19, 118, 119. Plaintiffs further allege that they are not privy to the full extent of personal information that Curriculum Associates collects from minors without obtaining valid parental consent because Curriculum Associates has a policy and practice of denying parents access to information about their children. *Id.* ¶¶ 133-34. Only Curriculum Associates has that information, and it should not be permitted to delete relevant data without first identifying what it seeks to delete so that the Court may assess whether preservation of the ESI is proportionate to the needs of this case.

---

[1] To the extent that Curriculum Associates has already deleted data and Plaintiffs are prejudiced by that loss of ESI, Plaintiffs reserve the right to seek sanctions for spoliation pursuant to Federal Rules of Civil Procedure Rule 37(e), including but not limited to, an adverse inference jury instruction. *See Linnen v. A.H. Robins Co.*, No. 97-2307, 1999 WL 462015, at *11 (Mass. Super. June 16, 1999) (finding spoliation where plaintiff sought ESI in discovery and defendants failed to preserve responsive ESI after receiving discovery requests); *see also Postle v. SilkRoad Tech., Inc.*, No. 18-CV-224-JL, 2019 WL 692944, at *8 (D.N.H. Feb. 19, 2019) (concluding that where a plaintiff intentionally deleted relevant evidence unobtainable elsewhere, courts may presume that the deleted information was unfavorable and instruct the jury accordingly).

C. *The ESI at issue is not cumulative because Curriculum Associates has not produced any documents in this case.*

"A discovery request is cumulative or duplicative ***if the requesting party already has the information that they are seeking to obtain***. In those circumstances, the usual course of action is to limit or modify the discovery request upon motion." *Photography By Frank Diaz LLC v. Friends of David Schweikert*, No. CV-22-01170-PHX-JAT, 2023 WL 3078664, at *2 (D. Ariz. Apr. 25, 2023) (emphasis added); *see also Sec. & Exch. Comm'n v. Chen*, No. CV157425RGKPLAX, 2016 WL 3598108, at *5 (C.D. Cal. Feb. 4, 2016) (limiting production of documents "because the Receiver has in his possession the email servers and computers of the Receivership Entities and their employees").

Curriculum Associates does not claim that Plaintiffs have access to the student data it seeks to delete (Dkt. No. 43), and it has not produced any documents in this litigation (O'Connell Aff. ¶ 5). Accordingly, the student data that Curriculum Associates seeks to delete is not cumulative of evidence that is already accessible by Plaintiffs.

D. *Defendant's proposed deletion log would not capture the sensitivity of the data, how the data was used, or whether the deleted data was disclosed or sold to a third party.*

This case turns on (1) whether Curriculum Associates obtained valid parental consent to collect student data, (2) how it used that data, and (3) with whom it shared that data. *See, e.g.*, Dkt. No. 1 ¶¶ 5-10, 138-39, 145, 150, 177-82, 231-33, 256-57, 365-68, 375, 378, 385-86, 405, 408, 413-14, 424, 429, 444-47, 461-62, 485. Defendant contends that the case involves only "defined categories of student data" (Dkt. No. 43 at 1), but that is incorrect. The case also involves the nature and sensitivity of the student data itself. *See, e.g.*, Dkt. No. 1 ¶¶ 118-19, 121, 150-65, 232-33, 237-38, 253, 292, 294, 296-97, 386-88, 394, 423-24, 429, 484-85. Capturing the categories of data alone in a deletion log as proposed by Curriculum Associates would not enable Plaintiffs to

5

assess the nature and sensitivity of the data captured, which are essential to the elements of Plaintiffs' privacy and consumer-protection claims and the harm that Plaintiffs and putative class members suffered as a result of Curriculum Associates data practices.

Moreover, Curriculum Associates admits that a deletion log would not include a description of how Curriculum Associates used the deleted data, whether the deleted data was sold or disclosed to any third party, the name of each third party that received the data, or a description of how any such party used or shared that data. Dkt. No. 43 at 6-7, n.4.[2] Without such information, Plaintiffs will be denied the ability to conduct discovery necessary to obtain evidence relevant to their claims. Should the Court allow Curriculum Associates to delete student data and Plaintiffs receive data from a third-party partner of Curriculum Associates pursuant to a subpoena, Plaintiffs will be unable to match that data with the deleted student data. Depriving Plaintiffs of a mechanism to associate student data from Curriculum Associates with student data from Curriculum Associates' third-party partners would substantially prejudice Plaintiffs.[3]

   E.  *Parties must preserve relevant ESI even when competing laws restrict disclosure.*

Curriculum Associates argues that state law and contract terms require it to delete relevant ESI. Curriculum Associates' Motion should be denied, however, because conflicting law and contractual obligations do not absolve it of the duty to preserve relevant ESI.

---

[2] Plaintiffs agree that Defendant's preservation obligations do not include the obligation to create new records, *Greenberg v. PATHS Program Holding, LLC (MA)*, 2023 WL 3868318, at *3 (D. Mass. June 7, 2023), or to "preserve every shred of paper, every e-mail or electronic document, and every back-up tape[,]" *Zubulake*, 220 F.R.D. 212, 217. But Curriculum Associates should not be permitted to destroy relevant data without identifying the data more specifically than placing it in a "category" and without informing Plaintiffs of how the data was used and whether it was sold or otherwise disclosed to a third party prior to deletion.

[3] For this reason, should the Court grant Defendant's Motion, Curriculum Associates should be required to indicate whether the deleted records were sold or otherwise disclosed to a third party.

6

In an analogous scenario, this District recently confirmed that the duty to produce ESI trumps conflicting legal duties to shield such evidence. In *AnywhereCommerce*, a European data protection law did not limit the Court's authority to order defendants to produce responsive ESI even if such production would run afoul of the European law. *AnywhereCommerce, Inc. v. Ingenico, Inc.*, No. 19-CV-11457-IT, 2021 WL 2256273, at *1 (D. Mass. June 3, 2021) (ordering defendant to produce documents subject to a protective order without redacting or withholding personal data protected by the 2018 French analogue of the European General Data Protection Regulation ("GDPR")).

F. *Deletion of data collected from children under 13 violates parents' rights under COPPA.*

As Plaintiffs' counsel has expressed to defense counsel, parents have the right to review, control, and demand deletion of the data of their children who are under the age of 13. 15 U.S.C. § 6502(b)(1)(B); 16 C.F.R. § 312.6. COPPA provides that parents have the right to review their children's data "notwithstanding any other provision of law." 15 U.S.C. § 6502(b)(1)(B)(iii); 16 C.F.R. § 312.6(a)(3). Further, COPPA supersedes any inconsistent state law or contract terms. *See* 15 U.S.C. § 6502(d) ("No State or local government may impose any liability . . . that is inconsistent with the treatment of [] activities or actions under this section."); *New Mexico ex rel. Balderas v. Tiny Lab Prods.*, 457 F. Supp. 3d 1103, 1120 (D.N.M. 2020), *on reconsideration*, 516 F. Supp. 3d 1293 (D.N.M. 2021) (companies cannot "contract [their] way out of COPPA liability.").

Thus, Curriculum Associates' proposed deletion of student data of children under the age of 13 based on requests from schools or school districts would violate parents' rights under COPPA. *See* 15 U.S.C. § 6502(b)(1)(B); 16 C.F.R. § 312.6.

7

*G. Plaintiffs consent to a limited protective order that requires preservation of relevant data.*

Plaintiffs are willing to agree to a more limited protective order that would apply heightened protections for the student data at issue without permitting Curriculum Associates to destroy relevant ESI. In *AnywhereCommerce*, the court issued a protective order providing "that Defendants may identify private and/or confidential documents subject to GDPR as 'Highly Confidential-Attorneys' Eyes Only' with specific procedures in place as to how any such material may be disseminated and providing that upon the conclusion of the litigation, the materials are to be returned or destroyed." 2021 WL 2256273, at *3.

Here, Curriculum Associates could designate data subject to deletion requests as "Highly Confidential-Attorneys' Eyes Only," transfer it to archival data storage to minimize the cost of preservation, and utilize specific procedures regarding dissemination and destruction at the conclusion of litigation. Plaintiffs would agree to such a protective order.

## IV.    CONCLUSION

For the foregoing reasons, Curriculum Associates' Motion for Protective Order should be denied.

Dated:  July 21, 2026

By:   */s/ Karen Dahlberg O'Connell*
Karen Dahlberg O'Connell
Mass. BBO No. 659969
**ALMEIDA LAW GROUP LLC**
157 Columbus Ave, 4th Floor
New York NY 10023
(347) 395-5666
karen@almeidalawgroup.com

Julie U. Liddell*
W. Andrew Liddell*
**EdTech Law Center PLLC**
904 Rio Grande, Suite 100
Austin, TX 78701

Phone: (512) 200-8028
julie.liddell@edtech.law
andrew.liddell@edtech.law

Andrew Ready Tate*
**PEIFFER WOLF CARR**
**KANE CONWAY & WISE LLP**
235 Peachtree St. NE, Suite 400
Atlanta, GA 30303
(314) 669-3600
atate@peifferwolf.com

Lori G. Feldman*
**Hecht Partners LLP**
125 Park Avenue, 25th Floor
New York, NY 10017
Main Phone: (212) 851-6821
LFeldman@hechtpartners.com
e-servicecapg@hechtpartners.com

*Attorneys for Plaintiffs and the Proposed
Classes*
* *pro hac vice* granted

9

**CERTIFICATE OF SERVICE**

I, Karen Dahlberg O'Connell, hereby certify that on this 21st day of July 2026, the foregoing document, filed through the ECF system, will be sent electronically to the registered participants on the Notice of Electronic Filing, and paper copies will be sent to any non-registered participants.

/s/ Karen Dahlberg O'Connell
Karen Dahlberg O'Connell

10