**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| M.C. 1 and M.C. 2, by and through their legal guardian NICOLE REISBERG, and M.C. 3 and M.C. 4, by and through their legal guardian LILA BYOCK, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CURRICULUM ASSOCIATES, LLC,<br><br>Defendant. | Civ. No. 1:25-cv-13942-FDS |

**AFFIDAVIT OF KAREN DAHLBERG O'CONNELL IN SUPPORT OF PLAINTIFFS'**
**OPPOSITION TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER**

I, Karen Dahlberg O'Connell, declare as follows:

1. I am a partner at the law firm of Almeida Law Group LLC and counsel of record for plaintiffs M.C. 1 and M.C. 2, by and through their legal guardian Nicole Reisberg, and M.C. 3 and M.C. 4, by and through their legal guardian Lila Byock (collectively, "Plaintiffs") in the above-captioned action. I am licensed to practice law in Massachusetts and New York, and I am admitted to practice before this Court. I submit this affidavit in support of Plaintiffs' Opposition to Curriculum Associates, LLC's ("Defendant") Motion for Protective Order. This affidavit is based on my personal knowledge, and if called as a witness to testify to its contents, I could and would completely testify thereto.

***Discovery In This Action***

2. On February 26, 2026, the parties conducted a conference as required by Rule 26(f) of the Federal Rules of Civil Procedure and discussed a case management schedule, including

1

discovery deadlines. During the conference, the parties agreed to not submit a joint Rule 26(f) report until after the Court scheduled a Rule 16 conference.

3.      Plaintiffs served their Automatic Disclosures on March 2, 2026. Defendant served its Automatic Disclosures on March 26, 2026.

4.      Plaintiffs served document requests and interrogatories on June 24, 2026.

5.      Defendant has not yet propounded any discovery requests or produced any documents (electronic or otherwise) in this action.

6.      On July 14, 2026, Defendant moved for a stay of all discovery deadlines pending the Court's decision on Defendant's motion to dismiss. Dkt. No. 44. The Court granted Defendant's motion for a stay on July 15, 2026. Dkt. No. 46.

***The June 22, 2026 Meet & Confer***

7.      The parties met and conferred on June 22, 2026, to discuss Defendant's request to delete student data. Naomi Miyeko Harralson May, Stephanie Schuyler, Kelton N. Sahagian, and Matthew D. Brown attended the meeting on behalf of Defendants. Julie Liddell and I attended the meeting on behalf of Plaintiffs.

8.      During that meeting, I asked Defendant's attorneys what data Defendant sought to delete, and Matthew Brown replied, "all of the data." Defendant's counsel did not state the volume of data it sought to delete, identify the school districts that had purportedly requested deletion or even the state(s) in which those districts were located, or provide the number of students whose data would be deleted.

9.      I also asked defense counsel which state laws required Defendant to delete the unidentified data at issue. *Id.* Defense counsel failed to identify a single law that required their client to delete data.

10.     My co-counsel, Julie Liddell, and I had initially explored consenting to a deletion plan that included a detailed deletion log, but we informed Defendant's counsel that we could not agree to allow Defendant to delete any relevant data without knowing what data Defendant sought to delete.

11.     Additionally, Julie Liddell informed defense counsel that, under the plain language of the Children's Online Privacy Protection Act ("COPPA"), deleting student data without parental knowledge or consent would violate those parents' rights to access, review, and control the personal information of their children under 13, which includes the named Plaintiffs, as alleged in the Complaint.

12.     I declared an impasse based on defense counsel's failure to identify the data that their client sought to delete, how such data had been used, to whom such data had been disclosed, or any state laws requiring deletion, and informed defense counsel that they had not satisfied their obligation to meet and confer because they refused to provide information relevant to their request.

***Post-Meet & Confer Correspondence***

13.     On June 23, 2026, I emailed defense counsel to reiterate my position that they failed to fulfill their obligation to meet and confer regarding their client's proposed deletion because of their failure to provide sufficient information regarding their request. I stated my willingness to engage in a second meeting if they were willing to discuss the categories of data at issue. I also suggested that they formulate a deletion proposal and identify: (a) the categories of data that Defendant seeks to delete, (b) the time period each category of data was collected, (c) whether each category of data was transferred, sold, or otherwise disclosed to a third party, and if so, identify the third party recipient(s), (d) whether the deletion request originated from a parent/legal guardian or school/school district, and (e) the volume of data Defendant seeks to delete. I also

recommended that Defendant place the data in cold storage rather than deleting it to avoid spoliation concerns given that the student data at issue is central to all of Plaintiffs' claims.

14.     I offered to have a second meeting with defense counsel regarding Defendant's request to delete student data because I wanted to reach an agreement to enable Defendant to submit an unopposed motion for a protective order.

15.     Defense counsel responded on June 24, 2026, claiming that they had satisfied their duty to meet and confer prior to filing a motion and declining my invitation for a second meeting.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 21, 2026 in New Fairfield, Connecticut.


*/s/ Karen Dahlberg O'Connell*
Karen Dahlberg O'Connell

4

5

## CERTIFICATE OF SERVICE

I, Karen Dahlberg O'Connell, hereby certify that on this 21st day of July 2026, the foregoing document, filed through the ECF system, will be sent electronically to the registered participants on the Notice of Electronic Filing, and paper copies will be sent to any non-registered participants.

/s/ Karen Dahlberg O'Connell
Karen Dahlberg O'Connell