**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| M.C. 1 and M.C. 2, by and through their legal guardian NICOLE REISBERG, and M.C. 3 and M.C. 4, by and through their legal guardian LILA BYOCK, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CURRICULUM ASSOCIATES, LLC,<br><br>Defendant. | Civ. No. 1:25-cv-13942-FDS<br><br>**ANSWER**<br><br>**JURY TRIAL DEMAND** |

**DEFENDANT CURRICULUM ASSOCIATES, LLC'S ANSWER TO PLAINTIFFS' CLASS ACTION COMPLAINT**

Defendant Curriculum Associates, LLC ("Defendant" or "Curriculum Associates"), by and through its undersigned counsel, files this Answer to the Class Action Complaint (the "Complaint") filed by M.C. 1 and M.C. 2, by and through their legal guardian Nicole Reisberg, and M.C. 3 and M.C. 4, by and through their legal guardian Lila Byock, individually and on behalf of all others similarly situated (together, "Plaintiffs"). Except as expressly admitted below, Defendant denies each allegation of the Complaint.

## I. Introduction[1]

1. Defendant admits that the Complaint purports to bring a class action as described, but denies that the allegations have any merit or that Plaintiffs or any class are entitled to any relief. To the extent a response is deemed required, and except as expressly admitted herein, Defendant denies any remaining allegations contained in paragraph 1 of the Complaint, including that class certification is appropriate.

2. Defendant admits that it makes i-Ready products that school customers use for K-12 students and that it receives information in connection with use of those products. Defendant denies any remaining allegations and characterizations contained in paragraph 2 of the Complaint.

3. Defendant denies the allegations contained in paragraph 3 of the Complaint.

4. Defendant admits that the products that are the subject of the Complaint are select digital i-Ready products that are used for student assessment and instruction. Defendant denies any remaining allegations contained in paragraph 4 of the Complaint.

5. Defendant admits that it receives certain information from school customers through its i-Ready products, which varies by user, product, and school customer and may include account information, student demographic information, student learning content and performance data, as well as online identifiers, device and technical data, usage data, and operational and security data. Defendant denies any remaining allegations and

[1] For convenience, Defendant has incorporated the paragraph numbers and section headers that appear in the Complaint. Defendant does not necessarily agree with the characterizations contained in such section headers, which are not factual allegations requiring a response. Defendant reserves the right to dispute those characterizations. To the extent that a response is deemed necessary, Defendant denies any and all allegations in each and every heading and subheading in the Complaint, except to the extent expressly admitted herein.

characterizations contained in paragraph 5 of the Complaint.

6. Defendant admits that it discloses certain school customer information when necessary for legal and compliance purposes, and where Defendant relies on service providers to assist it in operating and providing the i-Ready products and services and processing information on Defendant's behalf, and at the direction of school customers. Answering further, Defendant states that it does not sell or disclose information for advertising purposes. Defendant denies any remaining allegations and characterizations contained in paragraph 6 of the Complaint, including that information received provides a "commercial benefit" to Defendant or any third parties, and the characterization of service providers as "third parties."

7. Defendant admits that it receives certain information from school customers, at their direction, through its i-Ready products, which varies by user, product, and school customer and may include account information, student demographic information, student learning content and performance data, as well as online identifiers, device and technical data, usage data, and operational and security data. Defendant denies any remaining allegations and characterizations contained in paragraph 7 of the Complaint, including the veracity of any "forensic analysis" conducted by Plaintiffs and the characterization of service providers as "third parties."

8. The allegations contained in paragraph 8 of the Complaint contain legal conclusions to which no response is required. To the extent a response is deemed required, Defendant admits that it discloses certain school customer information when necessary for legal and compliance purposes, and where Defendant relies on service providers to assist it in operating and providing the i-Ready products and services and for processing information

on Defendant's behalf, and at the direction of school customers. Answering further, Defendant admits that it has authorization from its school customers to collect and disclose school customer data in this manner. Defendant denies any remaining allegations and characterizations contained in paragraph 8 of the Complaint, including the characterization of service providers as "third parties."

9. The allegations contained in paragraph 9 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations and characterizations contained in paragraph 9 of the Complaint.

10. The allegations contained in paragraph 10 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations and characterizations contained in paragraph 10 of the Complaint.

11. The allegations contained in paragraph 11 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations and characterizations contained in paragraph 11 of the Complaint.

12. The allegations contained in paragraph 12 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations and characterizations contained in paragraph 12 of the Complaint.

13. The allegations contained in paragraph 13 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations and characterizations contained in paragraph 13 of the Complaint.

14. The allegations contained in paragraph 14 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations and characterizations contained in paragraph 14 of the Complaint.

15. The allegations contained in paragraph 15 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations and characterizations contained in paragraph 15 of the Complaint.

16. The allegations contained in paragraph 16 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations and characterizations contained in paragraph 16 of the Complaint.

17. The allegations contained in paragraph 17 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations and characterizations contained in paragraph 17 of the Complaint.

18. The allegations contained in paragraph 18 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations and characterizations contained in paragraph 18 of the Complaint.

19. The allegations contained in paragraph 19 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations and characterizations contained in paragraph 19 of the Complaint.

20. The allegations contained in paragraph 20 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations and characterizations contained in paragraph 20 of the Complaint.

21. Defendant has insufficient knowledge to either admit or deny whether Plaintiffs were required to use i-Ready at school and on that basis denies the same. Defendant denies the remaining characterizations and allegations contained in paragraph 21 of the Complaint.

22. The allegations contained in paragraph 22 of the Complaint contain legal conclusions to which no response is required. To the extent a response is deemed required, Defendant

denies those legal conclusions and further states that it has insufficient knowledge to either admit or deny the allegations concerning Plaintiffs' purported purpose in bringing this lawsuit and therefore denies the same. Defendant denies any remaining allegations and characterizations contained in paragraph 22 of the Complaint.

**II. Jurisdiction & Venue**

23. Defendant admits that Plaintiffs purport to bring an action under the Class Action Fairness Act of 2005 (28 U.S.C. § 1332(d)) but denies that Plaintiffs can state a claim or are entitled to any of the relief requested. Whether the Court has subject-matter jurisdiction over this action is a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant denies any remaining allegations in paragraph 23 of the Complaint.

24. Defendant admits that Plaintiffs purport to bring an action under 28 U.S.C. section 1331 but denies that Plaintiffs can state a claim or are entitled to any of the relief requested. Whether the Court has subject-matter jurisdiction over this action is a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant denies any remaining allegations in paragraph 24 of the Complaint.

25. Whether venue properly lies in this District for purposes of this matter is a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant denies that it has committed any act or omission giving rise to the claims asserted herein. Defendant denies any remaining allegations contained in paragraph 25 of the Complaint.

26. Whether the Court has personal jurisdiction over Defendant for purposes of this matter is a legal conclusion to which no response is required. To the extent a response is deemed

required, Defendant denies that it has committed any act or omission giving rise to the claims asserted herein. Defendant denies any remaining allegations contained in paragraph 26 of the Complaint.

## III. The Parties

27. Defendant admits that based on the information currently available to it, it understands that M.C. 1 is a minor who has used certain i-Ready products in a California school district. Defendant otherwise has insufficient knowledge to either admit or deny the allegations contained in paragraph 27 of the Complaint and therefore denies the same.

28. Defendant admits that based on the information currently available to it, it understands that M.C. 2 is a minor who has used certain i-Ready products in a California school district. Defendant otherwise has insufficient knowledge to either admit or deny the allegations contained in paragraph 28 of the Complaint and therefore denies the same.

29. Defendant admits that Nicole Reisberg has represented in this action that she is the parent of M.C. 1 and M.C. 2. Defendant otherwise has insufficient knowledge to either admit or deny the allegations contained in paragraph 29 of the Complaint and therefore denies the same.

30. Defendant admits that based on the information currently available to it, it understands that M.C. 3 is a minor who has used certain i-Ready products in a California school district. Defendant has insufficient knowledge to either admit or deny the allegations contained in paragraph 30 of the Complaint and therefore denies the same.

31. Defendant admits that based on the information currently available to it, it understands that M.C. 4 is a minor who has used certain i-Ready products in a California school district. Defendant otherwise has insufficient knowledge to either admit or deny the allegations

contained in paragraph 31 of the Complaint and therefore denies the same.

32. Defendant admits that Lila Byock has represented in this action that she is the parent of M.C. 3 and M.C. 4. Defendant otherwise has insufficient knowledge to either admit or deny the allegations contained in paragraph 32 of the Complaint and therefore denies the same.

33. Defendant admits the allegations contained in paragraph 33 of the Complaint.

## IV. Factual Allegations

34. The allegations contained in paragraph 34 contain legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 34 of the Complaint, including the characterization that Defendant collects and generates user data without effective consent in violation of any state or federal laws and denies the characterization of the user data as "vast troves of personal information belonging to millions of students."

35. Defendant denies the allegations contained in paragraph 35 of the Complaint, including Plaintiffs' characterization that Defendant "monetizes" student data.

36. The allegations contained in paragraph 36 contain legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 36 of the Complaint, including the characterization that Defendant collects, uses, or shares user data "with myriad third parties for the commercial benefit of both Curriculum Associates and those third parties" or in violation of any state or federal laws. Defendant denies the characterization in paragraph 36 of its service providers as "third parties."

37. Defendant admits that school customers and their users provide Defendant with certain

information through their use of its products. The remaining allegations contained in paragraph 37 contain legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 37, including that it has made the "admission" Plaintiffs allege, that it fails to obtain effective or legally required consent, and that Plaintiffs have been harmed. To the extent paragraph 37 purports to characterize Defendant's public statements or policies, those documents speak for themselves, and Defendant denies any characterization inconsistent with their contents.

38. Defendant has insufficient knowledge or information to admit or deny the allegations contained in paragraph 38 of the Complaint and therefore denies the same.

39. Defendant has insufficient knowledge or information to admit or deny the allegations contained in paragraph 39 of the Complaint and therefore denies the same, including that it uses student data to personalize or target marketing, to predict future behaviors or trends for commercial purposes, or for any purpose not authorized by its agreements with schools or inconsistent with applicable law.

40. Defendant has insufficient knowledge or information to admit or deny the allegations contained in paragraph 40 of the Complaint and therefore denies the same. Defendant specifically denies that its business is premised on the generation, collection, or monetization of student data.

41. Defendant has insufficient knowledge or information to admit or deny the allegations contained in paragraph 41 of the Complaint and therefore denies the same.

42. Defendant has insufficient knowledge or information to admit or deny the allegations contained in paragraph 42 of the Complaint and therefore denies the same.

43. Defendant admits that it is an edtech company that delivers i-Ready products to K-12 school customers and that school customers use i-Ready for student assessment and personalized instruction for their students. Defendant admits that it offers i-Ready Diagnostic, Standards Mastery, and Personalized Instruction products. Defendant's use of the term "i-Ready Products" in this Answer is for convenience only and does not constitute an admission that the products identified are similar in function, operation, or data practices, or that Plaintiffs' definition is accurate or complete. Defendant denies the remaining allegations and characterizations contained in the introductory portion of paragraph 43 of the Complaint, including the characterization of the i-Ready products as "data analytics" products to the extent that characterization implies the products are designed for any purpose other than supporting teaching and learning.

(a) Defendant admits that i-Ready Diagnostic is an adaptive assessment in reading and mathematics that schools may administer up to three times per school year, and that i-Ready provides educators access to information on students' assessment results. Defendant denies the remaining allegations in paragraph 43(a).

(b) Defendant admits that i-Ready Standards Mastery is a set of fixed-form assessments in reading and mathematics that educators may use for formative or interim assessment of student performance on specific standards, and that i-Ready provides educators access to information on students' results. To the extent paragraph 43(b) quotes Defendant's materials, those materials speak for themselves, and Defendant denies any characterization inconsistent with their contents. Defendant denies the remaining allegations in paragraph 43(b).

(c) Defendant admits that i-Ready Personalized Instruction provides online lessons in reading

and mathematics informed by students' performance on i-Ready Diagnostic, and that i-Ready gives educators access to information on students' lesson progress. Defendant denies the remaining allegations in paragraph 43(c).

44. Defendant admits the allegations contained in paragraph 44 of the Complaint.

45. Defendant denies the allegations contained in paragraph 45 of the Complaint.

46. Defendant admits only that in providing the i-Ready products to school customers, Defendant receives certain information from school customers, which varies by user, product, and school customer and may include account information, student demographic information, student learning content and performance data, as well as online identifiers, device and technical data, usage data, and operational and security data. Defendant denies the remaining allegations and characterizations contained in paragraph 46 of the Complaint, including that the generation, collection, sharing, or analysis of student data is "core to Curriculum Associates' business model," and denies Plaintiffs' characterization of the i-Ready products and of Defendant's business.

47. Defendant admits that it has received investments from the named private equity firms. Defendant denies any remaining allegations contained in paragraph 47 of the Complaint.

48. Defendant denies the allegations contained in paragraph 48 of the Complaint, including that it has "tak[en]" or "exploit[ed]" children's data, that it has generated returns for investors at the expense of children's privacy, and that it has taken or exploited Plaintiffs' personal information.

49. Defendant admits that Plaintiffs use or have used varying i-Ready products at their respective schools. Specifically, M.C. 1 has used i-Ready Diagnostic, i-Ready Standards Mastery, and i-Ready Personalized Instruction; M.C. 2 has used i-Ready Diagnostic; M.C.

3 has used i-Ready Diagnostic and i-Ready Personalized Instruction; and M.C. 4 has used i-Ready Diagnostic and i-Ready Personalized Instruction.

50. Defendant admits that M.C. 1 used Defendant's i-Ready Diagnostic and Standards Mastery products, and she received lessons within the i-Ready Personalized Instruction product during the 2023-2024 school year and into the 2024-2025 school year. Defendant denies any remaining allegations contained in paragraph 50 of the Complaint.

51. Defendant admits that M.C. 1 used Defendant's i-Ready Diagnostic product for reading assessments in August 2023 and January, April, May and August 2024 for a total of three reading assessments during the 2023-2024 school year and one during the 2024-2025 school year. Answering further, M.C. 1 also used the i-Ready Diagnostic product for mathematics assessments in August and September 2023, and January, February, May and August 2024 for a total of three mathematics assessments in the 2023-2024 school year and one during the 2024-2025 school year. Defendant further admits that M.C. 1 used the Standards Mastery product to complete four reading assessments in April 2024 and nine mathematics assessments in April and May 2024, during the 2023-2024 school year. Defendant also admits that M.C. 1 used the Personalized Instruction product to complete two reading lessons in September 2023, during the 2023-2024 school year. Defendant denies any remaining allegations contained in paragraph 51 of the Complaint.

52. Defendant has insufficient knowledge to either admit or deny the allegations contained in paragraph 52 of the Complaint and therefore denies the same. Answering further, Defendant states that its privacy policy and other applicable policies are publicly available on its website.

53. Defendant admits that the reading i-Ready Diagnostic product may test student

knowledge of vocabulary, literature comprehension, informational-text comprehension, phonics, phonological awareness, and high-frequency words. Defendant also admits that M.C. 1 was a user of the i-Ready Diagnostic product. Defendant also admits the exhibited sample appears to be a screenshot of a grade 4 i-Ready Diagnostic item, but denies that the item is an example of a question presented to M.C. 1. Defendant denies the characterization that all users of the i-Ready Diagnostic product are presented with the same assessments covering the same subject matter, as the content seen by any particular student varies based on the student's own needs as a result of prior assessment performance, and performance in real time to the extent the Diagnostic assessment the student is taking is an adaptive assessment. Defendant denies any remaining allegations contained in paragraph 53 of the Complaint.

54. Defendant admits that the mathematics i-Ready Diagnostic product may test student knowledge in the domains of number and operations, algebra and algebraic thinking, measurement and data, and geometry. Defendant also admits that M.C. 1 was a user of the i-Ready Diagnostic product. Defendant also admits that the exhibited sample appears to be a screenshot of a grade 2 i-Ready Diagnostic item but denies that the item is an example of a question presented to M.C. 1. Defendant denies the characterization that all users of the i-Ready Diagnostic product are presented with the same assessments covering the same subject matter, as the content seen by any particular student also varies based on their own needs as a result of prior assessment performance, and performance in real time to the extent the Diagnostic assessment the student is taking is an adaptive assessment. Defendant denies any remaining allegations contained in paragraph 54 of the Complaint.

55. Defendant admits that the i-Ready Standards Mastery product includes mathematics

and reading assessments. Defendant also admits that M.C. 1 was a user of the i-Ready Standards Mastery product. Defendant also admits the exhibited sample appears to be a screenshot of a grade 2 i-Ready Standards Mastery item, but denies that the item is an example of a question presented to M.C. 1. Defendant denies the characterization that all users of the i-Ready Standards Mastery product are presented with the same assessments covering the same subject matter, because the Standards Mastery assessments a student receives are assigned by the student's educator or school district and vary by the state in which the student resides. Defendant denies any remaining allegations contained in paragraph 55 of the Complaint.

56. Defendant admits the exhibited sample appears to be a screenshot of a grade 2 i-Ready Standards Mastery item but denies that any Plaintiff would have completed this item, as it was never shown to students in the school district that Plaintiffs attended. Defendant otherwise denies the allegations contained in paragraph 56 of the Complaint.

57. Defendant admits that once a student has completed an i-Ready assessment, the results of that assessment become available to the student's educator on the i-Ready platform. Defendant denies that it creates and retains separate "reports" documenting each student's assessment performance. Defendant denies the remaining allegations in paragraph 57 of the Complaint, including the characterization that Defendant provides "conclusions and predictions regarding the student's skill levels and growth potential."

58. Defendant admits that the i-Ready Personalized Instruction product uses a student's assessment insights to assign lessons for that student. Defendant also admits that M.C. 1 was a user of the i-Ready Personalized Instruction product and completed reading lessons focused on phonics titled "Read Two-Syllable Words with Closed Syllables" and "Read

Two-Syllable Words with Open Syllables." Defendant otherwise denies the allegations contained in paragraph 58 of the Complaint.

59. Defendant admits that once a student has completed an i-Ready Personalized Instruction lesson, the results associated with that lesson become available to the student's educator on the i-Ready platform. Defendant further admits that the i-Ready Personalized Instruction product flags when a student repeatedly fails lessons in a given domain. Defendant denies the remaining allegations and characterizations contained in paragraph 59 of the Complaint.

60. Defendant admits that i-Ready products present a variety of question formats, including multiple choice, short answer, number-entry fields, and drop-down menu choices, as well as interactive formats that ask students to match, categorize, or sort items, or to use digital math tools to solve questions. Answering further, Defendant also admits that question formats vary by type of assessment, subject, and grade level. Defendant denies any remaining allegations contained in paragraph 60 of the Complaint.

61. Defendant admits that M.C. 1 was a user of i-Ready products and that, in interacting with those products, users provide information to Defendant, including their answers to assessment and instruction questions. Defendant also admits that some of its i-Ready products are personally tailored to the needs of each user on the basis of the answers they provide to prior assessment or instruction questions. Defendant denies any remaining allegations contained in paragraph 61 of the Complaint, including the characterization that information "submitted by and generated about Plaintiff M.C. 1 through i-Ready is highly personal."

62. Defendant denies the allegations and characterizations contained in paragraph 62 of the

Complaint, including that it has "generated and collected vast troves of academic and behavioral data belonging to M.C.1."

63. Defendant denies the allegations contained in paragraph 63 of the Complaint, including that it builds "psychographic profile[s]" of students, including M.C. 1.

64. The allegations contained in paragraph 64 are legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

65. The allegations contained in paragraph 65 contain legal conclusions that do not require a response. To the extent a response is deemed required, Defendant admits that Ms. Reisberg contacted Defendant to request certain data but denies that Defendant "denied her request, instead referring her to her school district." Answering further, Defendant states that it responded to Ms. Reisberg's request, advising her that because her children's school district is in the best position to verify the identity of a requestor, Defendant would reach out to the school and advise them of the request by providing the requestor's first and last name only and recommending that she also advise the school of the request. Defendant did contact Ms. Reisberg's children's school district regarding her request. Except as expressly admitted, Defendant denies the allegations contained in paragraph 65 of the Complaint.

66. Defendant admits that M.C. 2 used Defendant's i-Ready Diagnostic product during the 2024-2025 school year. Defendant denies the remaining allegations contained in paragraph 66 of the Complaint.

67. Defendant admits that M.C. 2 used Defendant's i-Ready Diagnostic product to complete one reading and one mathematics assessment in August 2024 during the 2024-2025 school year. Defendant denies any remaining allegations and characterizations

contained in paragraph 67 of the Complaint.

68. Defendant has insufficient knowledge to either admit or deny the allegations contained in paragraph 68 of the Complaint and therefore denies the same. Answering further, Defendant states that its privacy policy and other applicable policies are publicly available on its website.

69. Defendant admits that the reading i-Ready Diagnostic product may test student knowledge of vocabulary, literature comprehension, informational-text comprehension, phonics, phonological awareness, and high-frequency words. Defendant also admits that M.C. 2 was a user of the i-Ready Diagnostic product. Defendant also admits the exhibited sample appears to be a screenshot of a grade 4 i-Ready Diagnostic item, but denies that the item is an example of a question presented to M.C. 2. Answering further, Defendant denies the characterization that all users of the i-Ready Diagnostic product are presented with the same assessments covering the same subject matter, as the content seen by any particular student varies based on their own needs as a result of prior assessment performance, and performance in real time to the extent the Diagnostic assessment the student is taking is an adaptive assessment. Defendant denies any remaining allegations and characterizations contained in paragraph 69 of the Complaint.

70. Defendant admits that the mathematics i-Ready Diagnostic product may test student knowledge of number and operations, algebra and algebraic thinking, measurement and data, and geometry. Defendant also admits that M.C. 2 was a user of the i-Ready Diagnostic product. Defendant also admits the exhibited sample appears to be a screenshot of a kindergarten i-Ready Diagnostic item but denies that the item is an example of a question presented to M.C. 2. Answering further, Defendant denies the characterization that all users

of the i-Ready Diagnostic product are presented with the same assessments covering the same subject matter, as the content seen by any particular student also varies based on their own needs as a result of prior assessment performance, and performance in real time to the extent the Diagnostic assessment the student is taking is an adaptive assessment. Defendant denies any remaining allegations and characterizations contained in paragraph 70 of the Complaint.

71. Defendant admits that i-Ready products present a variety of question formats, including multiple choice, short answer, number-entry fields, and drop-down menu choices, as well as other interactive formats that ask students to match, categorize, or sort items, or to use digital math tools to solve questions. Answering further, Defendant also admits that question formats vary by type of assessment, subject, and grade level. Defendant denies any remaining allegations contained in paragraph 71 of the Complaint.

72. Defendant admits M.C. 2 was a user of i-Ready products and that in interacting with i-Ready products, he provided Defendant information, including his answers to assessment and instruction questions. Defendant denies any remaining allegations contained in paragraph 72 of the Complaint.

73. Defendant admits that once a student has completed an i-Ready assessment, the results of that assessment become available to the student's educator on the i-Ready platform. Defendant denies that it creates and retains separate "reports" documenting each student's assessment performance. Defendant denies the remaining allegations in paragraph 73 of the Complaint, including the characterization that Defendant provides "conclusions and predictions regarding the student's skill levels and growth potential."

74. Defendant admits that some of its i-Ready products are personally tailored to the needs

of each user on the basis of the answers they provided to prior assessment or instruction questions. Defendant denies any remaining allegations contained in paragraph 74 of the Complaint, including the characterization that information "submitted by and generated about Plaintiff M.C. 2 through i-Ready is highly personal."

75. Defendant denies the allegations and characterizations contained in paragraph 75 of the Complaint, including that it has "generated and collected vast troves of data belonging to M.C.2."

76. Defendant denies the allegations contained in paragraph 76 of the Complaint, including that it builds "psychographic profile[s]" of students, including M.C. 2.

77. The allegations contained in paragraph 77 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

78. The allegations contained in paragraph 78 contain legal conclusions that do not require a response. To the extent a response is deemed required, Defendant admits that Ms. Reisberg contacted Defendant to request certain data but denies that Defendant "denied her request, instead referring her to her school district." Answering further, Defendant states that it responded to Ms. Reisberg's request, advising her that because her children's school district is in the best position to verify the identity of a requestor, Defendant would reach out to the school and advise them of the request by providing the requestor's first and last name only and recommending that she also advise the school of the request. Defendant did contact Ms. Reisberg's children's school district regarding her request. Except as expressly admitted, Defendant denies the allegations contained in paragraph 78 of the Complaint.

79. Defendant admits that M.C. 3 used Defendant's i-Ready Diagnostic product and received lessons within the i-Ready Personalized Instruction product during the 2023-2024 school year. Defendant denies any remaining allegations contained in paragraph 79 of the Complaint.

80. Defendant admits that M.C. 3 used Defendant's i-Ready Diagnostic product for reading and math assessments in August 2023, January 2024, and May 2024, and completed 6 total math and reading assessments during the 2023-2024 school year. Defendant further admits that M.C. 3 used the Personalized Instruction product to complete 25 reading lessons and 30 mathematics lessons during the 2023-2024 school year. Defendant denies any remaining allegations contained in paragraph 80 of the Complaint.

81. Defendant has insufficient knowledge to either admit or deny the allegations contained in paragraph 81 of the Complaint and therefore denies the same. Answering further, Defendant states that its privacy policy and other applicable policies are publicly available on its website.

82. Defendant admits that the reading i-Ready Diagnostic product may test student knowledge of vocabulary, literature comprehension, informational-text comprehension, phonics, and high-frequency words. Defendant also admits that M.C. 3 was a user of the i-Ready Diagnostic product. Defendant denies that the exhibited sample is an i-Ready Diagnostic item or an example of a question presented to M.C. 3. Defendant denies the characterization that all users of the i-Ready Diagnostic product are presented with the same assessments covering the same subject matter, as the content seen by any particular student varies based on their own needs as a result of prior assessment performance, and performance in real time to the extent the Diagnostic assessment the student is taking is an

adaptive assessment. Defendant denies any remaining allegations contained in paragraph 82 of the Complaint.

83. Defendant admits that the mathematics i-Ready Diagnostic product may test student knowledge in the domains of number and operations, algebra and algebraic thinking, measurement and data, and geometry. Defendant also admits that M.C. 3 was a user of the i-Ready Diagnostic product. Defendant denies that the exhibited sample is an i-Ready Diagnostic item or an example of a question presented to M.C. 3. Defendant denies the characterization that all users of the i-Ready Diagnostic product are presented with the same assessments covering the same subject matter, as the content seen by any particular student also varies based on their own needs as a result of prior assessment performance, and performance in real time to the extent the Diagnostic assessment the student is taking is an adaptive assessment. Defendant denies any remaining allegations contained in paragraph 83 of the Complaint.

84. Defendant admits that once a student has completed an i-Ready assessment, the results of that assessment become available to the student's educator on the i-Ready platform. Defendant denies that it creates and retains separate "reports" documenting each student's assessment performance. Defendant denies the remaining allegations in paragraph 84 of the Complaint, including the characterization that Defendant provides "conclusions and predictions regarding the student's skill levels and growth potential."

85. Defendant admits that the i-Ready Personalized Instruction product uses a student's assessment insights to assign lessons for that student. Defendant also admits that M.C. 3 was a user of the i-Ready Personalized Instruction product and completed lessons focused on reading comprehension titled "Understanding Historical Texts," "Comparing and

Contrasting Characters," and "Understanding Perspective in Literature." Defendant denies any remaining allegations contained in paragraph 85 of the Complaint.

86. Defendant admits M.C. 3 participated in mathematics lessons with the Personalized Instruction product and completed lessons focused on geometry, measurement and data, number and operations, and algebra and algebraic thinking titled "Understand the Coordinate Plane," "Understand and Measure Volume," "Understand Fractions as Division," and "Understand Algebraic Expressions." Defendant denies any remaining characterizations and allegations contained in paragraph 86 of the Complaint.

87. Defendant admits that once a student has completed an i-Ready Personalized Instruction lesson, the results associated with that lesson become available to the student's educator on the i-Ready platform. Defendant further admits that the i-Ready Personalized Instruction product flags when a student repeatedly fails lessons in a given domain. Defendant denies the remaining allegations and characterizations contained in paragraph 87 of the Complaint.

88. Defendant admits that i-Ready products present a variety of question formats, including multiple choice, short answer, number-entry fields, and drop-down menu choices, as well as other interactive formats that ask students to match, categorize, or sort items, or to use digital math tools to solve questions. Answering further, Defendant also admits that question formats vary by type of assessment, subject, and grade level. Defendant denies any remaining allegations contained in paragraph 88 of the Complaint.

89. Defendant admits M.C. 3 was a user of i-Ready products and that in interacting with i-Ready products, users provide Defendant information, including their answers to assessment and instruction questions. Defendant denies any remaining allegations

contained in paragraph 89 of the Complaint.

90. Defendant admits that some of its i-Ready products are personally tailored to the needs of each user on the basis of the answers they provide to prior assessment or instruction questions. Defendant denies any remaining allegations contained in paragraph 90 of the Complaint, including the characterization that information "submitted by and generated about Plaintiff M.C. 3 through i-Ready is highly personal."

91. Defendant denies the allegations and characterizations in paragraph 91 of the Complaint, including that it has "generated and collected vast troves of data belonging to M.C.3."

92. The allegations contained in paragraph 92 are legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 92 of the Complaint.

93. The allegations contained in paragraph 93 contain legal conclusions that do not require a response. To the extent a response is deemed required, Defendant admits that Ms. Byock contacted Defendant to request certain data but denies that "Curriculum Associates failed to produce any information in response to her request." Answering further, Defendant states that it responded to Ms. Byock's request, advising her that because her children's school district is in the best position to verify the identity of a requestor, Defendant would reach out to the school and advise them of the request by providing the requestor's first and last name only and recommending that she also advise the school of the request. Defendant advised her children's school district of her request and provided the school with the requested data. Upon information and belief, the school district provided data to Ms. Byock in response to her request. Except as expressly admitted, Defendant denies the

allegations contained in paragraph 93 of the Complaint.

94. Defendant admits that it has retained data pertaining to M.C. 3 and M.C. 4, including pursuant to its preservation obligations in this litigation. Defendant further admits that disclosure to subprocessors and service providers of any data Defendant has retained is consistent with Defendant's publicly available privacy policy. Defendant otherwise has insufficient knowledge to either admit or deny the allegations contained in paragraph 94 of the Complaint and therefore denies the same.

95. Defendant has insufficient knowledge to either admit or deny the allegations contained in paragraph 95 of the Complaint and therefore denies the same.

96. Defendant admits that M.C. 4 used Defendant's i-Ready Diagnostic product and received lessons within the i-Ready Personalized Instruction product during the 2023-2024 and 2024-2025 school years. Defendant denies any remaining allegations contained in paragraph 96 of the Complaint.

97. Defendant admits that M.C. 4 used Defendant's i-Ready Diagnostic product for reading and math assessments in September 2023, January, May, August and December 2024, and May 2025, and completed 15 total math and reading assessments at the time the Complaint was filed. Defendant denies any remaining allegations contained in paragraph 97 of the Complaint.

98. Defendant admits that M.C. 4 used the Personalized Instruction product to complete 35 reading lessons and 21 mathematics lessons during the 2023-2024 school year, 35 reading lessons and 28 mathematics lessons during the 2024-2025 school year, and one reading lesson in the 2025-2026 school year. Defendant denies any remaining allegations contained in paragraph 98 of the Complaint.

99. Defendant has insufficient knowledge to either admit or deny the allegations contained in paragraph 99 of the Complaint and therefore denies the same. Answering further, Defendant states that its privacy policy and other applicable policies are publicly available on its website.

100. Defendant admits that the reading i-Ready Diagnostic product may test student knowledge of vocabulary, literature comprehension, informational-text comprehension, phonics, and high-frequency words. Defendant also admits that M.C. 4 was a user of the i-Ready Diagnostic product. Defendant denies that the item is an i-Ready Diagnostic item or an example of a question presented to M.C. 4. Defendant denies the characterization that all users of the i-Ready Diagnostic product are presented with the same assessments covering the same subject matter, as the content seen by any particular student varies based on their own needs as a result of prior assessment performance, and performance in real time to the extent the Diagnostic assessment the student is taking is an adaptive assessment. Defendant denies any remaining allegations contained in paragraph 100 of the Complaint.

101. Defendant admits that the mathematics i-Ready Diagnostic product may test student knowledge in the domains of number and operations, algebra and algebraic thinking, measurement and data, and geometry. Defendant also admits that M.C. 4 was a user of the i-Ready Diagnostic product. Defendant denies that the item is an i-Ready Diagnostic item or an example of a question presented to M.C. 4. Defendant denies the characterization that all users of the i-Ready Diagnostic product are presented with the same assessments covering the same subject matter, as the content seen by any particular student also varies based on their own needs as a result of prior assessment performance, and performance in real time to the extent the Diagnostic assessment the student is taking is an adaptive

assessment. Defendant denies any remaining allegations contained in paragraph 101 of the Complaint.

102. Defendant admits that once a student has completed an i-Ready assessment, the results of that assessment become available to the student's educator on the i-Ready platform. Defendant denies that it creates and retains separate "reports" documenting each student's assessment performance. Defendant denies the remaining allegations in paragraph 102 of the Complaint, including the characterization that Defendant provides "conclusions and predictions regarding the student's skill levels and growth potential."

103. Defendant admits that the i-Ready Personalized Instruction product uses a student's assessment insights to assign lessons for that student. Defendant also admits that M.C. 4 was a user of the i-Ready Personalized Instruction product and completed lessons during the 2023-2024 school year focused on reading comprehension, vocabulary, and phonics titled "Understanding Technical Texts," "Determine Word Meaning Using Context Clues," and "Reading Multisyllabic Words with Prefixes." Defendant denies any remaining allegations contained in paragraph 103 of the Complaint.

104. Defendant admits M.C. 4 was a user of the Personalized Instruction product and completed mathematics lessons during the 2023-2024 school year focused on geometry, measurement and data, number and operations, and algebra and algebraic thinking titled "Divide Shapes Into Three Equal Parts," "Solve Problems About Liquid Volume," "Fractions on a Number Line," and "Division Word Problems." Defendant denies any remaining allegations contained in paragraph 104 of the Complaint.

105. Defendant admits M.C. 4 was a user of the Personalized Instruction product and completed lessons during the 2024-2025 school year focused on reading comprehension

and vocabulary titled "Describing Settings and Events" and "Determine the Meanings of Related Words in a Word Family." Defendant denies any remaining allegations contained in paragraph 105 of the Complaint.

106. Defendant admits M.C. 4 was a user of the Personalized Instruction product and completed mathematics lessons during the 2024-2025 school year focused on geometry, measurement and data, and number and operations titled "Classify and Compare Quadrilaterals," "Understand Subtraction Using Number Lines," and "Multiply Two-Digit Numbers." Defendant denies any remaining allegations contained in paragraph 106 of the Complaint.

107. Defendant admits M.C. 4 was a user of the Personalized Instruction product and completed a reading lesson during the 2025-2026 school year focused on vocabulary titled "Determine Word Meanings Using Context Clues." Defendant denies any remaining allegations contained in paragraph 107 of the Complaint.

108. Defendant admits that once a student has completed an i-Ready Personalized Instruction lesson, the results associated with that lesson become available to the student's educator on the i-Ready platform. Defendant further admits that the i-Ready Personalized Instruction product flags when a student repeatedly fails lessons in a given domain. Defendant denies the remaining allegations and characterizations contained in paragraph 108 of the Complaint.

109. Defendant admits that i-Ready products present a variety of question formats, including multiple choice, short answer, number-entry fields, and drop-down menu choices, as well as other interactive formats that ask students to match, categorize, or sort items, or to use digital math tools to solve questions. Answering further, Defendant also admits that

question formats vary by type of assessment, subject, and grade level. Defendant denies any remaining allegations contained in paragraph 109 of the Complaint.

110. Defendant admits M.C. 4 was a user of i-Ready products and that in interacting with i-Ready products, M.C. 4 provided Defendant information, including his answers to assessment and instruction questions. Defendant denies any remaining allegations contained in paragraph 110 of the Complaint.

111. Defendant admits that some of its i-Ready products are personally tailored to the needs of each user on the basis of the answers they provide to prior assessment or instruction questions. Defendant denies any remaining allegations contained in paragraph 111 of the Complaint, including the characterization that information "submitted by and generated about Plaintiff M.C. 4 through i-Ready is highly personal."

112. Defendant denies the allegations and characterizations contained in paragraph 112 of the Complaint, including that it has "generated and collected vast troves of data belonging to M.C.4."

113. The allegations contained in paragraph 113 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 113 of the Complaint.

114. The allegations contained in paragraph 114 contain legal conclusions that do not require a response. To the extent a response is deemed required, Defendant admits that Ms. Byock contacted Defendant to request certain data but denies that "Curriculum Associates failed to produce any information in response to her request." Answering further, Defendant states that it responded to Ms. Byock's request, advising her that because her children's school district is in the best position to verify the identity of a requestor,

Defendant would reach out to the school and advise them of the request by providing the requestor's first and last name only and recommending that she also advise the school of the request. Defendant advised her children's school district of her request and provided the school with the requested data. Upon information and belief, the school district provided data to Ms. Byock in response to her request. Except as expressly admitted, Defendant denies the allegations contained in paragraph 114 of the Complaint.

115. Defendant admits that it has retained data pertaining to M.C. 3 and M.C. 4, including pursuant to its preservation obligations in this litigation. Defendant further admits that disclosure to subprocessors and service providers of any data Defendant has retained is consistent with Defendant's publicly available privacy policy. Defendant otherwise has insufficient knowledge to either admit or deny the allegations contained in paragraph 115 of the Complaint and therefore denies the same.

116. Defendant has insufficient knowledge to either admit or deny the allegations contained in paragraph 116 of the Complaint and therefore denies the same.

117. Defendant denies the allegations contained in paragraph 117 of the Complaint, including that it "creates and collects a sweeping array of data from students."

118. Defendant admits that it receives certain information from school customers through its i-Ready products, which varies by user, product, and school customer and may include account information, student demographic information, student learning content and performance data, as well as online identifiers, device and technical data, usage data, and operational and security data. Defendant admits that it publicly discloses in the i-Ready Platform Privacy Policy the categories of information it may receive through i-Ready Products. Defendant denies that it receives every data point from every i-Ready user.

Defendant denies any remaining allegations contained in paragraph 118 of the Complaint to the extent Plaintiffs misquote or mischaracterize Defendant's policies.

119. Defendant admits that it receives certain information from school customers through its i-Ready products, which varies by user, product, and school customer and may include account information, student demographic information, student learning content and performance data, as well as online identifiers, device and technical data, usage data, and operational and security data. Defendant denies that it receives every data point from every i-Ready user. Defendant denies any remaining allegations and characterizations contained in paragraph 119 of the Complaint.

120. The allegations contained in paragraph 120 are legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 120 of the Complaint.

121. The allegations contained in paragraph 121 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations and characterizations contained in paragraph 121 of the Complaint.

122. The allegations contained in paragraph 122 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations and characterizations contained in paragraph 122 of the Complaint.

123. The allegations contained in paragraph 123 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations and characterizations contained in paragraph 123 of the Complaint.

124. Defendant denies the allegations contained in paragraph 124 of the Complaint, including that the i-Ready products "are not designed to optimize for student privacy" and

the characterization that any design choice regarding the i-Ready products was made at the expense of children's privacy, safety, or autonomy.

125. Defendant denies the allegations contained in paragraph 125 of the Complaint.

126. The allegations contained in paragraph 126 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 126 of the Complaint.

127. Defendant admits that Ms. Reisberg contacted Defendant to request certain data but denies that Defendant "refused to provide her access to her children's information." Answering further, Defendant states that it responded to Ms. Reisberg's request, advising her that because her children's school district is in the best position to verify the identity of a requestor, Defendant would reach out to the school and advise them of the request by providing the requestor's first and last name only and recommending that she also advise the school of the request. Defendant did contact Ms. Reisberg's children's school district regarding her request. The remaining allegations contained in paragraph 127 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 127 of the Complaint.

128. Defendant admits it disclosed data associated with M.C. 1 and M.C. 2 to Ms. Reisberg. Answering further, Defendant states that, as explained in its written response to Ms. Reisberg's request, Defendant advised her children's school district of her request and, upon information and belief, the school district provided data to Ms. Reisberg in response to her request. Nonetheless, Defendant subsequently provided data associated with M.C. 1 and M.C. 2 to Ms. Reisberg. The remaining allegations contained in paragraph 128

constitute legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 128 of the Complaint.

129. Defendant denies the allegations contained in paragraph 129 of the Complaint.

130. Defendant admits that it disclosed to Ms. Reisberg data associated with M.C. 1 and M.C. 2, including raw i-Ready assessment data, lesson data, and behavioral data. Answering further, Defendant states that once a student has completed an i-Ready assessment or lesson, the results of that assessment or lesson become available to the student's educator on the i-Ready platform. Defendant denies that it creates and retains separate "reports" documenting each student's assessment or lesson performance. Defendant denies any remaining allegations contained in paragraph 130 of the Complaint.

131. Defendant admits that Ms. Byock contacted Defendant to request information Defendant associated with M.C. 3 and M.C. 4. Answering further, Defendant states that it responded to Ms. Byock's request, advising her that because her children's school district is in the best position to verify the identity of a requestor, Defendant would reach out to the school and advise them of the request by providing the requestor's first and last name only and recommending that she also advise the school of the request. Defendant advised her children's school district of her request and provided the school with the requested data. Upon information and belief, the school district provided data to Ms. Byock in response to her request. Defendant denies any remaining allegations contained in paragraph 131 of the Complaint.

132. Defendant admits it advised Ms. Byock's children's school district of her request and provided the school with the requested data. Upon information and belief, the school

district provided data to Ms. Byock in response to her request. Defendant denies any remaining allegations contained in paragraph 132 of the Complaint.

133. The allegations contained in paragraph 133 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 133 of the Complaint, including that it has a policy or practice of denying parents access to information to which they are entitled, and that it has violated federal law.

134. Defendant has insufficient information to form a belief as to the truth of the allegations regarding what Plaintiffs or other students and parents know, and therefore denies the same. Defendant denies any remaining allegations contained in paragraph 134 of the Complaint.

135. The allegations in paragraph 135 of the Complaint purport to describe the basis for Plaintiffs' allegations, to which no response is required. To the extent a response is deemed required, Defendant has insufficient knowledge to admit or deny the information which forms the basis of Plaintiffs' allegations and therefore denies the same. Defendant denies any remaining allegations contained in paragraph 135 of the Complaint, including that it "took" personal information from Plaintiffs and any characterizations inconsistent with its "own terms and policies."

136. Defendant denies the allegations contained in paragraph 136 of the Complaint, including that it "generat[es] and collect[s] vast troves of student data," and that it uses or shares student information "for a host of commercial purposes."

137. Paragraph 137 states legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 137 of the Complaint, including that it "refuses to disclose" how it uses and shares student

information.

138. Defendant admits that it uses school customer data that does not identify students to maintain, enhance, and improve the core functionality of its i-Ready suite of products. Defendant denies that it sells, rents, or otherwise uses student personal information for independent commercial purposes. Defendant does not include advertisements or marketing within the i-Ready Platform and does not use student personal information for advertising, marketing, profiling, or targeted promotional activities. Defendant denies any remaining allegations contained in paragraph 138 of the Complaint.

139. Defendant denies the allegations contained in paragraph 139 of the Complaint, including that its products are designed to collect data on "every aspect of a student's persona" and that it markets or sells student data.

140. Defendant admits that the i-Ready Platform Data Handling and Privacy Statement linked in footnote 12 of paragraph 140 in the Complaint states that Defendant uses information received from students to provide i-Ready to its school customers, which includes making i-Ready available to students, providing usage and performance information to school customers, and maintaining and improving i-Ready. Defendant further admits that its i-Ready Platform Data Handling and Privacy Statement as linked in the Complaint states that it generates analytics, insights, and reports, including assessment results, progress monitoring reports, diagnostic outputs, and usage information, which are provided to school customers to support instructional decisions, student learning, and program implementation. Answering further, Defendant admits that its i-Ready Platform Data Handling and Privacy Statement as linked in the Complaint states that Defendant uses information received to conduct research aimed at improving its products to support

students' educational outcomes, that in the vast majority of circumstances such research uses school customer data that does not identify students, and that in limited cases, and only with the prior consent or authorization of the applicable school customer, Defendant may use student personal information for research purposes conducted on behalf of, or at the direction of, the school customer itself in accordance with applicable law. Defendant denies the allegations contained in paragraph 140 of the Complaint to the extent they characterize Defendant's data practices as inconsistent with, or broader than, those described in the i-Ready Platform Data Handling and Privacy Statement linked in footnote 12 of paragraph 140 in the Complaint and denies any remaining allegations in paragraph 140 of the Complaint.

141. Paragraph 141 makes a legal conclusion to which a response is not required. To the extent a response is deemed required, Defendant admits that, in completing assessments or lessons in i-Ready, school customers and their users provide information to Defendant, which it uses as described in the answer to paragraph 140 above. Defendant denies the remaining allegations contained in paragraph 141 of the Complaint.

142. Defendant admits that user-level data for i-Ready users is stored in Defendant's secure internal database under strict role-based access controls. Except as expressly admitted, Defendant denies the allegations and characterizations contained in paragraph 142 of the Complaint.

143. Defendant admits that it offers educational products to school customers, including i-Ready Classroom Mathematics; i-Ready Assessment of Spanish Reading; i-Ready Evaluación Diagnóstica de lectura en español; Ready Reading; Ready Writing; Ready Mathematics; Magnetic Literacy, Magnetic Foundations, and Magnetic Comprehension;

BRIGANCE Early Childhood products; CARS/STARS series; CAMS/STAMS series; and Mosaico Fundamentos por i-Ready, but denies that Plaintiffs ever used those products and denies that all of the offerings identified in paragraph 143 of the Complaint are digital or cloud-based online products. Defendant further denies the characterization of those offerings as eighteen separate education technology products. Defendant further admits that its i-Ready offerings include Learning Games, Growth Monitoring, and Growth Monitoring Reports, but states that Learning Games and Growth Monitoring Reports are not separate products. Defendant further states that Stile and Ellevation are business units or brands with their own products, rather than products themselves. Defendant denies any remaining allegations contained in paragraph 143 of the Complaint, including the characterizations that its offerings are "data-extracting and data-derived" and that Defendant's business is "fueled by its ever-growing trove of student data."

144. Defendant admits that user-level data for i-Ready users is stored in Defendant's secure internal database under strict role-based access controls. Defendant admits that user-level data may be used to personalize learning for i-Ready users to improve their educational experience. Except as expressly admitted, Defendant denies the allegations and characterizations contained in paragraph 144 of the Complaint, including the allegation that it "consolidates student data to create a highly detailed, dynamic profile of each child."

145. Defendant admits it acquired SoapBox Labs in November 2023 and announced AI Labs Curriculum Associates in August 2025. Defendant denies any remaining allegations contained in paragraph 145 of the Complaint, including that Defendant uses student personal information to develop its artificial-intelligence technologies.

146. Defendant admits the i-Ready Digital Products Terms and Conditions of Use state that

school customers grant Defendant a "worldwide, royalty-free, non-exclusive license to use the Customer Data to host, maintain, support, provide the Digital Products, and to improve the Digital Products and services consistent with Customer's educational purposes." They further state that school customers grant Defendant a "worldwide, royalty-free, perpetual, irrevocable, and non-exclusive license" in school customer data that does not identify students for various purposes. Defendant denies any remaining allegations and characterizations in paragraph 146 of the Complaint.

147. Defendant admits that the quoted language appears in its Terms and Conditions of Use for school customers as explained above in the answer to paragraph 146. Defendant denies the remaining allegations contained in paragraph 147 of the Complaint.

148. The allegations contained in paragraph 148 of the Complaint contain legal conclusions to which no response is required. To the extent a response is deemed required, Defendant admits that the language quoted above in the answers to paragraphs 146 and 147 appears in its Terms and Conditions of Use for school customers. Defendant denies the remaining allegations contained in paragraph 148 of the Complaint.

149. Defendant denies the allegations contained in paragraph 149 of the Complaint, including that it built a "multibillion-dollar-data-analytics company at the expense of student privacy."

150. Defendant admits that it receives certain information from school customers through its i-Ready products, which varies by user, product, and school customer and may include account information, student demographic information, student learning content and performance data, as well as online identifiers, device and technical data, usage data, and operational and security data. Defendant also admits that in completing assessments or

lessons in i-Ready, school customers and their users provide information to Defendant. Defendant denies any remaining allegations contained in paragraph 150 of the Complaint, including that Defendant builds “intimate data profiles” on students.

151. Defendant admits that, as stated in the document linked in the footnote to paragraph 151 in the Complaint, the i-Ready Diagnostic product adjusts the questions presented to a student based on the accuracy of their responses while completing the assessment. Defendant denies any remaining allegations contained in paragraph 151 of the Complaint.

152. Defendant admits that IRT is based on a user’s answers to questions, as well as other information about the assessment and the user. Defendant denies any remaining allegations contained in paragraph 152 of the Complaint.

153. Defendant admits that once a student has completed an i-Ready assessment or lesson, the results of that assessment or lesson become available to the student’s educator on the i-Ready platform. Defendant denies that it creates and retains separate “reports” documenting each student’s assessment or lesson performance. Defendant further states that the i-Ready platform provides educators insights into students’ assessed grade-level performance on a given domain. Defendant further admits that a student’s assessment insights may be used to assign lessons for that student to improve their educational experience. Defendant denies any remaining allegations contained in paragraph 153 of the Complaint.

154. Defendant admits that once a student has completed an i-Ready Personalized Instruction lesson, the results associated with that lesson become available to the student’s educator on the i-Ready platform. Defendant further admits that the i-Ready Personalized Instruction product flags when a student repeatedly fails lessons in a given domain.

Defendant denies the remaining allegations and characterizations contained in paragraph 154 of the Complaint.

155. Defendant denies the allegations contained in paragraph 155 of the Complaint.

156. Defendant admits that, in completing assessments or lessons in i-Ready, school customers and their users provide information to Defendant. Defendant denies any remaining allegations contained in paragraph 156 of the Complaint.

157. Defendant admits that the i-Ready platform will inform a student's educator when it detects it is likely the student rushed through an assessment. Defendant denies the remaining allegations contained in paragraph 157 of the Complaint, including that the screenshot provided is an accurate depiction of an alert on the i-Ready platform and the characterization that i-Ready "persistently surveils students."

158. Defendant denies the allegations contained in paragraph 158 of the Complaint.

159. Defendant denies the allegations contained in paragraph 159 of the Complaint.

160. Defendant denies the allegations contained in paragraph 160 of the Complaint.

161. Defendant denies the allegations contained in paragraph 161 of the Complaint.

162. Defendant admits that, in completing assessments or lessons in i-Ready, school customers and their users provide information to Defendant. Defendant denies any remaining allegations contained in paragraph 162 of the Complaint.

163. Defendant admits that, in completing assessments or lessons in i-Ready, school customers and their users provide information to Defendant that may be used to personalize students' instruction or assessments to improve their educational experience and outcomes. Defendant further admits that once a student has completed an i-Ready assessment or lesson, the results of that assessment or lesson become available to the student's educator

on the i-Ready platform and reflect only current-year performance. Defendant denies any remaining allegations contained in paragraph 163 of the Complaint.

164. Defendant admits that, in completing assessments or lessons in i-Ready, school customers and their users provide information to Defendant that may be used to personalize students' instruction or assessments to improve their educational experience and outcomes. Defendant denies any remaining allegations contained in paragraph 164 of the Complaint, including the characterization that Defendant creates "dynamic, deeply sensitive digital profile[s]" about students.

165. The allegations contained in paragraph 165 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 165 of the Complaint.

166. Defendant admits that it discloses certain school customer information when necessary for legal and compliance purposes, and where Defendant relies on service providers to assist it in operating and providing the i-Ready products and services and processing information on Defendant's behalf, and at the direction of school customers. Answering further, Defendant states that it does not sell or share information for advertising purposes. Defendant denies any remaining allegations and characterizations contained in paragraph 166 of the Complaint, including that information received is provided for "commercial purposes," the characterization of service providers as "third parties," and the characterization that it shares student personal information with undefined "affiliates" and investors.

167. Defendant admits that it engages service providers to support the hosting, security, authentication, analytics, operation, improvement, and research related to the i-Ready

Platform, as well as to support its internal business operations. Answering further, Defendant states that, where these service providers process student data, they do so solely on Defendant's behalf, for limited purposes, and in accordance with Defendant's written instructions; that such service providers act as processors pursuant to written agreements requiring confidentiality, the implementation of appropriate technical and organizational security measures, and the deletion or return of student data upon Defendant's request or upon termination of the services; and that such service providers are prohibited from using student data for advertising, marketing, profiling, or any other independent commercial purposes. Defendant denies any remaining allegations and characterizations contained in paragraph 167 of the Complaint, including the characterization of service providers as "third parties."

168. The allegations contained in paragraph 168 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 168 of the Complaint. Answering further, Defendant states that its use of service providers is disclosed in its publicly available privacy policies and denies the characterization of service providers as "third parties."

169. Defendant denies the allegations contained in paragraph 169 of the Complaint and notes that the footnote at the end of paragraph 169 cites to a webpage about Clever that does not mention Munetrix.

170. Defendant admits that 6sense provides certain services in connection with its marketing webpages but denies that 6sense operates on any i-Ready application or student pages and that the webpage linked in this paragraph demonstrates that 6sense is a "data broker." Defendant has insufficient knowledge regarding 6sense's business practices to either admit

or deny the remaining allegations contained in paragraph 170 of the Complaint and therefore denies the same.

171. The allegations contained in paragraph 171 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 171 of the Complaint, including the characterization of service providers as "third parties."

172. Defendant admits that it discloses certain school customer data that does not identify students to service providers where the service provider is bound by the same confidentiality obligations as Defendant. Defendant denies any remaining allegations contained in paragraph 172 of the Complaint, including the characterization of service providers as "third parties."

173. Defendant admits that it engages Google for the limited purpose of analyzing aggregate usage patterns, measuring engagement, and improving website and product performance. Answering further, Defendant admits that Google may receive information which does not identify individual users through the i-Ready platform. Defendant has insufficient knowledge regarding the forensic analysis Plaintiffs purport to have conducted to either admit or deny the allegations contained in paragraph 173 of the Complaint and therefore denies the same. Defendant denies any remaining allegations contained in paragraph 173 of the Complaint.

174. Defendant denies the allegations contained in paragraph 174 of the Complaint.

175. Defendant denies the allegations contained in paragraph 175 of the Complaint.

176. Defendant admits that it discloses school customer data that does not identify students to service providers as stated above in the answer to paragraph 173. Defendant denies any

remaining allegations and characterizations contained in paragraph 176 of the Complaint.

177. Defendant admits that some of its service providers integrate with i-Ready through an API when data sharing agreements are requested or initiated by a school customer but denies the remaining allegations contained in paragraph 177 of the Complaint, including the characterization of service providers as "third parties."

178. Defendant denies that i-Ready integrates with Aeries to receive data from Aeries absent authorization from school customers via agreements. Defendant denies any remaining allegations and characterizations contained in paragraph 178 of the Complaint, including the characterization of service providers as "third parties."

179. Defendant admits that in some cases, Defendant will receive data from Clever's single sign-on product but denies that it provides Clever with any information, including student identifying information. Defendant denies the remaining allegations contained in paragraph 179 of the Complaint.

180. Defendant admits that some of its service providers integrate with i-Ready when data sharing agreements are requested or initiated by a school customer but denies that the document linked in paragraph 180 of the Complaint demonstrates this fact. Defendant denies any remaining allegations contained in paragraph 180 of the Complaint.

181. Defendant admits that school customer data that does not identify students disclosed through service-provider relationships supports product development, delivery, and improvement of Defendant's Products. Defendant denies any remaining allegations contained in paragraph 181 of the Complaint, including the allegation that Defendant sells or monetizes data and the characterization of Defendant's data practices as commercially benefiting itself or third parties, and the characterization of service providers as "third

parties."

182. The allegations contained in paragraph 182 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 182 of the Complaint.

183. Defendant has insufficient knowledge regarding the forensic analysis Plaintiffs purport to have conducted to either admit or deny the allegations contained in paragraph 183 of the Complaint and therefore denies the same.

184. Defendant denies the allegations contained in paragraph 184 of the Complaint, including the characterization that Defendant provided Plaintiffs' information to any companies for advertising, marketing, and identity-resolution purposes.

185. Defendant denies the allegations contained in paragraph 185 of the Complaint. Answering further, Defendant states that the categories of information received through the i-Ready platform vary by product, as well as by user and school customer.

186. Defendant denies the allegations contained in paragraph 186 of the Complaint.

187. Defendant has insufficient knowledge regarding the forensic analysis Plaintiffs purport to have conducted to either admit or deny the allegations contained in paragraph 187 of the Complaint and therefore denies the same.

188. The allegations contained in paragraph 188 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 188 of the Complaint.

189. Defendant denies the allegations contained in paragraph 189 of the Complaint.

190. Defendant admits that, as disclosed in its privacy policy, it engages Google for certain analytics services in connection with the i-Ready products and that Google may receive

information through the i-Ready platform, which does not identify individual users, for those purposes. Defendant denies the characterization in paragraph 190 of its service providers as "third parties." Defendant denies any remaining allegations and characterizations contained in paragraph 190 of the Complaint.

191. Defendant has insufficient knowledge to either admit or deny the allegations contained in paragraph 191 of the Complaint and therefore denies the same.

192. Defendant has insufficient knowledge to either admit or deny the allegations contained in paragraph 192 of the Complaint and therefore denies the same.

193. Defendant admits that Google offers the Google Analytics, Google AdSense, and Google Tag Manager products. Defendant denies any remaining allegations contained in paragraph 193 of the Complaint, including the characterization that Defendant utilizes each of these products.

194. Defendant has insufficient knowledge to either admit or deny the allegations contained in paragraph 194 of the Complaint and therefore denies the same.

195. Defendant has insufficient knowledge to either admit or deny the allegations contained in paragraph 195 of the Complaint and therefore denies the same.

196. Defendant has insufficient knowledge to either admit or deny the allegations contained in paragraph 196 of the Complaint and therefore denies the same.

197. Defendant denies the allegations contained in paragraph 197 of the Complaint, including that Defendant "has chosen to prioritize its marketing efforts and profit over the privacy" of its users.

198. Defendant has insufficient knowledge to either admit or deny the allegations contained in paragraph 198 of the Complaint and therefore denies the same.

199. Defendant has insufficient knowledge to either admit or deny the allegations contained in paragraph 199 of the Complaint and therefore denies the same.

200. Defendant has insufficient knowledge to either admit or deny the allegations contained in paragraph 200 of the Complaint and therefore denies the same.

201. Defendant has insufficient knowledge to either admit or deny the allegations contained in paragraph 201 of the Complaint and therefore denies the same.

202. The allegations contained in paragraph 202 are legal conclusions that do not require a response and therefore Defendant denies the same.

203. Defendant has insufficient knowledge to either admit or deny the allegations contained in paragraph 203 of the Complaint and therefore denies the same.

204. Defendant has insufficient knowledge to either admit or deny the allegations contained in paragraph 204 of the Complaint and therefore denies the same.

205. Defendant has insufficient knowledge to either admit or deny the allegations contained in paragraph 205 of the Complaint and therefore denies the same.

206. Defendant has insufficient knowledge to either admit or deny the allegations contained in paragraph 206 of the Complaint and therefore denies the same.

207. Defendant denies the allegations contained in paragraph 207 of the Complaint.

208. Defendant has insufficient knowledge to either admit or deny the allegations contained in paragraph 208 of the Complaint and therefore denies the same.

209. Defendant has insufficient knowledge to either admit or deny the allegations contained in paragraph 209 of the Complaint and therefore denies the same.

210. Defendant has insufficient knowledge to either admit or deny the allegations contained in paragraph 210 of the Complaint and therefore denies the same.

211. Defendant has insufficient knowledge to either admit or deny the allegations contained in paragraph 211 of the Complaint and therefore denies the same.

212. Defendant admits that it uses the Google Analytics product in the i-Ready platform. Defendant denies that it uses Google Tag Manager or Google AdSense in the i-Ready platform. Defendant denies any remaining allegations contained in paragraph 212 of the Complaint, including the characterization of "Tracking Tools."

213. Defendant admits that the quoted statement in paragraph 213 appears to be accurately quoted from the cited FTC publication. Defendant otherwise has insufficient knowledge to either admit or deny the remaining allegations contained in paragraph 213 of the Complaint and therefore denies the same.

214. Defendant has insufficient knowledge to either admit or deny the allegations contained in paragraph 214 of the Complaint and therefore denies the same.

215. Defendant admits that the quoted statement in paragraph 215 accurately quotes from the cited FTC publication. Defendant otherwise has insufficient knowledge to either admit or deny the remaining allegations contained in paragraph 215 of the Complaint and therefore denies the same.

216. Defendant admits that websites are generally hosted on computer servers. Defendant denies any remaining allegations contained in paragraph 216 of the Complaint.

217. Defendant admits that internet users generally access websites through web browsers. Defendant denies any remaining allegations contained in paragraph 217 of the Complaint.

218. Defendant admits that internet users generally access websites through web browsers and that Chrome, Firefox, Safari, and Edge are examples of web browsers. Defendant denies any remaining allegations contained in paragraph 218 of the Complaint.

219. Defendant admits that browsing sessions generally include requests and responses between a website server and a web browser. Defendant denies any remaining allegations contained in paragraph 219 of the Complaint.

220. Defendant admits that browsing sessions generally include requests and responses between a website server and a web browser and states that what occurs during a given browsing session in the form of requests and responses will vary by browsing session. Defendant denies any remaining allegations contained in paragraph 220 of the Complaint.

221. Defendant admits that cookies are small files on a user's device created during a browsing session. Defendant otherwise has insufficient knowledge to admit or deny the allegations contained in paragraph 221 of the Complaint and therefore denies the same. Answering further, Defendant states that when and whether cookies are created varies highly between browsing sessions depending upon, among other things, the user's operating systems, browser, browser settings, and other variables.

222. Defendant has insufficient knowledge to either admit or deny the allegations contained in paragraph 222 of the Complaint and therefore denies the same. Answering further, Defendant states that when and whether cookies are created varies significantly between browsing sessions depending upon, among other things, the user's operating systems, browser, browser settings, and other variables.

223. Defendant has insufficient knowledge to either admit or deny the allegations contained in paragraph 223 of the Complaint and therefore denies the same.

224. Defendant admits that it uses the Google Analytics product in the i-Ready platform. Defendant denies that it uses Google Tag Manager or Google AdSense in the i-Ready platform or any product called "Google Pixel." Defendant has insufficient knowledge to

either admit or deny whether a Google Pixel always functions in the same manner, including as described in paragraph 224 of the Complaint, and therefore denies the same. Defendant denies any remaining allegations contained in paragraph 224 of the Complaint.

225. Defendant has insufficient knowledge to either admit or deny the allegations contained in paragraph 225 of the Complaint and therefore denies the same.

226. Defendant has insufficient knowledge to either admit or deny the allegations contained in paragraph 226 of the Complaint and therefore denies the same.

227. Defendant has insufficient knowledge to either admit or deny the remaining allegations contained in paragraph 227 of the Complaint and therefore denies the same.

228. Defendant has insufficient knowledge to either admit or deny the allegations contained in paragraph 228 of the Complaint and therefore denies the same.

229. Defendant admits that it uses the Google Analytics product in the i-Ready platform. Defendant denies that it uses Google Tag Manager or Google AdSense in the i-Ready platform or any product called "Google Pixel." Defendant has insufficient knowledge to either admit or deny whether a Google Pixel always functions in the same manner, including as described in paragraph 229 of the Complaint, and therefore denies the same.

230. Defendant has insufficient knowledge to either admit or deny the allegations contained in paragraph 230 of the Complaint and therefore denies the same.

231. Defendant admits that it uses the Google Analytics product in the i-Ready platform but denies that it uses Google Tag Manager in the i-Ready platform. Defendant has insufficient knowledge to either admit or deny any remaining allegations in paragraph 231 of the Complaint and therefore denies the same.

232. Defendant admits that Google may receive information which does not identify

individual users through the i-Ready platform. Defendant denies the remaining allegations contained in paragraph 232 of the Complaint.

233. Defendant admits that it engages Google for the limited purpose of analyzing aggregate usage patterns, measuring engagement, and improving website and product performance. Answering further, Defendant admits that Google may receive information which does not identify individual users through the i-Ready platform. Defendant has insufficient knowledge to either admit or deny the remaining allegations contained in paragraph 233 of the Complaint and therefore denies the same.

234. Defendant has insufficient knowledge regarding the forensic analysis Plaintiffs purport to have conducted on M.C. 3's i-Ready account and Chromebook network traffic to either admit or deny the allegations contained in paragraph 234 of the Complaint and therefore denies the same.

235. Defendant admits that the Google Analytics "_cid" parameter is present on the i-Ready platform but is only linked to anonymized user IDs provided by Defendant which cannot be associated by Google to any student's identity. Defendant denies that any student identifying data is provided to Google from i-Ready and denies the characterization of various parameters contained in paragraph 235. Answering further, Defendant states that Google is not permitted to use any data disclosed to it for any purpose except to provide services to Defendant as disclosed in Defendant's privacy policy. Defendant otherwise denies the remaining allegations contained in paragraph 235 of the Complaint.

236. Defendant admits that it receives certain information from school customers through its i-Ready products, which varies by user, product, and school customer and may include account information, student demographic information, student learning content and

performance data, as well as online identifiers, device and technical data, usage data, and operational and security data. Answering further, Defendant admits that it uses the Google Analytics product in the i-Ready platform but denies that it uses Google Tag Manager in the i-Ready platform. Defendant also denies that any student identifying data is provided to Google from i-Ready and denies the characterization of various parameters contained in paragraph 236. Defendant also states that Google is not permitted to use any data disclosed to it for any purpose except to provide services to Defendant as disclosed in Defendant's privacy policy. Defendant otherwise denies any remaining allegations contained in paragraph 236 of the Complaint.

237. Defendant admits that in interacting with Defendant's i-Ready products, school customers and their users provide information to Defendant. Answering further, Defendant denies that any student identifying data is provided to Google from i-Ready and denies the characterization of various parameters contained in paragraph 237. Defendant denies any remaining allegations contained in paragraph 237 of the Complaint.

238. Defendant has insufficient knowledge to either admit or deny the allegations contained in paragraph 238 of the Complaint and therefore denies the same.

239. Defendant admits that it uses the Google Analytics product in the i-Ready platform but denies that it uses Google DoubleClick in the i-Ready platform. Answering further, Defendant denies that any student identifying data is provided to Google from i-Ready. Defendant also denies the characterization of various parameters contained in paragraph 239, including the Join ID parameter, which is a random number temporarily assigned to a session that does not contain any identifying information. Defendant denies any remaining allegations contained in paragraph 239 of the Complaint.

240. Defendant denies the allegations contained in paragraph 240 of the Complaint.

241. Defendant denies that any student identifying data is provided to Google from i-Ready. Answering further, Defendant denies the characterization of the parameters contained in paragraph 241, including the "a" parameter, which is a numeric code assigned to a session that does not contain any identifying information. Defendant denies any remaining allegations contained in paragraph 241 of the Complaint.

242. Defendant denies that any student identifying data is provided to Google from i-Ready. Defendant has insufficient knowledge to either admit or deny any remaining allegations contained in paragraph 242 of the Complaint and therefore denies the same.

243. Defendant denies that Google Tag Manager is used in the i-Ready platform or that any student identifying data is provided to Google from i-Ready. Defendant denies any remaining allegations contained in paragraph 243 of the Complaint.

244. Defendant denies that any student identifying data is provided to Google from i-Ready. Answering further, Defendant states that Google is not permitted to use any school customer data disclosed by Defendant for any purpose other than to provide services to Defendant. Defendant denies any remaining allegations contained in paragraph 244 of the Complaint.

245. Defendant has insufficient knowledge regarding the forensic analysis on M.C. 3's i-Ready account Plaintiffs purport to have conducted to either admit or deny the allegations contained in paragraph 245 of the Complaint and therefore denies the same.

246. Defendant has insufficient knowledge regarding the forensic analysis on M.C. 3's i-Ready account Plaintiffs purport to have conducted to either admit or deny the allegations contained in paragraph 246 of the Complaint and therefore denies the same.

247. Defendant has insufficient knowledge regarding the forensic analysis on M.C. 3's i-Ready account Plaintiffs purport to have conducted to either admit or deny the allegations contained in paragraph 247 of the Complaint and therefore denies the same.

248. Defendant has insufficient knowledge regarding the forensic analysis on M.C. 3's i-Ready account Plaintiffs purport to have conducted to either admit or deny the allegations contained in paragraph 248 of the Complaint and therefore denies the same.

249. Defendant has insufficient knowledge regarding the forensic analysis on M.C. 3's i-Ready account Plaintiffs purport to have conducted to either admit or deny the allegations contained in paragraph 249 of the Complaint and therefore denies the same.

250. Defendant has insufficient knowledge regarding the forensic analysis on M.C. 3's i-Ready account Plaintiffs purport to have conducted to either admit or deny the allegations contained in paragraph 250 of the Complaint and therefore denies the same.

251. Defendant has insufficient knowledge regarding the forensic analysis on M.C. 3's i-Ready account Plaintiffs purport to have conducted to either admit or deny the allegations contained in paragraph 251 of the Complaint and therefore denies the same.

252. Defendant has insufficient knowledge regarding the forensic analysis on M.C. 3's i-Ready account Plaintiffs purport to have conducted to either admit or deny the allegations contained in paragraph 252 of the Complaint and therefore denies the same.

253. Defendant has insufficient knowledge regarding the forensic analysis on M.C. 3's i-Ready account Plaintiffs purport to have conducted to either admit or deny the allegations contained in paragraph 253 of the Complaint and therefore denies the same.

254. The allegations contained in paragraph 254 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 254 of the Complaint.

255. The allegations contained in paragraph 255 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 255 of the Complaint.

256. The allegations contained in paragraph 256 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 256 of the Complaint.

257. The allegations contained in paragraph 257 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 257 of the Complaint.

258. The allegations contained in paragraph 258 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 258 of the Complaint.

259. The allegations contained in paragraph 259 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 259 of the Complaint.

260. The allegations contained in paragraph 260 of the Complaint are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 260 of the Complaint. Answering further, Defendant states that its data collection practices are disclosed in its publicly available privacy policy.

261. Defendant admits that school customers typically create i-Ready accounts for their

students, through various methods of enrollment. Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 261 of the Complaint and therefore denies the same.

262. Defendant states that it provides notices to school customers about how i-Ready receives, uses, and discloses student data and that Defendant's data collection practices are disclosed in its publicly available privacy policy. The remaining allegations in paragraph 262 are legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies any remaining allegations contained in paragraph 262 of the Complaint.

263. The allegations contained in paragraph 263 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 263 of the Complaint.

264. Defendant admits that the quoted language in paragraph 264 of the Complaint appears on Defendant's website but otherwise denies the allegations and characterizations contained in paragraph 264 of the Complaint, including the characterization that it creates "data profil[es]" of users.

265. The allegations contained in paragraph 265 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the same.

266. The allegations contained in paragraph 266 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 266 of the Complaint.

267. The allegations contained in paragraph 267 are legal conclusions that do not require a

response. To the extent a response is deemed required, Defendant admits that every U.S. state has compulsory education laws and denies any remaining allegations contained in paragraph 267 of the Complaint.

268. Defendant admits that the i-Ready products are intended to support pedagogical and administrative functions for its school customers. Defendant has insufficient knowledge to either admit or deny the remaining allegations contained in paragraph 268 of the Complaint and therefore denies the same.

269. Defendant has insufficient knowledge to either admit or deny the allegations contained in paragraph 269 of the Complaint and therefore denies the same.

270. The allegations contained in paragraph 270 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 270 of the Complaint.

271. The allegations contained in paragraph 271 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 271 of the Complaint.

272. The allegations contained in paragraph 272 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 272 of the Complaint.

273. The allegations contained in paragraph 273 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 273 of the Complaint.

274. The allegations contained in paragraph 274 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations

contained in paragraph 274 of the Complaint.

275. The allegations contained in paragraph 275 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 275 of the Complaint.

276. The allegations contained in paragraph 276 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 276 of the Complaint.

277. The allegations contained in paragraph 277 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 277 of the Complaint.

278. The allegations contained in paragraph 278 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 278 of the Complaint.

279. The allegations contained in paragraph 279 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 279 of the Complaint.

280. The allegations contained in paragraph 280 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 280 of the Complaint.

281. The allegations contained in paragraph 281 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 281 of the Complaint.

282. The allegations contained in paragraph 282 are legal conclusions that do not require a

response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 282 of the Complaint.

283. Defendant denies the allegations contained in paragraph 283 of the Complaint, including the implication that Defendant must "require or obtain proof that students or Parents have authorized their respective schools to act as their agent or intermediary to provide consent on their behalf."

284. Defendant has insufficient knowledge to admit or deny whether any given parent has provided authorization to a school customer and therefore denies the same. Defendant denies the remaining allegations contained in paragraph 284 of the Complaint, including the implication that Defendant must "require or obtain proof that Plaintiffs authorized their respective schools to consent on their behalf as their agent or intermediary."

285. The allegations contained in paragraph 285 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 285 of the Complaint.

286. Defendant denies the allegations contained in paragraph 286 of the Complaint.

287. Defendant denies the allegations contained in paragraph 287 of the Complaint.

288. The allegations contained in paragraph 288 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 288 of the Complaint.

289. Defendant denies the allegations contained in paragraph 289 of the Complaint.

290. The allegations contained in paragraph 290 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 290 of the Complaint.

291. Defendant denies the allegations contained in paragraph 291 of the Complaint.

292. The allegations contained in paragraph 292 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 292 of the Complaint.

293. The allegations contained in paragraph 293 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 293 of the Complaint.

294. The allegations contained in paragraph 294 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 294 of the Complaint.

295. The allegations contained in paragraph 295 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 295 of the Complaint.

296. Defendant admits the quoted language appears in the i-Ready Platform Data Handling and Privacy Statement as updated on March 7, 2025. Defendant denies any remaining allegations and characterizations contained in paragraph 296 of the Complaint.

297. Defendant admits that it engages Google for certain analytics services in connection with the i-Ready products and that Google may receive information through the i-Ready platform, which does not identify individual users, for those purposes. Defendant has insufficient knowledge regarding the forensic analysis on M.C. 3 and M.C. 4's i-Ready accounts Plaintiffs purport to have conducted to either admit or deny the remaining allegations contained in paragraph 297 of the Complaint and therefore denies the same.

298. Defendant denies the allegations contained in paragraph 298 of the Complaint.

299. Defendant denies the allegations contained in paragraph 299 of the Complaint.

300. Defendant denies the allegations contained in paragraph 300 of the Complaint.

301. Defendant denies the allegations contained in paragraph 301 of the Complaint.

302. The allegations contained in paragraph 302 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 302 of the Complaint.

303. The allegations contained in paragraph 303 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 303 of the Complaint.

304. The allegations contained in paragraph 304 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 304 of the Complaint.

305. Defendant admits that it receives certain information from school customers through its i-Ready products, which varies by user, product, and school customer and may include account information, student demographic information, student learning content and performance data, as well as online identifiers, device and technical data, usage data, and operational and security data. Defendant also admits that it uses school customer data that does not identify students to maintain, enhance, and improve the core functionality of its i-Ready suite of products. Defendant denies it sells, rents, or otherwise discloses student personal information for independent commercial purposes. Defendant does not include advertisements or marketing within the i-Ready Platform and does not use student personal information for advertising, marketing, profiling, or targeted promotional activities. Defendant denies any remaining allegations contained in paragraph 305 of the Complaint,

including the characterization of service providers as "third parties."

306. Defendant admits that once a student has completed an i-Ready assessment or lesson, the results of that assessment or lesson become available to the student's educator on the i-Ready platform. Defendant denies that it creates and retains separate "reports" documenting each student's assessment or lesson performance. Defendant further states that the i-Ready platform provides educators insights into students' assessed grade-level performance on a given domain. Defendant further admits that a student's assessment insights may be used to assign lessons for that student. The remaining allegations contained in paragraph 306 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies any remaining allegations and characterizations contained in paragraph 306 of the Complaint, including that it "uses student data to build highly detailed and dynamic psychographic profiles of students" and that it "surveil[s]" and "profil[es]" children.

307. The allegations contained in paragraph 307 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 307 of the Complaint, including that it "targets minors in a compulsory environment."

308. Defendant denies the allegations contained in paragraph 308 of the Complaint.

309. Defendant has insufficient knowledge to either admit or deny the allegations contained in paragraph 309 of the Complaint and therefore denies the same.

310. Defendant has insufficient knowledge to either admit or deny the allegations contained in paragraph 310 of the Complaint and therefore denies the same.

311. Defendant has insufficient knowledge to either admit or deny the allegations contained

in paragraph 311 of the Complaint and therefore denies the same.

312. Defendant has insufficient knowledge to either admit or deny the allegations contained in paragraph 312 of the Complaint and therefore denies the same.

313. Defendant denies the allegations contained in paragraph 313 of the Complaint.

314. Defendant denies the allegations contained in paragraph 314 of the Complaint.

315. Defendant denies the allegations contained in paragraph 315 of the Complaint.

316. Defendant denies the allegations contained in paragraph 316 of the Complaint.

317. Defendant admits that once a student has completed an i-Ready assessment or lesson, the results of that assessment or lesson become available to the student's educator on the i-Ready platform. Defendant denies that it creates and retains separate "reports" documenting each student's assessment or lesson performance. Defendant further states that the i-Ready platform provides educators insights into students' assessed grade-level performance on a given domain. Defendant further admits that a student's assessment insights may be used to assign lessons for that student. Defendant denies any remaining allegations contained in paragraph 317 of the Complaint.

318. Defendant admits that once a student has completed an i-Ready assessment or lesson, the results of that assessment or lesson become available to the student's educator on the i-Ready platform. Defendant denies that it creates and retains separate "reports" documenting each student's assessment or lesson performance. Defendant further states that the i-Ready platform provides educators insights into students' assessed grade-level performance on a given domain and that a student's assessment insights may be used to assign lessons for that student. Defendant denies any remaining allegations and characterizations contained in paragraph 318 of the Complaint, including that Defendant

engages in "algorithmic profiling" or markets its analytics for "wide-ranging decision-making about children" or "management of the child."

319. Defendant denies the allegations contained in paragraph 319 of the Complaint.

320. Defendant denies the allegations contained in paragraph 320 of the Complaint.

321. Defendant denies the allegations contained in paragraph 321 of the Complaint.

322. Defendant denies the allegations contained in paragraph 322 of the Complaint.

323. The allegations contained in paragraph 323 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 323 of the Complaint.

324. Defendant has insufficient knowledge to either admit or deny the allegations contained in paragraph 324 of the Complaint and therefore denies the same.

325. Defendant has insufficient knowledge to either admit or deny the allegations contained in paragraph 325 of the Complaint and therefore denies the same.

326. Defendant has insufficient knowledge to either admit or deny the allegations contained in paragraph 326 of the Complaint and therefore denies the same.

327. Defendant denies the allegations contained in paragraph 327 of the Complaint.

328. Defendant has insufficient knowledge to either admit or deny the allegations contained in paragraph 328 of the Complaint and therefore denies the same.

329. Defendant has insufficient knowledge to either admit or deny the allegations contained in paragraph 329 of the Complaint and therefore denies the same.

330. Defendant denies the allegations contained in paragraph 330 of the Complaint.

331. Defendant denies the allegations contained in paragraph 331 of the Complaint.

332. The allegations contained in paragraph 332 are legal conclusions that do not require a

response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 332 of the Complaint.

## V. Class Action Allegations

333. The allegations contained in paragraph 333 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant admits Plaintiffs purport to bring this class action pursuant to Rules 23(a), 23(b)(2), 23(b)(3), and 23(c)(4) of the Federal Rules of Civil Procedure on behalf of themselves and the putative class but denies that Plaintiffs' claims satisfy the requirements for class treatment or that Plaintiffs are entitled to any relief. Defendant denies any remaining allegations contained in paragraph 333 of the Complaint.

334. The allegations contained in paragraph 334 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant admits Plaintiffs purport to bring this class action on behalf of the putative class described in paragraph 334 of the Complaint but denies that Plaintiffs' claims satisfy the requirements for class treatment or that Plaintiffs are entitled to any relief. Defendant denies any remaining allegations contained in paragraph 334 of the Complaint.

335. The allegations contained in paragraph 335 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant admits Plaintiffs purport to bring this class action on behalf of the state-only subclass described in paragraph 335 of the Complaint but denies that Plaintiffs' claims satisfy the requirements for class treatment or that Plaintiffs are entitled to any relief. Defendant denies any remaining allegations contained in paragraph 335 of the Complaint.

336. The allegations contained in paragraph 336 are legal conclusions that do not require a

response. To the extent a response is deemed required, Defendant denies that Plaintiffs may reserve any rights to amend their Complaint other than as permitted by the Federal Rules of Civil Procedure and all other applicable Local Rules, Scheduling Orders, and Standing Orders of this Court.

337. The allegations contained in paragraph 337 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies that Plaintiffs may reserve any rights to amend their Complaint other than as permitted by the Federal Rules of Civil Procedure and all other applicable Local Rules, Scheduling Orders, and Standing Orders of this Court.

338. The allegations in paragraph 338 do not require a response. To the extent a response is deemed required, Defendant denies that Plaintiffs' claims satisfy the requirements for class treatment or that Plaintiffs are entitled to any relief.

339. The allegations contained in paragraph 339 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant admits Plaintiffs purport to exclude the persons described in paragraph 339 of the Complaint from the putative classes but denies that Plaintiffs' claims satisfy the requirements for class treatment or that Plaintiffs are entitled to any relief. Defendant denies any remaining allegations contained in paragraph 339 of the Complaint.

340. The allegations contained in paragraph 340 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies that this action can be properly maintained as a class action whether on behalf of the purported classes or otherwise. Defendant denies any remaining allegations contained in paragraph 340 of the Complaint.

341. The allegations contained in paragraph 341 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies that this action can be properly maintained as a class action whether on behalf of the purported classes or otherwise. Defendant denies any remaining allegations contained in paragraph 341 of the Complaint.

342. The allegations contained in paragraph 342 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies that this action can be properly maintained as a class action whether on behalf of the purported classes or otherwise. Defendant denies any remaining allegations contained in paragraph 342 of the Complaint.

343. The allegations contained in paragraph 343 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies that this action can be properly maintained as a class action whether on behalf of the purported classes or otherwise. Defendant denies any remaining allegations contained in paragraph 343 of the Complaint.

344. The allegations contained in paragraph 344 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies that this action can be properly maintained as a class action whether on behalf of the purported classes or otherwise. Defendant denies any remaining allegations contained in paragraph 344 of the Complaint.

345. The allegations contained in paragraph 345 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies that this action can be properly maintained as a class action whether on behalf of the purported classes or

otherwise. Defendant denies any remaining allegations contained in paragraph 345 of the Complaint.

346. The allegations contained in paragraph 346 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies that Plaintiffs may reserve any rights to amend their Complaint other than as permitted by the Federal Rules of Civil Procedure and all other applicable Local Rules, Scheduling Orders, and Standing Orders of this Court.

## VI. Tolling of the Statute of Limitations

347. The allegations contained in paragraph 347 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 347 of the Complaint.

348. The allegations contained in paragraph 348 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 348 of the Complaint.

349. The allegations contained in paragraph 349 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 349 of the Complaint.

350. The allegations contained in paragraph 350 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 350 of the Complaint.

351. The allegations contained in paragraph 351 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 351 of the Complaint.

352. The allegations contained in paragraph 352 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 352 of the Complaint.

353. The allegations contained in paragraph 353 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 353 of the Complaint.

## VII. Causes of Action

### COUNT I: Violation of the Federal Wiretap Act, 18 U.S.C. § 2510 et seq.

354. Defendant incorporates and re-alleges its answer to each allegation set forth in the preceding paragraphs of the Complaint.

355. The allegations contained in paragraph 355 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 355 of the Complaint.

356. The allegations contained in paragraph 356 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 356 of the Complaint.

357. The allegations contained in paragraph 357 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 357 of the Complaint.

358. The allegations contained in paragraph 358 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 358 of the Complaint.

359. The allegations contained in paragraph 359 are legal conclusions that do not require a

response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 359 of the Complaint.

360. The allegations contained in paragraph 360 contain legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 360 of the Complaint.

361. The allegations contained in paragraph 361 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 361 of the Complaint.

362. The allegations contained in paragraph 362 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 362 of the Complaint.

363. The allegations contained in paragraph 363 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 363 of the Complaint.

364. The allegations contained in paragraph 364 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 364 of the Complaint.

365. The allegations contained in paragraph 365 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 365 of the Complaint.

366. The allegations contained in paragraph 366 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 366 of the Complaint.

367. The allegations contained in paragraph 367 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 367 of the Complaint.

368. The allegations contained in paragraph 368 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 368 of the Complaint.

369. The allegations contained in paragraph 369 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant admits that Plaintiffs purport to seek damages, including statutory and punitive damages, injunctive and declaratory relief, and attorneys' fees, but denies that Plaintiffs are entitled to any relief requested in this paragraph or elsewhere in the Complaint. Defendant denies any remaining allegations contained in paragraph 369 of the Complaint.

**COUNT II: Violation of the California Invasion of Privacy Act ("CIPA")**

**Cal. Penal Code § 631**

370. Defendant incorporates and re-alleges its answer to each allegation set forth in the preceding paragraphs of the Complaint.

371. The allegations contained in paragraph 371 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 371 of the Complaint.

372. The allegations contained in paragraph 372 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 372 of the Complaint.

373. The allegations contained in paragraph 373 are legal conclusions that do not require a

response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 373 of the Complaint.

374. The allegations contained in paragraph 374 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 374 of the Complaint.

375. The allegations contained in paragraph 375 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 375 of the Complaint.

376. The allegations contained in paragraph 376 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 376 of the Complaint.

377. The allegations contained in paragraph 377 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 377 of the Complaint.

378. The allegations contained in paragraph 378 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 378 of the Complaint.

379. The allegations contained in paragraph 379 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 379 of the Complaint.

380. The allegations contained in paragraph 380 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant admits that Plaintiffs purport to seek damages and injunctive relief but denies that Plaintiffs are entitled to any

relief requested in this paragraph or elsewhere in the Complaint. Defendant denies any remaining allegations contained in paragraph 380 of the Complaint.

**COUNT III: Violation of the California Invasion of Privacy Act ("CIPA")**

**Cal. Penal Code § 632**

381. Defendant incorporates and re-alleges its answer to each allegation set forth in the preceding paragraphs of the Complaint.

382. The allegations contained in paragraph 382 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 382 of the Complaint.

383. The allegations contained in paragraph 383 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 383 of the Complaint.

384. The allegations contained in paragraph 384 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 384 of the Complaint.

385. The allegations contained in paragraph 385 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 385 of the Complaint.

386. The allegations contained in paragraph 386 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 386 of the Complaint.

387. The allegations contained in paragraph 387 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations

contained in paragraph 387 of the Complaint.

388. The allegations contained in paragraph 388 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 388 of the Complaint.

389. The allegations contained in paragraph 389 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 389 of the Complaint.

390. The allegations contained in paragraph 390 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 390 of the Complaint.

391. The allegations contained in paragraph 391 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 391 of the Complaint.

392. The allegations contained in paragraph 392 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 392 of the Complaint.

393. The allegations contained in paragraph 393 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 393 of the Complaint.

394. The allegations contained in paragraph 394 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 394 of the Complaint.

395. The allegations contained in paragraph 395 are legal conclusions that do not require a

response. To the extent a response is deemed required, Defendant admits that Plaintiffs purport to seek damages but denies that Plaintiffs are entitled to any relief requested in this paragraph or elsewhere in the Complaint. Defendant denies any remaining allegations contained in paragraph 395 of the Complaint.

396. The allegations contained in paragraph 396 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant admits that Plaintiffs purport to seek punitive damages, injunctive and declaratory relief, and attorneys' fees but denies that Plaintiffs are entitled to any relief requested in this paragraph or elsewhere in the Complaint. Defendant denies any remaining allegations contained in paragraph 396 of the Complaint.

**COUNT IV: Violation of the California Invasion of Privacy Act ("CIPA")**

**Cal. Penal Code § 638.51(a)**

397. Defendant incorporates and re-alleges its answer to each allegation set forth in the preceding paragraphs of the Complaint.

398. The Court dismissed this cause of action by its October 1, 2026 Order. Accordingly, no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 398 of the Complaint.

399. The Court dismissed this cause of action by its October 1, 2026 Order. Accordingly, no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 399 of the Complaint.

400. The Court dismissed this cause of action by its October 1, 2026 Order. Accordingly, no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 400 of the Complaint.

401. The Court dismissed this cause of action by its October 1, 2026 Order. Accordingly, no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 401 of the Complaint.

402. The Court dismissed this cause of action by its October 1, 2026 Order. Accordingly, no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 402 of the Complaint.

403. The Court dismissed this cause of action by its October 1, 2026 Order. Accordingly, no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 403 of the Complaint.

404. The Court dismissed this cause of action by its October 1, 2026 Order. Accordingly, no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 404 of the Complaint.

405. The Court dismissed this cause of action by its October 1, 2026 Order. Accordingly, no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 405 of the Complaint.

406. The Court dismissed this cause of action by its October 1, 2026 Order. Accordingly, no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 406 of the Complaint.

407. The Court dismissed this cause of action by its October 1, 2026 Order. Accordingly, no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 407 of the Complaint.

408. The Court dismissed this cause of action by its October 1, 2026 Order. Accordingly, no response is required. To the extent a response is deemed required, Defendant denies the

allegations contained in paragraph 408 of the Complaint.

409. The Court dismissed this cause of action by its October 1, 2026 Order. Accordingly, no response is required. To the extent a response is deemed required, Defendant admits that Plaintiffs purport to seek statutory damages but denies that Plaintiffs are entitled to any relief requested in this paragraph or elsewhere in the Complaint. Defendant denies any remaining allegations contained in paragraph 409 of the Complaint.

**COUNT V: Violation of the Comprehensive Computer Data Access and Fraud Act (“CDAFA”), Cal. Penal Code § 502 et seq.**

410. Defendant incorporates and re-alleges its answer to each allegation set forth in the preceding paragraphs of the Complaint.

411. The Court dismissed this cause of action by its October 1, 2026 Order. Accordingly, no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 411 of the Complaint.

412. The Court dismissed this cause of action by its October 1, 2026 Order. Accordingly, no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 412 of the Complaint.

413. The Court dismissed this cause of action by its October 1, 2026 Order. Accordingly, no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 413 of the Complaint.

414. The Court dismissed this cause of action by its October 1, 2026 Order. Accordingly, no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 414 of the Complaint.

415. The Court dismissed this cause of action by its October 1, 2026 Order. Accordingly,

no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 415 of the Complaint.

416. The Court dismissed this cause of action by its October 1, 2026 Order. Accordingly, no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 416 of the Complaint.

417. The Court dismissed this cause of action by its October 1, 2026 Order. Accordingly, no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 417 of the Complaint.

418. The Court dismissed this cause of action by its October 1, 2026 Order. Accordingly, no response is required. To the extent a response is deemed required, Defendant admits that Plaintiffs seek compensatory damages and declaratory, injunctive, and other relief but denies that Plaintiffs are entitled to any relief requested in this paragraph or elsewhere in the Complaint. Defendant denies any remaining allegations contained in paragraph 418 of the Complaint.

419. The Court dismissed this cause of action by its October 1, 2026 Order. Accordingly, no response is required. To the extent a response is deemed required, Defendant admits that Plaintiffs purport to seek punitive and exemplary damages but denies that Plaintiffs are entitled to any relief requested in this paragraph or elsewhere in the Complaint. Defendant denies any remaining allegations contained in paragraph 419 of the Complaint.

420. The Court dismissed this cause of action by its October 1, 2026 Order. Accordingly, no response is required. To the extent a response is deemed required, Defendant admits that Plaintiffs purport to seek attorneys' fees but denies that Plaintiffs are entitled to any relief requested in this paragraph or elsewhere in the Complaint. Defendant denies any

remaining allegations contained in paragraph 420 of the Complaint.

**COUNT VI: Violation of the Massachusetts Right to Privacy Act ("MRPA")**

**Mass. Gen. Laws Ann. ch. 214, § 1B**

421. Defendant incorporates and re-alleges its answer to each allegation set forth in the preceding paragraphs of the Complaint.

422. The allegations contained in paragraph 422 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 422 of the Complaint.

423. The allegations contained in paragraph 423 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 423 of the Complaint.

424. The allegations contained in paragraph 424 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 424 of the Complaint.

425. The allegations contained in paragraph 425 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 425 of the Complaint.

426. The allegations contained in paragraph 426 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 426 of the Complaint.

427. The allegations contained in paragraph 427 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 427 of the Complaint.

428. The allegations contained in paragraph 428 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 428 of the Complaint.

429. The allegations contained in paragraph 429 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 429 of the Complaint.

430. The allegations contained in paragraph 430 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 430 of the Complaint.

431. The allegations contained in paragraph 431 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 431 of the Complaint.

432. The allegations contained in paragraph 432 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 432 of the Complaint.

433. The allegations contained in paragraph 433 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 433 of the Complaint.

434. The allegations contained in paragraph 434 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 434 of the Complaint.

435. The allegations contained in paragraph 435 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations

contained in paragraph 435 of the Complaint.

436. The allegations contained in paragraph 436 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant admits that Plaintiffs purport to seek actual damages, compensatory damages, restitution, disgorgement, general damages, nominal damages, unjust enrichment, and punitive damages but denies that Plaintiffs are entitled to any relief requested in this paragraph or elsewhere in the Complaint. Defendant denies any remaining allegations contained in paragraph 436 of the Complaint.

**COUNT VII: Unjust Enrichment**

437. Defendant incorporates and re-alleges its answer to each allegation set forth in the preceding paragraphs of the Complaint.

438. The Court dismissed this cause of action by its October 1, 2026 Order. Accordingly, no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 438 of the Complaint.

439. The Court dismissed this cause of action by its October 1, 2026 Order. Accordingly, no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 439 of the Complaint.

440. The Court dismissed this cause of action by its October 1, 2026 Order. Accordingly, no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 440 of the Complaint.

441. The Court dismissed this cause of action by its October 1, 2026 Order. Accordingly, no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 441 of the Complaint.

442. The Court dismissed this cause of action by its October 1, 2026 Order. Accordingly, no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 442 of the Complaint.

443. The Court dismissed this cause of action by its October 1, 2026 Order. Accordingly, no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 443 of the Complaint.

444. The Court dismissed this cause of action by its October 1, 2026 Order. Accordingly, no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 444 of the Complaint.

445. The Court dismissed this cause of action by its October 1, 2026 Order. Accordingly, no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 445 of the Complaint.

446. The Court dismissed this cause of action by its October 1, 2026 Order. Accordingly, no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 446 of the Complaint.

447. The Court dismissed this cause of action by its October 1, 2026 Order. Accordingly, no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 447 of the Complaint.

448. The Court dismissed this cause of action by its October 1, 2026 Order. Accordingly, no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 448 of the Complaint.

449. The Court dismissed this cause of action by its October 1, 2026 Order. Accordingly, no response is required. To the extent a response is deemed required, Defendant denies the

allegations contained in paragraph 449 of the Complaint.

450. The Court dismissed this cause of action by its October 1, 2026 Order. Accordingly, no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 450 of the Complaint.

451. The Court dismissed this cause of action by its October 1, 2026 Order. Accordingly, no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 451 of the Complaint.

452. The Court dismissed this cause of action by its October 1, 2026 Order. Accordingly, no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 452 of the Complaint.

453. The Court dismissed this cause of action by its October 1, 2026 Order. Accordingly, no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 453 of the Complaint.

454. The Court dismissed this cause of action by its October 1, 2026 Order. Accordingly, no response is required. To the extent a response is deemed required, Defendant admits that Plaintiffs purport to seek disgorgement of the profits and other benefits Defendant allegedly obtained but denies that Plaintiffs are entitled to any relief requested in this paragraph or elsewhere in the Complaint. Defendant denies any remaining allegations contained in paragraph 454 of the Complaint.

455. The Court dismissed this cause of action by its October 1, 2026 Order. Accordingly, no response is required. To the extent a response is deemed required, Defendant admits that Plaintiffs purport to plead this claim in addition to, or in the alternative to, other claims in the Complaint but denies that Plaintiffs are entitled to any relief requested in this

paragraph or elsewhere in the Complaint. Defendant denies any remaining allegations contained in paragraph 455 of the Complaint.

**COUNT VIII: Negligence**

456. Defendant incorporates and re-alleges its answer to each allegation set forth in the preceding paragraphs of the Complaint.

457. The Court dismissed this cause of action by its October 1, 2026 Order. Accordingly, no response is required. To the extent a response is deemed required, Defendant denies any remaining allegations contained in paragraph 457 of the Complaint.

458. The Court dismissed this cause of action by its October 1, 2026 Order. Accordingly, no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 458 of the Complaint.

459. The Court dismissed this cause of action by its October 1, 2026 Order. Accordingly, no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 459 of the Complaint.

460. The Court dismissed this cause of action by its October 1, 2026 Order. Accordingly, no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 460 of the Complaint.

461. The Court dismissed this cause of action by its October 1, 2026 Order. Accordingly, no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 461 of the Complaint.

462. The Court dismissed this cause of action by its October 1, 2026 Order. Accordingly, no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 462 of the Complaint.

463. The Court dismissed this cause of action by its October 1, 2026 Order. Accordingly, no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 463 of the Complaint.

464. The Court dismissed this cause of action by its October 1, 2026 Order. Accordingly, no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 464 of the Complaint.

465. The Court dismissed this cause of action by its October 1, 2026 Order. Accordingly, no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 465 of the Complaint.

466. The Court dismissed this cause of action by its October 1, 2026 Order. Accordingly, no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 466 of the Complaint.

467. The Court dismissed this cause of action by its October 1, 2026 Order. Accordingly, no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 467 of the Complaint.

468. The Court dismissed this cause of action by its October 1, 2026 Order. Accordingly, no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 468 of the Complaint.

469. The Court dismissed this cause of action by its October 1, 2026 Order. Accordingly, no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 469 of the Complaint.

470. The Court dismissed this cause of action by its October 1, 2026 Order. Accordingly, no response is required. To the extent a response is deemed required, Defendant denies the

allegations contained in paragraph 470 of the Complaint.

471. The Court dismissed this cause of action by its October 1, 2026 Order. Accordingly, no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 471 of the Complaint.

472. The Court dismissed this cause of action by its October 1, 2026 Order. Accordingly, no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 472 of the Complaint.

473. The Court dismissed this cause of action by its October 1, 2026 Order. Accordingly, no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 473 of the Complaint.

474. The Court dismissed this cause of action by its October 1, 2026 Order. Accordingly, no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 474 of the Complaint.

475. The Court dismissed this cause of action by its October 1, 2026 Order. Accordingly, no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 475 of the Complaint.

476. The Court dismissed this cause of action by its October 1, 2026 Order. Accordingly, no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 476 of the Complaint.

477. The Court dismissed this cause of action by its October 1, 2026 Order. Accordingly, no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 477 of the Complaint.

478. The Court dismissed this cause of action by its October 1, 2026 Order. Accordingly,

no response is required. To the extent a response is deemed required, Defendant admits that Plaintiffs purport to seek equitable relief but denies that Plaintiffs are entitled to any relief requested in this paragraph or elsewhere in the Complaint. Defendant denies any remaining allegations contained in paragraph 478 of the Complaint.

**COUNT IX: Violation of the Massachusetts Consumer Protection Act ("MCPA"), Mass. Gen. Laws Ann. ch. 93A**

479. Defendant incorporates and re-alleges its answer to each allegation set forth in the preceding paragraphs of the Complaint.

480. The allegations contained in paragraph 480 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 480 of the Complaint.

481. The allegations contained in paragraph 481 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 481 of the Complaint.

482. The allegations contained in paragraph 482 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 482 of the Complaint.

483. The allegations contained in paragraph 483 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 483 of the Complaint.

484. The allegations contained in paragraph 484 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 484 of the Complaint.

485. The allegations contained in paragraph 485 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 485 of the Complaint.

486. The allegations contained in paragraph 486 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 486 of the Complaint.

487. The allegations contained in paragraph 487 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 487 of the Complaint.

488. The allegations contained in paragraph 488 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 488 of the Complaint.

489. The allegations contained in paragraph 489 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 489 of the Complaint.

490. The allegations contained in paragraph 490 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 490 of the Complaint.

491. The allegations contained in paragraph 491 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 491 of the Complaint.

492. The allegations contained in paragraph 492 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations

contained in paragraph 492 of the Complaint.

493. The allegations contained in paragraph 493 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 493 of the Complaint.

494. The allegations contained in paragraph 494 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 494 of the Complaint.

495. The allegations contained in paragraph 495 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 495 of the Complaint.

496. The allegations contained in paragraph 496 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 496 of the Complaint.

497. The allegations contained in paragraph 497 are legal conclusions that do not require a response. To the extent a response is deemed required, Defendant admits that Plaintiffs purport to seek damages, restitution, declaratory and injunctive relief, attorneys' fees and costs and other relief but denies that Plaintiffs are entitled to any relief requested in this paragraph or elsewhere in the Complaint. Defendant denies any remaining allegations contained in paragraph 497 of the Complaint.

498. Defendant admits that it received a written demand letter from Plaintiffs in or around March 2025 purporting to be pursuant to M.G.L. ch. 93A, that the parties subsequently met and conferred, and that more than 30 days elapsed between when Defendant received that letter and when Plaintiffs filed the Complaint. Defendant denies any remaining allegations

contained in paragraph 498 of the Complaint.

## VIII. Relief Requested

1. This paragraph contains legal conclusions that do not require a response. To the extent a response is deemed required, Defendant admits that Plaintiffs purport to seek an award of damages, including actual, compensatory, general, special, incidental, consequential, and punitive damages, but denies that Plaintiffs are entitled to any relief requested in this paragraph or elsewhere in the Complaint. Defendant denies any remaining allegations contained in this paragraph of the Complaint.

2. This paragraph contains legal conclusions that do not require a response. To the extent a response is deemed required, Defendant admits that Plaintiffs purport to seek injunctive, declaratory, and other equitable relief but denies that Plaintiffs are entitled to any relief requested in this paragraph or elsewhere in the Complaint. Defendant denies any remaining allegations contained in this paragraph of the Complaint.

3. This paragraph contains legal conclusions that do not require a response. To the extent a response is deemed required, Defendant admits that Plaintiffs purport to seek pre- and post-judgment interest to the extent provided by law but denies that Plaintiffs are entitled to any relief requested in this paragraph or elsewhere in the Complaint. Defendant denies any remaining allegations contained in this paragraph of the Complaint.

4. This paragraph contains legal conclusions that do not require a response. To the extent a response is deemed required, Defendant admits that Plaintiffs purport to seek attorneys' fees to the extent provided by law but denies that Plaintiffs are entitled to any relief requested in this paragraph or elsewhere in the Complaint. Defendant denies any remaining allegations contained in this paragraph of the Complaint.

5. This paragraph contains legal conclusions that do not require a response. To the extent a response is deemed required, Defendant admits that Plaintiffs purport to seek costs to the extent provided by law but denies that Plaintiffs are entitled to any relief requested in this paragraph or elsewhere in the Complaint. Defendant denies any remaining allegations contained in this paragraph of the Complaint.

6. This paragraph contains legal conclusions that do not require a response. To the extent a response is deemed required, Defendant admits that Plaintiffs purport to seek such other relief as the Court deems just and proper but denies that Plaintiffs are entitled to any relief requested in this paragraph or elsewhere in the Complaint. Defendant denies any remaining allegations contained in this paragraph of the Complaint.

## IX. Jury Trial Demand

1. This paragraph does not require a response. To the extent a response is deemed required, Defendant admits Plaintiffs purport to demand a jury trial but denies that Plaintiffs have stated any claims that are triable. Defendant denies any remaining allegations in this paragraph.

## AFFIRMATIVE DEFENSES

Curriculum Associates asserts the following defenses to Plaintiffs' Class Action Complaint. In asserting these defenses, Curriculum Associates does not waive, and expressly reserves, the right to assert any additional defenses, counterclaims, cross-claims, or third-party claims that may become appropriate. Curriculum Associates' assertion of these defenses does not shift any burden of proof, persuasion, or production that is not otherwise legally assigned to Curriculum Associates as to any element of Plaintiffs' claims, nor does it constitute an admission

that any particular issue or subject matter is relevant to Plaintiffs' allegations. Nor does Curriculum Associates concede that any class may appropriately be certified in this action. Curriculum Associates reserves all arguments in opposition to any motion for class certification filed by Plaintiffs. Curriculum Associates' investigation and discovery are ongoing, and Curriculum Associates reserves the right to modify or add affirmative defenses.

**First Affirmative Defense**

(Failure to State a Claim)

Plaintiffs' and absent putative class members' claims are barred, in whole or in part, because the Complaint fails to state a claim upon which relief may be granted. Without limiting Curriculum Associates' defenses or arguments in any way: Counts I, II, and III fail because Curriculum Associates was a party to the communications at issue and Plaintiffs fail to plausibly allege unlawful interception or eavesdropping by an independent third party of the contents of Plaintiffs' communications while in transit; Count II also fails because Curriculum Associates has not aided and abetted the same; Count III fails because Plaintiffs fail to allege confidential communications or a reasonable expectation of privacy; Count VI fails because Plaintiffs do not allege unlawful intrusion into or disclosure of facts of a highly personal or intimate nature and do not negate Curriculum Associates' legitimate, countervailing business interest in using the data received from use of the i-Ready products to provide educational services; and Count IX fails because Plaintiffs do not plead a cognizable economic injury separate from the conduct itself or a business, commercial, or transactional relationship with Curriculum Associates sufficient to constitute "trade or commerce."

**Second Affirmative Defense**

(No Privacy Interest)

Plaintiffs' and absent putative class members' claims are barred, in whole or in part, because the data at issue was generated in connection with Plaintiffs' use of school-assigned educational products at the direction of Curriculum Associates' school customers serving Plaintiffs, and is subject to the control of those school customers as Curriculum Associates' contractual counterparties. Plaintiffs do not have an exclusive ownership, property, or privacy interest in such data sufficient to support the claims asserted.

**Third Affirmative Defense**

(Barred by Contract)

Plaintiffs' and absent putative class members' claims are barred, in whole or in part, by the terms of Curriculum Associates' agreements with its school customers, including the i-Ready Digital Products Terms and Conditions of Use, which grant Curriculum Associates a worldwide, royalty-free, non-exclusive license to use school customer data to host, maintain, support, and improve the i-Ready products consistent with the school customer's educational purposes, and, to the extent applicable, separate data-sharing agreements authorizing the use of school customer data that does not identify students. To the extent contracts or policies between schools or school districts and Plaintiffs or their parents (such as school handbooks or technology use agreements) govern the conduct at issue, Plaintiffs' claims are barred by those agreements as well.

**Fourth Affirmative Defense**

(Party Exemption – Federal Wiretap Act and CIPA §§ 631, 632)

Count I (Federal Wiretap Act), Count II (CIPA § 631), and Count III (CIPA § 632) are barred, in whole or in part, to the extent they are premised on Curriculum Associates' own receipt of communications sent to or from Plaintiffs or class members through the i-Ready products, because both statutes exempt a party to the communication from liability for its own interception

of that communication, and no exception, including the crime-tort exception, to the exemption applies. The Complaint alleges that the intercepted communications were those that Plaintiffs sent to Curriculum Associates through their use of the i-Ready product platforms. Curriculum Associates was a direct party to any such communications and cannot be liable for "intercepting" its own communications with users of its products.

**Fifth Affirmative Defense**

(Service Providers Are Extensions of Curriculum Associates,

and Not Independent Eavesdroppers)

Plaintiffs' and absent putative class members' claims are barred, in whole or in part, because Curriculum Associates' service providers, including those engaged for hosting, security, authentication, analytics, and similar functions, act solely as extensions of Curriculum Associates, on its behalf, and for Curriculum Associates' own purposes, rather than as independent third parties receiving communications and other data for their own separate use. Curriculum Associates' service providers process student data solely on Curriculum Associates' behalf, for limited purposes, and in accordance with Curriculum Associates' written instructions, and are contractually prohibited from using student data for independent commercial purposes. Curriculum Associates discloses certain school customer information only where the service provider is bound by the same confidentiality obligations as Curriculum Associates and uses such information only to provide, support, and improve i-Ready.

**Sixth Affirmative Defense**

(No Confidential Communications)

Plaintiffs' and absent putative class members' claims are barred, in whole or in part, because the information at issue does not constitute private or confidential communications made

while Plaintiffs used Curriculum Associates' web-based educational products. Plaintiffs, as users of school-issued devices in the compulsory educational environment, lacked an objectively reasonable expectation that such routine internet and educational-platform communications were confidential or would not be recorded or transmitted in the ordinary operation of web-based educational products.

**<u>Seventh Affirmative Defense</u>**

(No Privacy Interest)

Plaintiffs' and absent putative class members' claims are barred, in whole or in part, because Plaintiffs do not have a legally protected privacy interest in any of the categories of data at issue.

**<u>Eighth Affirmative Defense</u>**

(No Unfair or Deceptive Acts or Practices)

Plaintiffs' and absent putative class members' claims are barred in whole or in part because Curriculum Associates has not engaged in any unfair or deceptive conduct, acts, or practices.

**<u>Ninth Affirmative Defense</u>**

(Inadequate Demand)

Plaintiffs' and absent putative class members' claims are barred in whole or in part to the extent that Plaintiffs failed to meet the statutory prerequisites to filing an M.G.L. Chapter 93A claim.

**<u>Tenth Affirmative Defense</u>**

(Authorization by School Customers)

Plaintiffs' and absent putative class members' claims are barred, in whole or in part, because Curriculum Associates acted with the authorization of its school customers serving

Plaintiffs. Curriculum Associates' school customers, not Curriculum Associates, determine whether and in what ways their students will use the i-Ready products. Curriculum Associates' school customers also authorize Curriculum Associates to collect, use, or disclose student data in connection with the i-Ready products. Accordingly, each of Plaintiffs' claims fails to the extent it depends on the absence of effective consent.

**Eleventh Affirmative Defense**

(Compliance with Applicable Law)

To the extent that any of Plaintiffs' and absent putative class members' claims are based, in whole or in part, on a violation of applicable law, those claims are barred insofar as Curriculum Associates is in compliance with such law as applied to i-Ready.

**Twelfth Affirmative Defense**

(Waiver / Release / Estoppel)

Plaintiffs' and absent putative class members' claims are barred, in whole or in part, by the doctrines of waiver, release, and/or estoppel. Upon information and belief, Plaintiffs and their parents were aware of Curriculum Associates' i-Ready products and how they operate for a substantial period of time before filing suit, and continued to use the products and to derive educational benefit from them during that period.

**Thirteenth Affirmative Defense**

(Failure to Mitigate)

Plaintiffs' and absent putative class members' claims for damages are barred, in whole or in part, to the extent Plaintiffs failed to exercise reasonable care to mitigate any damages they may have suffered. To the extent Plaintiffs or their parents failed to pursue available opt-out or data-access mechanisms in a timely or complete manner for all of the named Plaintiffs, their claimed

damages are barred or reduced accordingly.

**Fourteenth Affirmative Defense**

(Statute of Limitations / Laches)

Plaintiffs' and absent putative class members' claims are barred, in whole or in part, by the applicable statutes of limitations and by the doctrine of laches. Count II (CIPA § 631) and Count III (CIPA § 632) are each subject to a one-year limitations period; Count I (Federal Wiretap Act/ECPA) is subject to a two-year limitations period; Count VI (MRPA) is subject to a three-year limitations period; and Count IX (MCPA) is subject to a four-year limitations period. Plaintiffs allege that any applicable limitations periods were tolled under the discovery rule because Curriculum Associates allegedly concealed its data practices and Plaintiffs could not reasonably have discovered them. Curriculum Associates denies that any tolling doctrine applies and contends that, upon information and belief, Plaintiffs and class members knew or should have known, through the exercise of reasonable diligence, of the facts underlying their claims outside the applicable limitations period. Accordingly, the claims of any Plaintiff or class member whose claim accrued, or who had inquiry notice, outside the applicable limitations window are time-barred, and any demand for equitable relief is barred by laches.

**Fifteenth Affirmative Defense**

(Mistake)

Plaintiffs' and absent putative class members' claims are barred, in whole or in part, because Curriculum Associates acted with the authorization of its school customers to collect, use, or disclose student data in connection with the i-Ready products. Plaintiffs cannot recover to the extent Curriculum Associates mistakenly relied on that authorization.

**Sixteenth Affirmative Defense**

(Extraterritoriality)

Plaintiffs' and absent putative class members' claims under certain state laws are barred, in whole or in part, to the extent they seek to apply state laws to conduct or transactions outside the relevant state and fall beyond those laws' permissible territorial reach.

**Seventeenth Affirmative Defense**

(Due Process and Other Rights)

Any remedy issued against Curriculum Associates on Plaintiffs' and absent putative class members' claims is barred to the extent that an award of punitive damages or an award of statutory or other damages would, in the aggregate, constitute an excessive fine or otherwise violate Curriculum Associates' due process or other rights under the U.S. Constitution.

**Eighteenth Affirmative Defense**

(Lack of Causation / Intervening Actor)

Plaintiffs' and absent putative class members' claims are barred, in whole or in part, because Curriculum Associates' actions were not the legal cause of Plaintiffs' purported injuries. Any injury Plaintiffs allegedly suffered was not caused by Curriculum Associates but resulted from decisions made by Curriculum Associates' school customers serving Plaintiffs, concerning whether and how students were required to use the i-Ready products and which assessments or lessons to assign to those students.

**Nineteenth Affirmative Defense**

(Unjust Enrichment)

To the extent any portion of Plaintiffs' and absent putative class members' claims may be read to seek disgorgement or restitution, such relief is barred because Plaintiffs would be unjustly enriched if permitted to recover, having received the educational benefits of Curriculum

Associates' products, including personalized instructional content, diagnostic assessments, and educator access to assessment and lesson results on the i-Ready platform, designed to build essential reading and mathematics skills and help students move toward grade-level proficiency, without having compensated Curriculum Associates for the value of those services.

**Twentieth Affirmative Defense**

(Government Contractor Defense)

Plaintiffs' and absent putative class members' claims are barred, in whole or in part, because Curriculum Associates acted as a government contractor with respect to certain of the products and services at issue. Specifically, Plaintiffs' claims arise from products and services that school customers that are government entities engaged Curriculum Associates to provide. Under their authority as government entities, those school customers defined the parameters and requirements for the products Curriculum Associates was to provide and the services it was to perform, and Curriculum Associates carried out its work in accordance with those directives.

**Twenty-First Affirmative Defense**

(No Injury / Lack of Standing)

Plaintiffs' and absent putative class members' claims are barred, in whole or in part, because Plaintiffs have not sustained any legally cognizable injury, harm, or damages traceable to Curriculum Associates' conduct, and accordingly may not assert or recover on their claims.

Curriculum Associates reserves the right to add such additional defenses as may appear from time to time from the proofs presented in this proceeding as well as the right to seek dismissal, summary judgment, and other appropriate relief.

WHEREFORE, having fully answered the Class Action Complaint, Defendant Curriculum Associates, LLC requests that the Court enter an Order:

A. Denying all relief sought in the Complaint;

B. Dismissing the Complaint with prejudice;

C. Awarding Curriculum Associates attorneys' fees and costs expended in defense of the Complaint; and

D. Granting Curriculum Associates such other further relief as the Court deems just and appropriate.

**JURY DEMAND**

**DEFENDANT CURRICULUM ASSOCIATES, LLC HEREBY RESPECTFULLY DEMANDS A TRIAL BY JURY FOR ALL COUNTS SO TRIABLE.**

Respectfully submitted,
Curriculum Associates, LLC
By its attorneys,

COOLEY LLP

Dated: November 13, 2026

*/s/ Matthew D. Brown*

Matthew D. Brown
brownmd@cooley.com
(Admitted *Pro Hac Vice*)
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

Naomi Miyeko Harralson May
nmay@cooley.com
(Admitted *Pro Hac Vice*)
10265 Science Center Drive
San Diego, CA 92121-1117
Telephone: (858) 550-6000
Facsimile: (858) 550-6420

Stephanie J. Schuyler
sschuyler@cooley.com
(Admitted *Pro Hac Vice*)
Erika P. Brigantti Abraham
ebrigantti abraham@cooley.com
(Admitted *Pro Hac Vice*)
55 Hudson Yards
New York, NY 10001-2157
Telephone: (212) 479-6000
Facsimile: (212) 479-6275

Celene C. Chen
celene.chen@cooley.com
500 Boylston Street
Boston, MA 02116-3736
Telephone: (617) 937-2300
Facsimile: (617) 937-2400